UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC<br><br>*Plaintiff,*<br><br>v.<br><br>APPLE INC.,<br><br>*Defendant.* | Case No.   7:25-cv-00183<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Redstone Logics LLC ("Redstone") files this complaint against Defendant Apple, Inc. (collectively, "Defendant" or "Apple") alleging infringement of U.S. Patent No. 8,549,339 (the "'339 Patent" or the "Patent-in-Suit").

### The Parties

1.   Plaintiff Redstone Logics LLC is a limited liability company organized under the laws of the State of Texas, with an address at 2150 S. Central Expressway, Suite 200, McKinney, TX 75070.

2.   On information and belief, Defendant Apple Inc. is a publicly traded corporation organized under the laws of the State of California, with its principal place of business at One Apple Park Way, Cupertino, CA 95014. Defendant may be served with process through its registered agent, C T Corporation System 1999 Bryan St., Suite 900, Dallas, TX 75201.

## Jurisdiction and Venue

3.     This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.     This Court has personal jurisdiction over Defendant in this action because Defendant has established minimum contacts with the United States as a whole, such that the exercise of jurisdiction would not offend traditional notions of fair play and substantial justice. Defendant has purposefully directed activities at the United States, in particular, directing Accused Products for sale to customers and distributors within the United States (including within this District) and engaging in sales and marketing efforts to generate and support such sales. Defendant has committed and continues to commit acts of infringement in this District by, among other things, importing, offering to sell, and selling products that infringe the Asserted Patent. Defendant, directly and through subsidiaries, intermediaries, and third parties, has committed and continues to commit acts of infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patent.

5.     Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, Defendant has transacted business in this District and has committed acts of direct and indirect infringement in this District by, among other things, making, using, offering to sell, selling, and importing products that infringe the Asserted Patents. Defendant has regular and established places of business in this District, including at 12545 Riata Vista Cir., Austin, Texas 78727 and 12801 Delcour Dr. Austin, Texas 78727.

## Count 1
## Infringement of U.S. Patent No. 8,549,339

6.      Redstone incorporates by reference each of the allegations in the preceding paragraphs and further alleges as follows:

7.      Redstone is the owner of U.S. Patent No. 8,549,339 entitled "Processor core communication in multi-core processor," which issued on October 1, 2013. A copy of the '339 Patent is attached to this complaint as **Exhibit 1**.

8.      On information and belief, Defendant makes, uses, offers for sale, sells, and/or imports certain products ("Accused Instrumentalities"), including products comprising one or more SoC each comprising two or more sets of processors implementing the Firestorm and Icestorm architecture (or similar architecture), including without limitation the Apple M series System on Chip, that directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '339 Patent.

9.      Defendant also knowingly and intentionally induces infringement of one or more claims of the '339 Patent in violation of 35 U.S.C. § 271(b). Through at least the filing and service of this Complaint, Defendant has had knowledge of the '339 Patent and the infringing nature of the Accused Instrumentalities. Despite this knowledge of the '339 Patent, Defendant continues to actively encourage and instruct its customers and end users (for example, through engineering documents for customers that integrate the Accused Products into consumer devices, and through user manuals and online instruction materials on its website) to use the Accused Instrumentalities in ways that directly infringe the '339 Patent. Furthermore, Defendant offers the Accused Instrumentalities in a form and configuration such that customers and end users will perform the claimed method automatically by using the Accused Instrumentalities "out of the box" in their ordinary way. Defendant does so knowing and intending that its customers and end users will

commit these infringing acts. Defendant also continues to make, use, offer for sale, sell, and/or import the Accused Instrumentalities, despite its knowledge of the '339 Patent, thereby specifically intending for and inducing its customers to infringe the '339 Patent through the customers' normal and customary use of the Accused Instrumentalities.

10. Defendant has also infringed, and continues to infringe, one or more claims of the '339 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '339 Patent, are especially made or adapted to infringe the '339 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f).

11. The Accused Instrumentalities satisfy all claim limitations of one or more claims of the '339 Patent. A claim chart comparing independent claim 1 of the '339 Patent to representative Accused Instrumentalities is attached as **Exhibit 2** and incorporated by reference herein.

12. By making, using, offering for sale, selling and/or importing into the United States the Accused Instrumentalities, Defendant has injured Plaintiff and is liable for infringement of the '339 Patent pursuant to 35 U.S.C. § 271.

13. As a result of Defendant's infringement of the '339 Patent, Plaintiff is entitled to monetary damages in an amount adequate to compensate for Defendant's infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendant, together with interest and costs as fixed by the Court.

## Jury Trial Demanded

14. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Redstone requests a trial by jury of any issues so triable by right.

## Prayer for Relief

Plaintiff Redstone respectfully requests the following relief from this Court:

A. A judgment in favor of Redstone that Defendant has infringed the '339 Patent, and that the '339 Patent is valid, enforceable, and patent-eligible;

B. A judgment and order requiring Defendant to pay Redstone compensatory damages, costs, expenses, and pre- and post-judgment interest for its infringement of the asserted patent, as provided under 35 U.S.C. § 284;

C. Any and all injunctive and/or equitable relief to which Redstone may be entitled including, but not limited to, ongoing royalties with respect to Defendant's infringement of the '339 Patent;

D. A judgment and order requiring Defendant to provide an accounting and to pay supplemental damages to Redstone, including, without limitation, pre-judgment and post-judgment interest;

E. A finding that this case is exceptional under 35 U.S.C. § 285, and an award of Redstone's reasonable attorney's fees and costs; and

F. Any and all other relief to which Redstone may be entitled.

| | |
|---|---|
| Dated: April 18, 2025 | /s/ Reza Mirzaie |
| | Reza Mirzaie |
| | CA State Bar No. 246953 |
| | Marc A. Fenster |
| | CA State Bar No. 181067 |
| | Neil A. Rubin |
| | CA State Bar No. 250761 |
| | Christian W. Conkle |
| | CA State Bar No. 306374 |
| | Jonathan Ma |
| | CA State Bar No. 312773 |
| | Joshua Scheufler |
| | TX State Bar No. 24123406 |
| | RUSS AUGUST & KABAT |
| | 12424 Wilshire Boulevard, 12th Floor |
| | Los Angeles, CA  90025 |
| | Telephone: 310-826-7474 |
| | Email: rmirzaie@raklaw.com |
| | Email: mfenster@raklaw.com |
| | Email: nrubin@raklaw.com |
| | Email: cconkle@raklaw.com |
| | Email: jma@raklaw.com |
| | Email : jscheufler@raklaw.com |
| | |
| | **ATTORNEYS FOR PLAINTIFF, REDSTONE LOGICS LLC** |