**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

REDSTONE LOGICS LLC,

               Plaintiff,

   v.

APPLE INC.,

               Defendant.

No. 7:25-cv-00183-ADA

**<u>DEFENDANT APPLE INC.'S MOTION TO DISMISS</u>**

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ............................................................................................................ 1

II.     FACTUAL BACKGROUND............................................................................................ 2

III.    LEGAL STANDARD....................................................................................................... 3

IV.     ARGUMENT.................................................................................................................... 4

        A.      Redstone Fails to Sufficiently Plead Direct Infringement. ................................... 4

                1.      Redstone must provide detailed allegations for the "independent"
                        limitations because they were material to patentability............................. 4

                2.      Redstone fails to allege in any detail how the accused SoCs satisfy
                        the "independent" limitations. .................................................................. 5

                3.      Redstone alleges facts contrary to infringement....................................... 7

        B.      Redstone Fails to Sufficiently Plead Indirect Infringement................................... 9

                1.      Redstone fails to adequately plead induced infringement. ........................ 9

                2.      Redstone fails to adequately plead contributory infringement. .............. 10

        C.      Redstone Fails to Sufficiently Plead Section 271(f) Infringement. ...................... 11

        D.      Redstone Fails to Plead Compliance with Section 287(a). ................................. 11

V.      CONCLUSION.............................................................................................................. 12

<u>**TABLE OF AUTHORITIES**</u>

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. LLC v. Carpenter*,
620 F. App'x 934 (Fed. Cir. 2015) ........................................................................................10

*Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*,
No. 13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................................9

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)..............................................................................................11

*Arigna Techs. Ltd. v. TCL Tech. Grp. Corp.*,
No. 6:22-cv-217-ADA, 2022 WL 22869781 (W.D. Tex. Nov. 21, 2022) ..............................10

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)................................................................................................................10

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ..........................................................................................3, 6, 8

*Chapterhouse, LLC v. Shopify, Inc.*,
No. 2:18-cv-300-JRG, 2018 WL 6981828 (E.D. Tex. Dec. 11, 2018)......................................6

*Contiguity, LLC v. Conduent Bus. Servs., LLC*,
No. W-23-CV-00038-XR, 2024 WL 252068 (W.D. Tex. Jan. 22, 2024) .................................8

*Core Wireless Licensing S.A.R.L. v. Apple Inc.*,
No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) .....................9, 10

*CTD Networks, LLC v. Google, LLC*,
688 F. Supp. 3d 490 (W.D. Tex. 2023)....................................................................................4

*Daedalus Prime LLC v. MediaTek, Inc.*,
No. 2:24-CV-00235-JRG, 2025 WL 825188 (E.D. Tex. Mar. 13, 2025)................................11

*De La Vega v. Microsoft Corporation*,
No. 6:19-cv-612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ...............................6, 7

*Express Mobile, Inc. v. Liquid Web, LLC*,
No. 1:18-cv-1177, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ........................................11, 12

*Flypsi, Inc. v. Google LLC*,
   No. 6:22-cv-31-ADA, 2022 WL 3593053 (W.D. Tex. Aug. 22, 2022) ...................................10

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
   605 F. Supp. 3d 905 (W.D. Tex. 2022)...................................................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
   869 F.3d 1372 (Fed. Cir. 2017).............................................................................................4

*Linear Tech. Corp. v. Impala Linear Corp.*,
   379 F.3d 1311 (Fed. Cir. 2004).............................................................................................9

*Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*,
   No. 6:21-cv-1178-ADA, 2023 WL 2904583 (W.D. Tex. Apr. 11, 2023) ...............................6

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
   873 F.3d 905 (Fed. Cir. 2017)...............................................................................................5

*Shamoon v. City of San Antonio*,
   No. SA-18-CV-00718-XR, 2025 WL 1356399 (W.D. Tex. Apr. 30, 2025) ........................5, 9

*Vervain, LLC v. Micron Tech., Inc.*,
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ................................4, 5

iii

## I.    INTRODUCTION

Apple moves to dismiss Redstone's Complaint for failure to state a claim.  Redstone has failed to adequately plead that Apple commits direct or indirect infringement.  Redstone accuses a broad set of "Accused Functionalities" in Apple's M Series System on a Chip ("SoC") as purportedly "implement[ing] Apple's Firestorm and Icestorm architecture."  But Redstone does not plausibly allege infringement by those SoCs because it does not allege how they practice key limitations of the asserted claim.  If anything, Redstone's few factual allegations contradict its infringement claims.

