# Exhibit 3

—1—

```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE WESTERN DISTRICT OF TEXAS
                            MIDLAND DIVISION

REDSTONE LOGICS LLC         *
                            *      June 9, 2025
VS.                         *
                            * CIVIL ACTION NO. 7:24-CV-231
QUALCOMM INC., ET AL.       *

             BEFORE THE HONORABLE ALAN D ALBRIGHT
                   MARKMAN HEARING (via Zoom)

APPEARANCES:

For the Plaintiff:    Joshua Scheufler, Esq.
                      Russ August & Kabat
                      12424 Wilshire Blvd
                      Ste 12 Floor
                      Los Angeles, CA 90025

                      Qi (Peter) Tong, Esq.
                      Russ August & Kabat
                      8080 N. Central Expy., Suite 1503
                      Dallas, TX 75206

For the Defendant:    Eric Conley Green, Esq.
                      Brett A. McKean, Esq.
                      Norton Rose Fulbright US LLP
                      98 San Jacinto Boulevard, Ste 1100
                      Austin, TX 78701

                      Daniel S. Leventhal, Esq.
                      Richard S. Zembek, Esq.
                      Norton Rose Fulbright US LLP
                      1550 Lamar Street, Suite 2000
                      Houston, TX 77010

Court Reporter:       Kristie M. Davis, CRR, RMR
                      PO Box 20994
                      Waco, Texas 76702-0994
                      (254) 666-0904
```

   Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

08:33

22

09:57 1    independent of what was done during the examination.
09:57 2                MR. ZEMBEK:  What my argument would be
09:57 3    that is independent of what was done during examination
09:57 4    is going to be pointing the Court's attention to the
09:57 5    Personalized Media case.
      6                THE COURT:  Okay.
09:57 7                MR. ZEMBEK:  Because the Personalized
09:57 8    Media case is a situation which we have here, there
09:57 9    were multiple statements.  We believe that they went to
09:57 10   the level of disavowal.  Obviously the other side
09:57 11   disagrees.  But we think that did go to the level of
09:57 12   disavowal.
09:57 13               But they still informed the claim
09:58 14   construction.  And those repeated statements,
09:58 15   consistent with what we view the plain and ordinary
09:58 16   meaning to be, what Dr. Villasenor explained the plain
09:58 17   and ordinary meaning to be, would mean that it's a
09:58 18   situation in which this particular claim construction
09:58 19   dispute would be different signals that do not depend
09:58 20   from the same reference clock.
09:58 21               I mean, we believe that that's the plain
09:58 22   and ordinary meaning and it's consistent with the
09:58 23   disclaimer.
09:58 24               So we think, Your Honor, we're putting
09:58 25   you in a position that you can do disclaimer and you

```
09:58   1   can do plain and ordinary meaning, so you've got two
09:58   2   different reasons why this construction should be
09:58   3   affirmed if we ever have to go to the Federal Circuit.
09:58   4            THE COURT:  Got it.  Okay.  I'll be back
09:58   5   in a second.
09:58   6            (Pause in proceedings.)
10:00   7            THE COURT:  I feel certain that your
10:00   8   summer clerks are all going to give you five stars on
10:00   9   Yelp when they -- when they're interviewed.
10:00  10            I will tell them, since they haven't
10:00  11   gotten to hear me say this, that -- even though all of
10:00  12   you have.  The reason I like handling patent cases is
10:00  13   because the quality of the lawyers is always
10:00  14   exceptional in these hearings.
10:00  15            I'm going to maintain the preliminary
10:00  16   construction in the case on this one claim term.
10:00  17            Is there anything else that we need to
10:00  18   take up?
10:00  19            MR. ZEMBEK:  Your Honor, with respect to
10:00  20   the preliminary construction, because we don't believe
10:00  21   that there's a dispute that the signals have to be
10:00  22   different, we would propose that that be added to the
10:00  23   preliminary construction.
10:00  24            THE COURT:  And from plaintiff?
10:00  25            MR. SCHEUFLER:  Well, Your Honor, we
```

24

10:00  1   don't disagree that the terms have to be different.  We
10:01  2   believe that that's well captured by the plain meaning
10:01  3   of "independent" and to add it in would only invite
10:01  4   confusion.  So we would oppose it on that ground.
10:01  5              THE COURT:  Mr. Zembek, I'll do this for
10:01  6   you, because I understand why you would be more
10:01  7   comfortable with that.
10:01  8              If -- I don't think it needs to be added,
10:01  9   but if when -- Mr. Zembek, when you receive the
10:01  10  plaintiff's expert report, if you think that they are
10:01  11  not abiding by what you say would be an agreement in
10:01  12  terms of the way their infringement expert handles the
10:01  13  infringement opinion, come back and let us know, and
10:01  14  I'll decide whether or not it's something that I do
10:01  15  have to impose with respect to the claim term.
10:01  16             MR. ZEMBEK:  Thank you, Your Honor.
10:01  17             I think that we do have an agreement that
10:01  18  the first and second input signals are different
10:01  19  signals.  They're not the same signal.
10:01  20             THE COURT:  That was the way I read it in
10:01  21  the claim.  Yes.
10:01  22             MR. ZEMBEK:  All right.  Thank you, Your
10:01  23  Honor.
10:01  24             THE COURT:  Anything else?
10:02  25             MR. SCHEUFLER:  None from plaintiff, Your

25

| | | |
|---|---|---|
| 10:02 | 1 | Honor. |
| 10:02 | 2 | THE COURT:  Okay.  Thank you all for |
| 10:02 | 3 | being here and good luck to the summer associates. |
| 10:02 | 4 | Take care. |
| 10:02 | 5 | (Hearing adjourned.) |

26

1  UNITED STATES DISTRICT COURT )

2  WESTERN DISTRICT OF TEXAS    )

3

4

5              I, Kristie M. Davis, Official Court

6  Reporter for the United States District Court, Western

7  District of Texas, do certify that the foregoing is a

8  correct transcript from the record of proceedings in

9  the above-entitled matter.

10             I certify that the transcript fees and

11 format comply with those prescribed by the Court and

12 Judicial Conference of the United States.

13             Certified to by me this 13th day of June

14 2025.

15
                           /s/ Kristie M. Davis
16                         KRISTIE M. DAVIS
                           Official Court Reporter
17                         PO Box 20994
                           Waco, Texas 76702
18                         (254) 666-0904
                           kmdaviscsr@yahoo.com
19

20

21

22

23

24

25

10:02