IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | No. 7:25-cv-00183-ADA |

**DEFENDANT APPLE INC.'S MOTION TO DISMISS
<u>PLAINTIFF'S FIRST AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................... 1
II. BACKGROUND ............................................................................................................. 1
III. LEGAL STANDARD ...................................................................................................... 2
IV. ARGUMENT ................................................................................................................... 3
    A. Redstone Fails to Sufficiently Plead Direct Infringement. ................................... 3
        1. Redstone must provide detailed allegations for the "PLL" and "independent" limitations because they were material to patentability .................................................................................................. 3
        2. Redstone again fails to allege in any detail how the accused SoCs satisfy the "PLL" and "independent" limitations ....................................... 4
    B. Redstone Fails to Plead Compliance with Section 287(a). ................................... 7
V. CONCLUSION ................................................................................................................ 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
  876 F.3d 1350 (Fed. Cir. 2017)..........................................................................................7

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..........................................................................................................2, 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..........................................................................................................2, 4, 5

*Bot M8 LLC v. Sony Corp. of Am.*,
  4 F.4th 1342 (Fed. Cir. 2021) ...........................................................................................3

*Clark v. Thompson*,
  850 F. App'x 203 (5th Cir. 2021) .....................................................................................5

*CTD Networks, LLC v. Google, LLC*,
  688 F. Supp. 3d 490 (W.D. Tex. 2023)..............................................................................3

*DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*,
  No. 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020) ..........................................5

*Express Mobile, Inc. v. Liquid Web, LLC*,
  No. 1:18-cv-1177, 2019 WL 1596999 (D. Del. Apr. 15, 2019) ..........................................7, 8

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
  605 F. Supp. 3d 905 (W.D. Tex. 2022)..............................................................................4

*United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*,
  626 F. App'x 528 (5th Cir. 2015) .....................................................................................6

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017).........................................................................................3

*Power Analytics Corp. v. Operation Tech., Inc.*,
  820 F. App'x 1005 (Fed. Cir. 2020) .................................................................................6

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
  873 F.3d 905 (Fed. Cir. 2017)...........................................................................................4

*Shamoon v. City of San Antonio*,
  No. SA-18-cv-00718-XR, 2025 WL 1356399 (W.D. Tex. Apr. 30, 2025)................................4

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
    125 F.3d 899 (5th Cir. 1997) ................................................................................................6

*Vervain, LLC v. Micron Tech., Inc.*,
    No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) ..............................3, 4, 7

**Statutes**

35 U.S.C. § 287(a) ........................................................................................................................1, 7

**Rules**

Fed. R. Civ. P. 12 ..........................................................................................................................4, 7

I.     **INTRODUCTION**

Apple moves to dismiss Redstone's First Amended Complaint ("FAC") for failure to adequately plead direct infringement or compliance with the patent marking statute. Although Redstone accuses certain Apple M Series and A Series systems on a chip ("SoCs") of infringement, it does not explain how the SoCs practice two key claim limitations. First, it offers no explanation for the "PLL" limitation, which requires that first and second sets of processor cores respectively receive output clock signals from first and second phase lock loops ("PLLs"). Second, it provides no detail on the "independent' limitation, which requires that the two PLLs have "independent" input clock signals. In addition, Redstone's inadequate marking allegations under 35 U.S.C. § 287(a) require dismissal of its claims for past damages.

II.    **BACKGROUND**

On April 18, 2025, Redstone sued Apple for allegedly directly and indirectly infringing U.S. Patent No. 8,549,339 (the "'339 patent"). (ECF No. 1.) Its Complaint included one chart that purported to map claim 1 to the Apple M1 Series SoC. (ECF No. 1-2.) On June 27, 2025, Redstone filed a joint notice to dismiss its pre-suit indirect infringement claims. (ECF No. 16.) Apple subsequently moved to dismiss for failure to adequately plead infringement because the direct infringement allegations were conclusory and contradictory, among other things. (ECF No. 17 at 4-11.) Redstone also failed to plead compliance with the patent marking statute, 35 U.S.C. § 287(a). (*Id.* at 11-12.) On July 14, 2025, Redstone mooted Apple's first motion to dismiss by filing the FAC, which dropped allegations of indirect infringement. (*Compare* ECF No. 1, *with* ECF No. 22.)

The FAC (1) newly accused certain Apple A Series SoCs of infringement, (2) narrowed its infringement theories to direct infringement, and (3) revised its claim chart. (ECF No. 22 ("FAC");

1

ECF No. 22-2 ("Claim Chart").) The FAC still fails to plead compliance with the patent marking statute.

Redstone's Claim Chart is limited to claim 1, which is directed to a "multi-core processor" with "first" and "second" sets of processor cores. Redstone maps those first and second sets to the accused SoCs' performance cores ("p-cores") and efficiency cores ("e-cores"), respectively. (Claim Chart at 4, 7.)

