# Exhibit 5

# MORRISON FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA  94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI, NEW
YORK, PALO ALTO, SAN DIEGO, SAN
FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 17, 2025

Writer's Direct Contact
(415) 268-7259
shaelyndawson@mofo.com

VIA EMAIL: rmirzaie@raklaw.com

Reza Mirzaie
Russ August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025

Re:    *Redstone Logics LLC v. Apple Inc.*, Case No. 7:25-cv-00183-ADA (W.D. Tex.)

Dear Reza:

We write regarding the serious deficiencies in Redstone Logics LLC's Complaint against Apple Inc. in the above matter.  ECF No. 1.  As detailed below, Redstone's Complaint fails to comply with federal pleading standards in numerous ways, thus warranting dismissal.[1] We therefore request that Redstone (1) dismiss the direct infringement claim, or, at a minimum, articulate a legally sufficient basis for that claim; and (2) dismiss with prejudice the remaining claims which plainly lack any factual basis.  Please let us know by **June 23, 2025**, if Redstone will agree.  If Redstone chooses to proceed with Complaint as filed, Apple will move to dismiss and ultimately seek an exceptional case award.

Direct Infringement

Redstone appears to have recycled its direct infringement claims from other cases brought by Redstone against other defendants.  As drafted, the claims fail to provide the requisite specificity to put Apple on notice of the specific infringement claims against it.  For instance, the claim charts attached as Exhibit 2 to the Complaint fail to identify any evidence or theory supporting an allegation satisfying the requirement of independent voltages in the two sets of cores required by the claims.  This requirement is a key element of Claim 1.  Yet Redstone does nothing more than recite the claim language to support its allegation for direct infringement of this limitation.  Having failed to provide any factual allegations about the requirement of independent voltages in the two sets of cores, Redstone's direct infringement claim fails.  *See Shamoon v. City of San Antonio*, No. 18-CV-00718-XR, 2025 WL 1356399, at *4 (W.D. Tex. Apr. 30, 2025) (dismissing direct infringement claim where complaint

---

[1] The list of deficiencies is not exhaustive, and Apple reserves the right to raise additional grounds for dismissal where appropriate.

**MORRISON FOERSTER**

Reza Mirzaie
June 17, 2025
Page Two

lacked factual support for "key element" of asserted claim).  Moreover, Redstone's description of the accused products leaves Apple guessing at which products are within the scope of its allegations because Redstone fails to identify any accused Apple products.

Pre-suit Indirect Infringement

Redstone does not allege that Apple had pre-suit knowledge of the '339 patent—it only alleges that Apple had knowledge "[t]hrough at least the filing and service of this Complaint."  *See* Compl. ¶ 9.  Thus, any claim for pre-suit indirect infringement fails.  Indeed, Judge Gilliland recommended dismissal of similar claims against MediaTek on this basis.  *See Redstone Logics LLC v. MediaTek, Inc.*, No. 24-cv-00029, ECF No. 42 (W.D. Tex. Mar. 10, 2025).

Induced Infringement

Redstone's induced infringement claim fails because Redstone has not adequately pled direct infringement or pre-suit knowledge.  The induced infringement claim also fails because the Complaint lacks factual allegations supporting specific intent.  Redstone relies on Apple engineering documents and user manuals showing end users how to use the accused functionalities in a form that allegedly infringes.  Compl. ¶ 9.  But Redstone alleges no facts identifying, "even at a basic level," how the instructions direct customers to use the accessed products in an infringing manner.  *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, No. 6:14-CV-752-JRG-JDL, 2015 WL 12850550, at *4 (E.D. Tex. July 15, 2015), *report and recommendation adopted*, No. 6:14-CV-752-JRG-JDL, 2015 WL 4910427 (E.D. Tex. Aug. 14, 2015) (recommending dismissal of induced infringement claims where complaint included "generic allegations" that "Apple provides instructive materials and information concerning operation and use of the accused products"); *see also Takeda Pharms. U.S.A., Inc. v. W.-Ward Pharm. Corp.*, 785 F.3d 625, 631 (Fed. Cir. 2015) (cleaned up) ("[m]erely describing an infringing mode is not the same as recommending, encouraging, or promoting an infringing use, or suggesting that an infringing use 'should' be performed").

Contributory Infringement

As with the induced infringement claim, the contributory infringement claim fails because Redstone has not adequately alleged direct infringement or pre-suit knowledge.  Additionally, the Complaint recites the statutory language of 35 U.S.C. § 271(c) and fails to allege any factual basis establishing (a) how the accused instrumentalities are "especially made or adapted to infringe" the '339 patent, (b) why the accused instrumentalities "are not staple articles or commodities of commerce suitable for non-infringing use," or (c) how the accused instrumentalities "constitute a material part" of the asserted claim.  *Joao Control & Monitoring Sys., LLC v. Protect Am., Inc.*, No. 14-CV-134-LY, 2015 WL 3513151, at *5

**IIIORRISON FOERSTER**

Reza Mirzaie
June 17, 2025
Page Three

(W.D. Tex. Mar. 24, 2015) (contributory infringement claims dismissed where complaint was "thin of fact and consist[ed] of conclusory allegations that merely recite[d] recite the elements of contributory infringement").

Export Infringement

The Complaint does not even recite the statutory language of 25 U.S.C. § 271(f). Nor does it contain any factual allegations supporting a § 271(f) claim. *See* Compl. ¶ 10 ("Defendant has also infringed, and continues to infringe, one or more claims of the '339 Patent by selling, offering for sale, or importing into the United States, the Accused Instrumentalities, knowing that the Accused Instrumentalities constitute a material part of the inventions claimed in the '339 Patent, are especially made or adapted to infringe the '339 Patent, and are not staple articles or commodities of commerce suitable for non-infringing use. Defendant has been, and currently is, contributorily infringing the '339 Patent in violation of 35 U.S.C. §§ 271(c) and (f).").

No Pre-Suit Damages

To recover pre-suit damages, 35 U.S.C. § 287 requires that Redstone allege either that it marked its patented articles or provided notice of the alleged infringement. The Complaint does neither. At the Rule 12(b)(6) stage, Redstone has the burden of pleading compliance with § 287(a). *Arctic Cat Inc. v. Bombardier Recreational Prod. Inc.*, 950 F.3d 860, 864 (Fed. Cir. 2020). Having failed to do so, Redstone cannot recover pre-suit damages.

* * *

We look forward to hearing from you.

Sincerely,

*/s/ Shaelyn K. Dawson*

Shaelyn K. Dawson