UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| REDSTONE LOGICS LLC, | |
|---|---|
| *Plaintiff,* | Case No. 7:25-CV-00183-ADA |
| v. | **Jury Trial Demanded** |
| APPLE INC., | |
| *Defendant.* | |

# SCHEDULING ORDER

Pursuant to Rule 16, Federal Rules of Civil procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Deadline | Item |
|---|---|
| 7/14/25 | Plaintiff serves preliminary[1] infringement contentions in the form of a chart setting forth where in the accused product(s) each element of the asserted claim(s) are found. Plaintiff shall also identify the earliest priority date (*i.e.*, the earliest date of invention) for each asserted claim and produce: (1) all documents evidencing conception and reduction to practice for each claimed invention, and (2) a copy of the file history for each patent in suit. |

---

[1] The parties may amend preliminary infringement contentions and preliminary invalidity contentions without leave of court so long as counsel certifies that it undertook reasonable efforts to prepare its preliminary contentions and the amendment is based on material identified after those preliminary contentions were served and should do so seasonably upon identifying any such material. Any amendment to add patent claims requires leave of court so that the Court can address any scheduling issues.

1

| | |
|---|---|
| 8/4/25 | The Parties shall file a motion to enter an agreed Scheduling Order. If the parties cannot agree, the parties shall submit a separate Joint Motion for entry of Scheduling Order briefly setting forth their respective positions on items where they cannot agree. Absent agreement of the parties, the Plaintiff shall be responsible for the timely submission of this and other Joint filings. |
| 8/11/25 | Deadline to file a motion to transfer. After this deadline, movants must seek leave of Court and show good cause for the delay. |
| 9/8/25 | Defendant serves preliminary invalidity contentions in the form of (1) a chart setting forth where in the prior art references each element of the asserted claim(s) are found, (2) an identification of any limitations the Defendant contends are indefinite or lack written description under section 112, and (3) an identification of any claims the Defendant contends are directed to ineligible subject matter under section 101. Defendant shall also produce (1) all prior art referenced in the invalidity contentions, and (2) technical documents, including software where applicable, sufficient to show the operation of the accused product(s). |
| 9/22/25 | Parties exchange claim terms for construction. |
| 10/6/25 | Parties exchange proposed claim constructions. |
| 10/14/25 | Parties disclose extrinsic evidence. The parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony.[2] With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. |
| 10/20/25 | Deadline to meet and confer to narrow terms in dispute and exchange revised list of terms/constructions. |

---

[2] Any party may utilize a rebuttal expert in response to a brief where expert testimony is relied upon by the other party.

| | |
|---|---|
| 10/27/25 | Defendant files Opening claim construction brief, including any arguments that any claim terms are indefinite. |
| 11/17/25 | Plaintiff files Responsive claim construction brief. |
| 12/5/25 | Defendant files Reply claim construction brief. |
| 12/5/25 | Parties to jointly email the law clerks (*see* OGP at 1) to confirm their *Markman* date and to notify if any venue or jurisdictional motions remain unripe for resolution. |
| 12/15/25 | Plaintiff files a Sur-Reply claim construction brief. |
| 12/18/25 | Parties submit Joint Claim Construction Statement and email the law clerks an editable copy.<br><br>*See* General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed). |
| 12/18/25 | Parties submit optional technical tutorials to the Court and technical advisor (if appointed). |
| 1/26/26 (or as soon as practicable)[3] (conflict) | *Markman* Hearing at 9:00 a.m. This date is a placeholder and the Court may adjust this date as the *Markman* hearing approaches. |
| 1/27/26 | Fact Discovery opens; deadline to serve Initial Disclosures per Rule 26(a). |
| 2/23/26 | Deadline to add parties. |
| 3/9/26 | Deadline to serve Final Infringement and Invalidity Contentions. After this date, leave of Court is required for any amendment to infringement or invalidity contentions. This deadline does not relieve the parties of their obligation to seasonably amend if new information is identified after initial contentions. |
| 5/4/26 | Deadline to amend pleadings. A motion is not required unless the amendment adds patents or patent claims. (Note: This includes amendments in response to a 12(c) motion.) |

---

[3] All deadlines hereafter follow the original *Markman* hearing date and do not change if the Court delays the *Markman* hearing.