By failing to plead direct infringement, Redstone likewise has failed to plead indirect infringement.  Even if it had plausibly pleaded direct infringement, Redstone's indirect infringement claims should still be dismissed because the allegations ostensibly supporting those claims' other elements are reed-thin.  Redstone's inducement allegations under § 271(b)—that Apple distributes unidentified instruction materials—fail to show the requisite active inducement because they omit *any* detail as to how those materials reflect knowing and intentional inducement.  Its contributory infringement claims under § 271(c) are more deficient.  For those, Redstone merely tracks § 271(c)'s language nearly verbatim, which caselaw holds is insufficient to state a claim.  Redstone's § 271(f) allegations do not even go that far; Redstone merely tacks the provision number, "§ 271(f)," to the end of its contributory infringement allegations as an afterthought.  Redstone further fails to plead compliance with § 287(a), the patent marking statute, requiring dismissal of its claims for past damages.

Apple sought to resolve these deficiencies with Redstone.  On June 17, 2025, Apple sent Redstone's counsel a letter detailing these issues and asking that Redstone either dismiss its Complaint or amend it to articulate a legally sufficient basis for its claims.  (Declaration of Catherine J. Canby ("Canby Decl."), Ex. 1.)  Although Redstone agreed to dismiss its pre-suit

indirect infringement claims, ECF No. 16, it has refused to (or cannot) cure the other deficiencies Apple identified.  As Redstone refused to do so for the following claims, Apple files this motion.

## II.    FACTUAL BACKGROUND

On April 18, 2025, Redstone sued Apple for allegedly infringing U.S. Patent No. 8,549,339 ("the '339 patent").  In its Complaint, Redstone accuses Apple's M Series SoC as allegedly "comprising two or more sets of processors implementing the Firestorm and Icestorm architecture (or similar architecture)."  (ECF No. 1 ("Compl.") ¶ 8.)

Redstone's Complaint, in turn, attaches a Claim Chart alleging that Apple infringes at least claim 1 of the '339 patent.  (ECF No. 1-2 ("Claim Chart").)  The Claim Chart purports to map claim 1's elements to aspects of the accused SoCs.  The bulk of the chart, however, merely recites the claim language verbatim, along with unannotated screenshots from Apple or third-party documentation.  The table below—representing all of Redstone's substantive allegations in its Complaint—confirms that the Claim Chart's allegations largely track the claim language:

| '339 Patent, Claim 1 | Redstone's Claim Chart |
|---|---|
| A *multi-core processor*, comprising: | "For example, the base model Apple M Series System on Chip contains eight cores implementing the Firestorm and Icestorm architecture, likewise, the Max and Pro model Apple M Series System on Chip *contain a great number of cores* implementing the Firestorm and Icestorm architecture." |
| a first set of processor cores of the multi-core processor, wherein each processor core from the first set of processor cores is *configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input*; | "For example, the Apple M Series System on Chip contain a set of efficiency cores (e-cores) in an Icestorm architecture wherein each e-core from this set of e-cores is *configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input*." |

2

| '339 Patent, Claim 1 | Redstone's Claim Chart |
|---|---|
| a second set of processor cores of the multi-core processor, wherein each processor core from the second set of processor cores is ***configured to dynamically receive a second supply voltage and a second output clock signal of a second PLL having a second clock signal as input,*** wherein the first supply voltage is independent from the second supply voltage, and the first clock signal is independent from the second clock signal; and | "For example, the Apple M Series System on Chip contain a set of performance cores (p-cores) in a Firestorm architecture wherein each p-core from this set of p-cores is ***configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input***." |
| an interface block coupled to the first set of processor cores and also coupled to the second set of processor cores, wherein the interface block is ***configured to facilitate communication between the first set of processor cores and the second set of processor cores***. | "For example, the Apple M Series System on Chip include Apple's Unified Memory Architecture that is ***configured to facilitate communications between the e-cores and p-cores***." |

(Claim Chart at 1, 3, 6, 9 (emphasis added).)

## III.    LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A well-pled patent complaint must contain "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021).  It must "place the alleged infringer on

notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted).