Claim 1 recites a phase lock loop ("PLL") limitation, which requires that the first and second sets of cores respectively receive output clock signals from first and second phase lock loops ("PLLs"). ('339 patent at 7:54-64.) Redstone does not identify any PLLs in the accused SoCs. Instead, it admits that it does not know how the accused SoCs provide clock signals to the cores, allegedly because the exact mechanism involves Apple "proprietary information." (Claim Chart at 4, 7.) Redstone therefore alleges that the accused SoCs have first and second PLLs only "on information and belief." (*Id.*) This does not provide Apple adequate notice of how the accused SoCs purportedly meet this limitation.

Claim 1 further recites an "independent" limitation, which requires that the first and second PLLs have "independent" first and second clock signals as inputs. ('339 patent at 7:65-67.) Because Redstone is unable to identify a first or second PLL, it also fails to allege that those PLLs have "independent" clock signals as inputs. (*See* Claim Chart at 7.)

### III. LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to

accept as true a legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A well-pled patent complaint must contain "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). It must "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted).

"To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *CTD Networks, LLC v. Google*, *LLC*, 688 F. Supp. 3d 490, 498 (W.D. Tex. 2023). The degree of detail required to render a direct infringement claim plausible depends on the "materiality" of a given claim element. *See Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

## IV.    ARGUMENT

### A.    Redstone Fails to Sufficiently Plead Direct Infringement.

Redstone's FAC does not allege how the accused SoCs satisfy key claim limitations—the "PLL" and "independent' limitations—and thus fails to state a plausible claim for direct infringement. The Court therefore should dismiss Redstone's direct infringement claims.

#### 1.    Redstone must provide detailed allegations for the "PLL" and "independent" limitations because they were material to patentability.

As this Court has held, "a higher level of detail in pleading infringement may . . . be demanded for elements clearly 'material' to novelty and non-obviousness." *Vervain*, 2022 WL 23469, at *5. Here, the '339 patent's prosecution history reflects that claim 1's "PLL" and "independent" limitations were material to allowance. ('339 patent at 7:54-67.)

3

During prosecution, the U.S. Patent & Trademark Office ("USPTO") withdrew its anticipation and obviousness rejections and allowed the patent to issue *only* after: (i) the applicant amended claim 1 to require two PLLs, each having an independent clock signal as input; and (ii) the applicant relied on the new "PLL" and "independent" limitations to distinguish prior art that used a single clock signal. (Ex. 1[1] at 3, 9 (distinguishing Jacobowitz); Ex. 2 (same).[2]) The USPTO thus determined these limitations were key to allowance. *See Vervain*, 2022 WL 23469, at *5 (identifying "material" limitations based on review of USPTO prosecution history).

Supporting these limitations' "key" nature, the USPTO denied MediaTek's request for *inter partes* review ("IPR") of the '339 patent based on Redstone's reliance on these limitations to distinguish the asserted prior art. (Ex. 3 at 19-21 (distinguishing Knoth); Ex. 4 at 5-15 (same).) *See Shamoon v. City of San Antonio*, No. SA-18-cv-00718-XR, 2025 WL 1356399, at *4 (W.D. Tex. Apr. 30, 2025) (identifying "key" limitations based on review of IPR record).

Redstone therefore is required to provide detailed allegations as to how the accused SoCs satisfy the "PLL" and "independent" limitations for its allegations to pass muster under Rule 12. As explained below, it failed to do so *twice*—in the original Complaint and again in the FAC—thus warranting dismissal. *See Vervain*, 2022 WL 23469, at *5 (citing *Twombly*, 550 U.S. at 567).

>   **2.  Redstone again fails to allege in any detail how the accused SoCs satisfy the "PLL" and "independent" limitations.**

As with its original Complaint, Redstone alleges no detail on how the accused SoCs satisfy the "PLL" limitation requiring that the first and second sets of processor cores respectively receive

---

[1]  Citations to "Ex." refer to exhibits attached to the Declaration of Catherine J. Canby.
[2]  Matters of public record like a patent's prosecution history are "subject to judicial notice and appropriate for [the] Court to consider at the pleading stage." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D. Tex. 2022). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . .'" *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

output clock signals from a first and second PLL. Once again, Redstone does not identify any PLLs in the accused SoCs and now concedes that it does not know "the precise mechanism used to provide a clock signal" to the cores. (Claim Chart at 4, 7.) Given its inability to identify PLLs even after amendment, Redstone is also unable to allege how the accused SoCs satisfy the "independent" limitations requiring that the first and second PLLs have "independent" clock signals as input. (*Id.* at 7.) Redstone's claims are therefore speculative and must be dismissed. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *DIFF Scale Operation Research, LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020) (dismissing complaint for failure to state a claim where plaintiff failed to identify claimed PLL in accused product).

 Redstone cannot excuse its failure to affirmatively plead infringement by emphasizing the proprietary nature of Apple's SoCs. (Claim Chart at 7.) Redstone alleges "on information and belief" that frequencies are provided to the first and second sets of cores "by a [first/second] PLL having a [first/second] clock signal as input." (*Id.* at 4, 7.) It suggests it must use "information and belief" allegations because the mechanism used to provide clock signals in the accused SoCs is proprietary information. (*Id.*) Although a plaintiff may plead facts on "information and belief" that are uniquely in another's possession, it may only do so if it has "exercise[d] reasonable due diligence and provide[s] some factual basis for his allegations that would raise a reasonable expectation that discovery will reveal evidence" that defendants engaged in unlawful conduct. *Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (internal quotation marks omitted); *United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 F. App'x 528, 533 n.7 (5th Cir. 2015) ("[E]ven where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." (quoting *United States ex rel. Thompson*

*v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).  That is, there must be some "explanation or detail as to what 'information and belief' supports" the plaintiff's allegations. *Power Analytics Corp. v. Operation Tech., Inc.*, 820 F. App'x 1005, 1020 (Fed. Cir. 2020).