| | |
|---|---|
| 7/13/26 | Deadline for the first of two meet and confers to discuss significantly narrowing the number of claims asserted and prior art references at issue. Unless the parties agree to the narrowing, they are ordered to contact the Court's law clerk to arrange a teleconference with the Court to resolve the disputed issues. |
| 8/10/26 | Close of Fact Discovery. |
| 9/4/26 | Opening Expert Reports. |
| 10/2/26 | Rebuttal Expert Reports. |
| 10/23/26 | Close of Expert Discovery. |
| 10/30/26 | Deadline for the second of two meet and confers to discuss narrowing the number of claims asserted and prior art references at issue to triable limits. If it helps the parties determine these limits, the parties are encouraged to contact the Court's law clerk for an estimate of the amount of trial time anticipated per side. The parties shall file a Joint Report within 5 business days regarding the results of the meet and confer. |
| 11/20/26 | Dispositive motion deadline and *Daubert* motion deadline.<br><br>Responses are automatically extended by 1 extra week in view of the Thanksgiving holiday.<br><br>See General Issues Note #9 regarding providing copies of the briefing to the Court and the technical advisor (if appointed).<br><br>Deadline for parties desiring to consent to trial before the magistrate judge to submit Form AO 85, "Notice, Consent, And Reference Of A Civil Action To A Magistrate Judge," available at https://www.uscourts.gov/forms/civil-forms/notice-consent-and-reference-civil-action-magistrate-judge. |
| 12/4/26 | Serve Pretrial Disclosures (jury instructions, exhibits lists, witness lists, deposition designations). |
| 12/11/26 | Serve objections to pretrial disclosures/rebuttal disclosures. |

| | |
|---|---|
| 1/6/27 | Parties to jointly email the Court's law clerk (*See* OGP at 1) to confirm their pretrial conference and trial dates. |
| 1/14/27 | Serve objections to rebuttal disclosures; file motions *in limine*. |
| 1/21/27 | File Joint Pretrial Order and Pretrial Submissions (jury instructions, exhibits lists, witness lists, deposition designations); file oppositions to motions *in limine*<br><br>From this date onwards, the parties are obligated to notify the Court of any changes to the asserted patents or claims. Such notification shall be filed on the docket within seven (7) days of the change and shall include a complete listing of all asserted patents and claims. If a change to the asserted patents or claims requires leave of court (for example, if a party is moving for leave to assert additional claims), notification shall not be required until the Court grants leave, at which point the notification must be filed within seven (7) days. |
| 1/21/27 | File Notice of Request for Daily Transcript or Real Time Reporting. If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court and email the Court Reporter, Kristie Davis at kmdaviscsr@yahoo.com<br><br>Deadline to file replies to motions *in limine*. |
| 1/27/27 | Deadline to meet and confer regarding remaining objections and disputes on motions *in limine*. |
| 1/29/27 | File joint notice identifying remaining objections to pretrial disclosures and disputes on motions *in limine*. |
| 2/4/27 (or as soon as practicable) | Final Pretrial Conference. Held in person unless otherwise requested. |
| 2/22/27[4] | Jury Selection/Trial. |

---

[4] If the actual trial date materially differs from the Court's default schedule, the Court will consider reasonable amendments to the case schedule post-*Markman* that are consistent with the Court's default deadlines in light of the actual trial date.

5

6

SIGNED this _____ day of _____, 20____.

                                   _____
                                   ALAN D. ALBRIGHT
                                   UNITED STATES JUDGE

Case 7:25-cv-00183-ADA     Document 24-1     Filed 08/04/25     Page 6 of 7

6

SIGNED this _____ day of _____, 20____.

AGREED:

Dated: August 4, 2025

By: */s/ Reza Mirzaie*

Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com
*Counsel for Plaintiff Redstone Logics LLC*

Respectfully submitted,

By: */s/ Brian C. Nash*

Brian C. Nash (TX Bar No. 24051103)
Regan J. Rundio (TX Bar No. 24122087)
Catherine J. Canby (TX Bar No. 21436774)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel.: (512) 617-0654
bnash@mofo.com
rrundio@mofo.com
ccanby@mofo.com

Richard S.J. Hung (admitted *pro hac vice*)
Shaelyn Dawson (admitted *pro hac vice*)
Karina N. Pundeff (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
rhung@mofo.com
shaelyndawson@mofo.com
kpundeff@mofo.com

Scott F. Llewellyn (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
4200 Republic Plaza
370 Seventeenth Street
Denver, CO 80202
Tel.: (303) 592-2204
sllewellyn@mofo.com

Ryan Malloy (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard
Los Angeles, CA 90017
Tel.: (213) 892-5200
rmalloy@mofo.com

**Counsel for Defendant Apple Inc.**
Counsel for Defendant

7