IV.    **ARGUMENT**

A.    **Redstone Fails to Sufficiently Plead Direct Infringement.**

Redstone's Complaint does not allege how the accused SoCs satisfy key claim limitations and thus fails to state a claim for direct infringement. "To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *CTD Networks, LLC v. Google*, *LLC*, 688 F. Supp. 3d 490, 498 (W.D. Tex. 2023). The degree of detail required to render a direct infringement claim plausible depends on the "materiality" of any given claim element. *See Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353). Claim 1 includes material "independent" limitations that demand a degree of detail that Redstone has not even attempted to muster. Because Redstone has not directed *any* allegations to these "independent" limitations, and, in fact, offers allegations contrary to infringement, Redstone's direct infringement claims should be dismissed, and with them its indirect infringement claims.

1.    **Redstone must provide detailed allegations for the "independent" limitations because they were material to patentability.**

Due to the U.S. Patent & Trademark Office's ("USPTO") treatment of claim 1, pleading infringement demands a particularly high level of detail as to how the accused SoCs allegedly satisfy claim 1's requirements that the two claimed sets of processor cores receive "independent" supply voltages and that the two claimed phase lock loops ("PLLs") have "independent" clock signals. ('399 patent at 7:65-67 ("wherein the first supply voltage is ***independent*** from the second supply voltage, and the first clock signal is ***independent*** from the second clock signal" (emphases

4

added)).)  As this Court has held, "a higher level of detail in pleading infringement may . . . be demanded for elements clearly 'material' to novelty and non-obviousness." *Vervain*, 2022 WL 23469, at *5.  The '339 patent's prosecution history reflects that the "independent" limitations were material to novelty and non-obviousness.

Specifically, the USPTO withdrew its anticipation and obviousness rejections and allowed the '339 patent to issue only after the applicant:  (a) amended claim 1 to require the "independent" supply voltages and "independent" clock signals; and (b) explicitly distinguished the prior art based on these "independent" limitations.  (Canby Decl., Ex. 2 at 3, 9.[1])  The USPTO thus apparently determined the two "independent" limitations to be key.  *Vervain*, 2022 WL 23469, at *5 (identifying "material" limitations based on review of USPTO prosecution history); *Shamoon v. City of San Antonio*, No. SA-18-CV-00718-XR, 2025 WL 1356399, at *4 (W.D. Tex. Apr. 30, 2025) (identifying "key" limitations based on review of USPTO prosecution history).  Because of that determination, Redstone was required to provide more detailed allegations for how the accused SoCs satisfy the "independent" limitations.  It instead provides *no* detail.

> **2.    Redstone fails to allege in any detail how the accused SoCs satisfy the "independent" limitations.**

Redstone nevertheless fails to include any allegations on how the "independent" limitations are met, instead opting to repeat the claim language and cite to unannotated screenshots.  This Court has dismissed direct infringement claims in precisely this circumstance.

---

[1] Matters of public record like a patent's prosecution history are "subject to judicial notice and appropriate for [the] Court to consider at the pleading stage." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D. Tex. 2022); *see also Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) ("In ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . .'").

5

In *De La Vega v. Microsoft Corporation*, for example, this Court dismissed direct infringement claims for failing to show how an accused product met a "coupling" claim limitation. No. 6:19-cv-612-ADA, 2020 WL 3528411, at *6 (W.D. Tex. Feb. 11, 2020).  For other limitations, the plaintiff's claim chart paired a verbatim recitation of the limitation with a short description for how it was met.  *Id.*  But for the "coupling" limitation, the plaintiff repeated the claim language verbatim and otherwise "only presented three screenshots of evidence without explaining how that evidence shows that [defendants] performs the 'coupling' step."  *Id.*  As plaintiff's complaint lacked even a short description as to how the accused product met that limitation, this Court held that it failed to state a claim for direct infringement.  *See id.*; *see also Chapterhouse, LLC v. Shopify, Inc.*, No. 2:18-cv-300-JRG, 2018 WL 6981828, at *2 (E.D. Tex. Dec. 11, 2018) (dismissing plaintiff's allegations where complaint did not explain how cited screenshots supported each claim element); *Ortiz & Assocs. Consulting, LLC v. Ricoh USA, Inc.*, No. 6:21-cv-1178-ADA, 2023 WL 2904583, at *4 (W.D. Tex. Apr. 11, 2023) (dismissing complaint where plaintiff's claim chart failed to map a claimed server, an "essential element," to the accused product).