Here, Redstone has not exercised reasonable diligence in attempting to identify the mechanism the accused SoCs use to provide a clock signal by, for example, performing a teardown of even one accused product.  More critically, Redstone offers no explanation or detail justifying its allegations on "information and belief" that: (a) the accused SoCs have first and second PLLs; and (b) those PLLs respectively have independent first and second clock signals as inputs. Redstone alleges that "the e-cores and p-cores operate within different frequency ranges, requiring independent clock signals and supply voltages." (Claim Chart at 7.)  But Redstone does not explain why it may reasonably assume that Apple's SoCs use two separate PLLs having independent clock signals as inputs, based merely on operation of e-cores and p-cores "within different frequency ranges."  (*Id.*)

Indeed, Redstone's prior arguments on this issue contradict such an assumption.  During IPR proceedings, Redstone acknowledged that the Knoth prior art reference disclosed a processor with different cores operating at different frequencies.  (Ex. 4 at 10 (recognizing that Knoth discloses providing individual frequency management signals that initiate frequency adjustments individually for each core).)  But Redstone argued that Knoth's use of multiple PLLs or independent first and second clock signals was neither obvious nor inherent. (*Id.* at 14 (comparing Knoth to Naffziger).)  Instead, Redstone reasoned that Knoth more likely used a single clock signal. (*Id.* at 14.)

By Redstone's own logic, the fact that Apple's SoCs have cores operating at different frequencies does *not* necessarily require that the SoCs use multiple PLLs with independent clock

6

signals as inputs, as claimed. Redstone has not explained why Apple's SoCs necessarily operate more like the claimed invention than an "obvious alternative"—using a single clock signal, as in the prior art Knoth reference Redstone distinguished on this very ground. *Vervain*, 2022 WL 23469, at *5-6 (dismissing complaint for failure to allege plausible infringement theory). Redstone has effectively conceded it does not know whether the "PLL" and "independent" limitations are satisfied and must investigate further to provide *some* explanation for why it believes Apple infringes or why infringement necessarily follows from the alleged facts. Absent that, the Court should dismiss the FAC.

### B.     Redstone Fails to Plead Compliance with Section 287(a).

To recover pre-suit damages under § 287, Redstone was obligated to (1) mark any patented articles, or (2) provide notice of the alleged infringement. At the Rule 12(b)(6) stage, Redstone bears the burden of pleading compliance with the marking statute. *See Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1367 (Fed. Cir. 2017) ("There is no dispute that the patentee bears the burden of pleading and proving he complied with § 287(a)."). This is true regardless of whether Redstone has products to mark. *See Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-1177, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) ("A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all.").

Apple notified Redstone of this pleading deficiency (among others) on June 17, 2025, and provided Redstone the opportunity to amend. (Ex. 5.) Redstone declined to do so. Redstone's FAC still does not allege that Redstone satisfied the marking statute by either marking its products or giving Apple actual notice of its alleged infringement to satisfy the marking statute. The Court therefore should dismiss Redstone's claim for pre-suit damages. *See Express Mobile,* 2019 WL

7

1596999, at *2 (dismissing past damages claim for failure to plead compliance with marking statute).

## V.      CONCLUSION

Because Redstone fails to allege that the accused SoCs satisfy key claim limitations, Apple urges the Court to dismiss the FAC in its entirety.

Dated: July 28, 2025                                    Respectfully submitted,

By: */s/ Brian C. Nash*
    Brian C. Nash (TX Bar No. 24051103)
    Regan J. Rundio (TX Bar No. 24122087)
    Catherine J. Canby (TX Bar No. 21436774 )
    MORRISON & FOERSTER LLP
    300 Colorado Street, Suite 1800
    Austin, TX 78701
    Tel.: (512) 617-0654
    bnash@mofo.com
    rrundio@mofo.com
    ccanby@mofo.com

    Richard S.J. Hung (admitted *pro hac vice*)
    Shaelyn Dawson (admitted *pro hac vice*)
    Karina N. Pundeff (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Tel.: (415) 268-7000
    rhung@mofo.com
    shaelyndawson@mofo.com
    kpundeff@mofo.com

    Scott F. Llewellyn (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    4200 Republic Plaza
    370 Seventeenth Street
    Denver, CO 80202
    Tel.: (303) 592-2204
    sllewellyn@mofo.com

    Ryan Malloy (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, CA 90017
    Tel.: (213) 892-5200
    rmalloy@mofo.com

    **Counsel for Defendant Apple Inc.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 28, 2025.

> _/s/ Brian C. Nash_
> Brian C. Nash