Redstone's Complaint should be dismissed for the same reason.  Like the *De La Vega* claim chart, Redstone's Claim Chart alleges—for each claim limitation—that the accused SoCs practice the claim language.  But it merely repeats the claim language verbatim, as Box 1 below illustrates. That is insufficient.  *See Bot M8*, 4 F.4th at 1353 ("[A] plaintiff cannot assert a plausible claim for infringement . . . by reciting the claim elements and merely concluding that the accused product has those element.").

6

| Claim 1 | Accused Products |
|---|---|
| [1b] a second set of processor cores of the multi-core processor, wherein each processor core from the second set of processor cores is configured to dynamically receive a second supply voltage and a second output clock signal of a second PLL having a second clock signal as input, wherein the first supply voltage is independent from the second supply voltage, and the first clock signal is independent from the second clock signal; and **3** | Each Accused Product comprises a second set of processor cores of the multi-core processor, wherein each processor core from the second set of processor cores is configured to dynamically receive a second supply voltage and a second output clock signal of a second PLL having a second clock signal as input, wherein the first supply voltage is independent from the second supply voltage, and the first clock signal is independent from the second clock signal. **1** |
|  | For example, the Apple M Series System on Chip contain a set of performance cores (p-cores) in a Firestorm architecture wherein each p-core from this set of p-cores is configured to dynamically receive a first supply voltage and a first output clock signal of a first phase lock loop (PLL) having a first clock signal as input. **2** |
|  | *See, e.g.*: |

(Claim Chart at 6 (annotated)[2].)  Like the *De La Vega* claim chart, Redstone's Claim Chart also provides a short description of how the accused product meets *some*—but not all—of the claim limitations.  Box 2, in which Redstone seemingly alleges that the accused SoCs' "p-cores" correspond to the claimed "second set of processor cores," illustrates this.

Like the *De La Vega* plaintiff, Redstone also fails to allege how the accused product satisfies key limitations.  Box 2's short description above fails to make any reference to the key "independent" limitations (recited in Box 3).  In fact, Redstone's Claim Chart nowhere refers to *any* accused components as being "independent."  Absent even a short description of how the accused SoCs operate to meet the key "independent" limitations, Redstone's Complaint—much like the *De La Vega* complaint—fails to state a claim for direct infringement.

### 3.    Redstone alleges facts contrary to infringement.

The pleading deficiencies here are even more acute than in *De La Vega* because Redstone's allegations *contradict* infringement.  Redstone maps the claimed "first set of processor cores" to the accused SoCs' efficiency cores, the claimed "second set of processor cores" to the accused

---

[2] The "*See, e.g.*:" signal cites to three unannotated screenshots from Apple and third-party media with no apparent connection to the "independent" limitations.

SoCs' performance cores, and the two claimed PLLs to unidentified PLLs in the accused SoCs. As noted, claim 1 requires that each of the first and second set of processor cores receive "independent" supply voltages and that the two claimed PLLs have "independent" clock signals. Per Redstone, the plain and ordinary meaning of "independent" requires that two things be "different," at minimum.  (Canby Decl., Ex. 3 at 23:25-24:4.)

Redstone's Claim Chart, however, alleges that both the accused efficiency cores and the accused processor cores receive "a first supply voltage."  (*Compare* Claim Chart at 3 ("[E]ach e-core from this set of e-cores is configured to dynamically receive a first supply voltage . . . ."), *with* Claim Chart at 6 ("[E]ach p-core from this set of p-cores is configured to dynamically receive a first supply voltage . . . .").)  It further alleges that there is only *one* accused PLL, the "first phase lock loop," receiving only a "first clock signal."  (*Compare* Claim Chart at 3 ("[A] first phase lock loop (PLL) having a first clock signal as input."), *with* Claim Chart at 6 ("[A] first phase lock loop (PLL) having a first clock signal as input.").)

If the accused performance and efficiency cores receive the same "first supply voltage" and there is only one PLL having a "first clock signal" as Redstone alleges, then the two sets of cores are not receiving "independent" supply voltages and there are not two PLLs receiving "independent" clock signals.  That is contrary to claim 1's requirements.  Because Apple does not infringe based on Redstone's allegations, Redstone's Complaint should be dismissed.  *See Bot M8*, 4 F.4th at 1354 ("Where, as here, the factual allegations are actually *inconsistent* with and contradict infringement, they are likewise insufficient to state a plausible claim."); *Contiguity, LLC v. Conduent Bus. Servs., LLC*, No. W-23-CV-00038-XR, 2024 WL 252068, at *3 (W.D. Tex. Jan. 22, 2024) (dismissing complaint because plaintiff's allegations were inconsistent with claim requirement that images be collected from two locations).

**B.    Redstone Fails to Sufficiently Plead Indirect Infringement.**

Redstone fails to adequately plead indirect infringement for two independent reasons.  First,

it has not sufficiently pleaded the requisite underlying act of direct infringement, as just discussed

above.  *See Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1326 (Fed. Cir. 2004)

("There can be no inducement or contributory infringement without an underlying act of direct

infringement.");  *Shamoon*, 2025 WL 1356399, at \*6 (dismissing indirect infringement claims

where direct infringement claims failed).  Second, Redstone fails to adequately allege other

elements of indirect infringement, explained below.[3]

**1.    Redstone fails to adequately plead induced infringement.**

Redstone's inducement claims cannot succeed because Redstone has not alleged that Apple

specifically intends to induce others' infringement.  Nor can it.  To state a claim for induced

infringement, a plaintiff must plead that the defendant "(1) had actual knowledge of the patent;

(2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the

patent infringement." *Affinity Labs of Tex. LLC v. Toyota Motor N. Am. Inc.*, No. 13-cv-365, 2014

WL 2892285, at \*2 (W.D. Tex. May 12, 2014).  Redstone must present facts "adequately

support[ing] the *more demanding* specific intent requirement."  *Id.* at \*7 (emphasis added).

At best, the Complaint makes generic reference to unidentified "engineering documents,"

"user manuals," and "online instruction materials" that allegedly instruct customers to use the

accused products "in ways that directly infringe."  (Compl. ¶ 9.)  But such "generic allegations

that an alleged infringer provides instructional materials along with the accused products . . . are

insufficient to create a reasonable inference of specific intent."  *Core Wireless Licensing S.A.R.L.*

---

[3] Redstone's indirect infringement claims are limited to post-Complaint indirect infringement. The
parties stipulated to dismiss Redstone's pre-suit indirect infringement allegations under Section
VII of the Court's Standing Order Governing Proceedings (OGP) 4.4—Patent Cases. ECF No. 16.

*v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427, at \*5 (E.D. Tex. Aug. 14, 2015);

*see also id.* (allegations deficient that did not explain "how the instructions direct[ed] customers

to use those products in an infringing manner" deficient). Reciting that "Defendants acted with

specific intent" is not enough. *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x

934, 938 (Fed. Cir. 2015). Redstone's inducement claims should be dismissed.

### 2.    Redstone fails to adequately plead contributory infringement.

Redstone's contributory infringement claims fare no better because the underlying

allegations merely track the legal standard without any accompanying facts. The Patent Act

defines contributory infringement as the sale, offer to sell, or importation of a component of a

"patented machine, manufacture, combination or composition" that constitutes a material part of

the invention, that is knowingly, "especially made or especially adapted for use in an infringement,"

and that is not a "staple article or commodity of commerce suitable for substantial noninfringing

use." 35 U.S.C. § 271(c). Redstone's allegations track § 271(c)'s language nearly verbatim.

(Compl. ¶ 10.)

The Complaint offers no allegations regarding how the accused SoCs (1) are "especially

made or adapted to infringe," (2) "are not staple articles or commodities of commerce suitable for

non-infringing use," or (3) "constitute a material part of the" asserted claim. Redstone's

"formulaic recitation of the elements of a cause of action" are insufficient, requiring the dismissal

of its § 271(c) claims. *Twombly*, 550 U.S. at 555; *see also Arigna Techs. Ltd. v. TCL Tech. Grp.*

*Corp.*, No. 6:22-cv-217-ADA, 2022 WL 22869781, at \*7 (W.D. Tex. Nov. 21, 2022) (dismissing

contributory infringement claims where allegations were "thin of fact and consist[ed] of

conclusory allegations that merely recite[d] the elements"); *Flypsi, Inc. v. Google LLC*, No. 6:22-

cv-31-ADA, 2022 WL 3593053, at \*6 (W.D. Tex. Aug. 22, 2022) (dismissing contributory

infringement claim for failure to allege materiality).

**C.       Redstone Fails to Sufficiently Plead Section 271(f) Infringement.**

Subsection (f) of § 271 includes two provisions—each with several elements—that address certain acts of exporting a patented invention's components.  35 U.S.C. § 271(f)(1)-(2).  But Redstone does not identify under which of the two provisions it seeks relief.  It also fails to set forth even a rote recitation of § 271(f)'s elements.

Redstone merely alleges that "Defendant has been, and currently is, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f)."  (Compl. ¶ 10.)  This conclusory allegation, which confuses contributory infringement with § 271(f) infringement (an entirely separate claim for relief), does not provide Apple fair notice of Redstone's claims or the grounds on which they rest.  *See Daedalus Prime LLC v. MediaTek, Inc.*, No. 2:24-CV-00235-JRG, 2025 WL 825188, at *1 (E.D. Tex. Mar. 13, 2025) (dismissing § 271(f) claims because plaintiff failed to "plead at least some facts that would enable the Court to infer that infringement under § 271(f) is plausible").  The Court also should dismiss Redstone's § 271(f) claim.

**D.       Redstone Fails to Plead Compliance with Section 287(a).**

Redstone's request for pre-suit damages should be dismissed for failing to allege that Redstone marked its products or provided Apple actual notice of its alleged infringement to satisfy the marking statute, 35 U.S.C. § 287.  To recover pre-suit damages, Redstone needed to (1) mark any patented articles, or (2) provide notice of the alleged infringement.  *See* 35 U.S.C. § 287(a) (requiring patentees to mark any patented article or provide "proof that the infringer was notified of the infringement and continued to infringe thereafter").  At the Rule 12(b)(6) stage, Redstone bears the burden of pleading and proving compliance with the marking statute.  *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017) ("There is no dispute that the patentee bears the burden of pleading and proving he complied with § 287(a)."). This is true regardless of whether Redstone has any products to mark.  *See Express Mobile, Inc. v.*

*Liquid Web, LLC*, No. 1:18-cv-1177, 2019 WL 1596999, at \*2 (D. Del. Apr. 15, 2019) ("A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all.").

Redstone's Complaint fails to allege that Redstone marked its products, provided Apple with actual notice of its purported infringement (it did not), or was not obligated to mark at all. The Court therefore should dismiss Redstone's claim for pre-suit damages.  *See id.* (dismissing past damages claim for failure to plead compliance with marking statute).

## V.    CONCLUSION

Redstone's Complaint is deficient for several reasons, warranting dismissal of all remaining claims.  As the Complaint fails to allege that the accused SoCs satisfy key limitations of the claims—instead offering allegations that contradict infringement—and offers only boilerplate allegations about inducement and contributory infringement, with no factual allegations supporting Redstone's claims of § 271(f) infringement or its required compliance with the marking statute, Apple urges the Court to grant its motion and dismiss Redstone's Complaint in its entirety.

Dated: June 30, 2025                    Respectfully submitted,

By: */s/ Brian C. Nash*

    Brian C. Nash (TX Bar No. 24051103)
    MORRISON & FOERSTER LLP
    300 Colorado Street, Suite 1800
    Austin, TX 78701
    Tel.: (512) 617-0654
    bnash@mofo.com

    Richard S.J. Hung (admitted *pro hac vice*)
    Shaelyn Dawson (admitted *pro hac vice*)
    Karina N. Pundeff (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Tel.: (415) 268-7000
    rhung@mofo.com
    shaelyndawson@mofo.com
    kpundeff@mofo.com

    Scott F. Llewellyn (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    4200 Republic Plaza
    370 Seventeenth Street
    Denver, CO 80202
    Tel.: (303) 592-2204
    sllewellyn@mofo.com

    Ryan Malloy (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, CA 90017
    Tel.: (213) 892-5200
    rmalloy@mofo.com

    ***Counsel for Defendant Apple Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system on June 30, 2025.

*/s/ Brian C. Nash*
Brian C. Nash

## **CERTIFICATION CONFERENCE**

The undersigned hereby certifies that the parties conferred as required by Section VII of

the Court's January 23, 2024, Standard Order Governing Proceedings 4.4 and have entered into

the stipulation contemplated therein, ECF No. 16.

*/s/ Brian C. Nash*
Brian C. Nash
