## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC

      *Plaintiff,*

    v.

APPLE INC.,

      *Defendant.*

Case No. 7:25-cv-00183-ADA

**JURY TRIAL DEMANDED**

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

**TABLE OF CONTENTS**

I.   Introduction .............................................................................................................. 1

II.  Legal Standard ......................................................................................................... 1

III. The Complaint Exceeds pleading requirements for direct infringement ................................ 3

IV.  Plaintiff Should have Leave to Amend any Remaining Allegations ...................................... 7

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal,*
  556 U.S. 544 (2007).................................................................................................. 2, 3

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 554 (2007).................................................................................................. 2, 3

*Berall v. Pentax of Am., Inc.,*
  No. 10-CV-577 (LAP), 2021 WL 3934200 (S.D.N.Y. Sept. 2, 2021) ...................................... 3

*BotM8 LLC v. Sony Corporation of America,*
  4 F. 4th 1342 (Fed. Cir. 2021) ...................................................................................... 6

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
  F.3d 1256 (Fed. Cir. 2018) ........................................................................................... 3

*Erickson v. Pardus,*
  551 U.S. 89 (2007)...................................................................................................... 2

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
  681 F.3d 1323 (Fed. Cir. 2012) ..................................................................................... 3

*Johnson v. BOKF Nat'l Ass'n,*
  15 F.4th 356 (5th Cir. 2021) ......................................................................................... 2

*K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.,*
  714 F.3d 1277 (Fed. Cir. 2013) ..................................................................................... 5

*Lionra Techs. Ltd. v. Apple Inc.,*
  No. 6:22-CV-351-ADA, 2023 WL 11915728 (W.D. Tex. May 10, 2023) ............................... 6

*McZeal v. Sprint Nextel Corp.,*
  501 F.3d 1354 (Fed. Cir. 2007) ..................................................................................... 2

*Motiva Patents LLC v. Sony Corp.,*
  408 F. Supp. 2d 819 (E.D. Tex. 2019)............................................................................. 2

*Nalco Co. v. Chem-Mod, LLC,*
  883 F.3d 1337 (Fed. Cir. 2018) ..................................................................................... 2

*Neonode Smartphone LLC v. Samsung Elecs. Co.,*
  No. 6:20-CV-00507-ADA, 2023 WL 5426743 (W.D. Tex. June 27, 2023) ............................ 1

*Novitaz, Inc. v. inMarket Media, LLC,*
  No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal May 26, 2017) .................................... 3

*Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*,
   No. 2:19-CV-00834GMNBNW, 2020 WL 569880 (D. Nev. Feb. 5, 2020) .............................. 3

*Redstone Logics LLC v. MediaTek Inc. et al*,
   No. 7:24-cv-00029-ADA-DTG, Dkts. 10, 42 (W.D. Tex.) ....................................................... 3

*Redstone Logics LLC v. NXP USA, Inc.*,
   No. 7:24-cv-00028-ADA-DTG, Dkts. 21, 52 (W.D. Tex.) ....................................................... 3

*Repairify, Inc. v. Keystone Auto. Indus., Inc.*,
   610 F. Supp. 3d 897 (W.D. Tex. 2022) .................................................................................... 2

*Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*,
   No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016) ............................................ 3

*Unification Techs. LLC v. Dell Techs., Inc.*,
   6:20-CV-00499-ADA, 2021 WL 1343188 (W.D. Tex. Jan 28, 2021) ....................................... 3

*USC IP P'ship, L.P. v. Facebook, Inc.*,
   No. 6:20-CV-00555-ADA, 2021 WL 3134260 (W.D. Tex. July 23, 2021) .............................. 5

*Vervain, LLC v. Micron Tech., Inc.*,
   No. 6:21-CV-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .................................... 6

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
   No. W-21-CV-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022) ........................... 2

**Rules**

Fed. R. Civ. P. 12(b) .......................................................................................................................... 1

Fed. R. Civ. P. 15(a) .......................................................................................................................... 7

## I.       INTRODUCTION

Apple's Motion to Dismiss should be denied because it ignores plausible, reasonable inferences in favor of Plaintiff Redstone. Instead, Apple asks the Court to find the "PLL" and "independent" limitations are "clearly material to novelty and non-obviousness" and hold these limitations to a higher standard despite such information being Apple's confidential information and unavailable to Redstone. But even the limited publicly available demonstrate Apple's cluster of efficiency cores and cluster of performance cores operate at different frequencies, in different clock domains. It is plausible to infer that each different clock domain is formed using a separate PLL. Indeed, Wikipedia provides that "[t]ypically, the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock."

**Clock generation**

Many electronic systems include processors of various sorts that operate at hundreds of megahertz to gigahertz, well above the practical frequencies of crystal oscillators. Typically, the clocks supplied to these processors come from clock generator PLLs, which multiply a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor. The multiplication factor can be quite large in cases where the operating frequency is multiple gigahertz and the reference crystal is just tens or hundreds of megahertz.

Ex. A at 5. Based on what is publicly available, it is plausible, typical of products today even, that PLLs would be used according to the claims. As such, Apple's motion to dismiss should be denied.[1]

## II.      LEGAL STANDARD

This Court recently set out the standard for dismissal under Rule 12(b)(6) in *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 6:20-CV-00507-ADA, 2023 WL 5426743, at \*1–2 (W.D. Tex. June 27, 2023).  Evaluating whether to grant a motion to dismiss under Rule 12(b)(6)

---

[1] Redstone does not assert pre-suit damages but reserves the right to seek discovery and later amend the complaint regarding marking and notice given Redstone is not the original assignee of the '339 Patent. As such, Apple's motion regarding marking should be denied as moot.

is a "purely procedural question not pertaining to patent law." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). Thus, Fifth Circuit law governs. *Id.* In the Fifth Circuit, "all well-pleaded facts" are accepted as true, they are viewed "in the light most favorable to the plaintiff," and "all reasonable inferences" are drawn in the plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021). A complaint must be "plausible on its face" with sufficient factual bases. *Ashcroft v. Iqbal*, 556 U.S. 544, 570 (2007). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Additionally, there must be "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," based on "more than a sheer possibility that a defendant has acted unlawfully." *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, W-21-CV-00681-ADA, 2022 WL 3592449, at *2 (W.D. Tex. Aug. 22, 2022) (citing *Iqbal*, 556 U.S. at 678). Furthermore, specific facts are not required, as long as the statement gives the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (alteration in original) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007)). Discovery should generally proceed when "the relevant information is beyond the access of the plaintiff ... unless the complaint recites no more than sheer speculation about the plaintiff's entitlement to relief." *Motiva Patents LLC v. Sony Corp.*, 408 F. Supp. 2d 819, 827 (E.D. Tex. 2019) (alteration in original). This is because a plaintiff "need not prove its case at the pleading stage." *Repairify, Inc. v. Keystone Auto. Indus., Inc.*, 610 F. Supp. 3d 897, 900–01 (W.D. Tex. 2022) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).

To allege direct infringement, the complaint must contain facts that "plausibly support the assertion that a defendant 'without authority makes, uses, offers to sell, or sells any patented

2

invention during the term of the patent." *Ruby Sands, LLC v. Am. Nat'l Bank of Tex.*, No. 2:15-cv-1955, 2016 WL 3542430, at \*2 (E.D. Tex. June 28, 2016) (quoting 35 U.S.C. § 271(a)). Although the allegations must show that all claim limitations of at least one claim of the claimed invention are practiced by the accused products to satisfy the *Twombly/Iqbal* pleading standard, *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795-EJD, 2017 WL 2311407, at \*3 (N.D. Cal May 26, 2017), the complaint satisfies this requirement if it alleges that the accused products, identified both by name and with visual exhibits, satisfy "each and every element of at least one claim of the [asserted] Patent." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, F.3d 1256, 1260 (Fed. Cir. 2018). And although some courts have found *Disc Disease* does not set the minimum requirements for pleading patent infringement, *Pure Parlay, LLC v. Stadium Tech. Grp., Inc.*, No. 2:19-CV-00834GMNBNW, 2020 WL 569880, at \*3 (D. Nev. Feb. 5, 2020), this Court and others have found that it does. *Unification Techs. LLC v. Dell Techs., Inc.*, 6:20-CV-00499-ADA, 2021 WL 1343188, at \*3 (W.D. Tex. Jan 28, 2021); *accord Berall v. Pentax of Am., Inc.*, No. 10-CV-577 (LAP), 2021 WL 3934200, at \*5 (S.D.N.Y. Sept. 2, 2021). The facts used to support the alleged infringement do not need to "mimic the precise language used in a claim." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012).

## III.   THE COMPLAINT EXCEEDS PLEADING REQUIREMENTS FOR DIRECT INFRINGEMENT

The Complaint offers factual content that allows the court to draw the reasonable inference that the defendant is liable for patent infringement. Indeed, Apple's motion nearly directly mirrors similar motions filed by MediaTek and NXP and should be denied for the same reason. *See Redstone Logics LLC v. NXP USA, Inc.*, Case No. 7:24-cv-00028-ADA-DTG, Dkts. 21, 52 (W.D. Tex.); *Redstone Logics LLC v. MediaTek Inc. et al*, Case No. 7:24-cv-00029-ADA-DTG, Dkts. 10, 42 (W.D. Tex.). Apple's motion challenges two elements of the asserted claims: 1) "a

first/second phase lock loop (PLL)" and 2) the "independent" limitation. Dkt. 23 at 3-7. Apple contends because it does not publicly disclose the arrangement of its multi-core processors with enough detail to identify particular PLLs, Plaintiff's claims must be dismissed. But this is wrong. The accused products have sets of processor cores operating in different clock domains and it is typical that each clock domain is provided by a separate PLL. *See* ex. A at 5. It is entirely reasonable to infer that Apple uses follows the typical practice and provides a separate PLL as claimed.

Redstone has more than adequately plead facts that plausibly demonstrate Apple implements PLLs for each of its sets of processor cores and that each PLL receives an independent clock signal. First, there is no dispute that the accused products, Apple's system on chip (SoCs), contain a set of two or more efficiency, or e-cores, and a set of two or more performance, or p-cores. *See e.g.* Dkt. 22-2 at 4-10. Second, there is no dispute that each core within a set of cores, or cluster, receives the same frequency and the e-cores and p-cores operate at differing frequencies or in different clock domains. *See e.g. id*. at 6 (explaining the E cores typically operate at 744 MHz but may operate at a maximum of 2,748 MHz while P cores operate in a range from 696 MHz to 4,056 MHz). It is entirely plausible that to provide a single frequency to all cores within a set, Apple uses a common component for controlling and providing clock signals, a PLL. *See* Ex. A. It is also entirely plausible for these PLLs to provide different clock domains, they are provided with different, independent clock signals as input. Taking all inferences in Redstone's favor, Apple's SoC's infringe.

Moreover, just as the Court found in *USC IP P'ship, L.P. v. Facebook, Inc.,* a complaint need not be dismissed even if it "has not identified any specific feature of the accused product that constitutes [a claimed element,] a plaintiff should not be barred at the dismissal stage 'when the

4

operation of [the accused product] is not ascertainable without discovery.'" No. 6:20-CV-00555-ADA, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021) (citing *K-Tech Telecommunications, Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013 )). That is the case here. Apple keeps any information regarding the architecture of its processors, the accused products, largely secret. Apple's motion to dismiss does not contest this fact. *See* Dkt. 23 at 5-6. Instead, Apple asks that Redstone be made to "teardown" the accused products, *id*. at 6, but even that would not reveal what Apple has kept secret. Indeed, PLLs can be incredibly small, on the scale of nanometers and thus not reasonably identifiable from a "teardown." *See* Ex. B (showing PLLs in production sized around 14 nm). Redstone's identification of Apple's use of different clock domains and the use of PLLs as the typical method for implementing different clock domains meets Redstone's pleading obligation.

Apple's argument that a heightened pleading standard should apply misrepresents the technology and misconstrues the prosecution history. While the PLLs and the "independent" limitations were added during prosecution, that does not make them of any greater note than any other limitation. Indeed, a careful examination of the prosecution history would show that the applicant distinguished the prior art on the basis of several other limitations as well. The first distinction the applicant notes in its response to the office action relates to voltages, not clock signals. *See* Dkt. 23-2 at 9. Only second did the applicant address PLLs, but did so with several other new limitations such as "a first/second output clock signal," "a first/second clock signal as input," and that "the first clock signal is independent from the second clock signal." *Id*. at 9-10. When the limitation in question is but one of ***five*** that an application distinguished the prior art over, that limitation is not the point of novelty.

5

Moreover, *Vervain*, the case Apple points to for its proposition that the "PLL" limitation is material and requires a heightened pleading standard is distinguishable. Just as the Court explained to Apple in *Lionra*, unlike in *Vervain*, "the instant technology is not related to software/firmware for solid state memory, rather the physical architecture and operation of … processors." *Lionra Techs. Ltd. v. Apple Inc.*, No. 6:22-CV-351-ADA, 2023 WL 11915728, at *2 (W.D. Tex. May 10, 2023). This case too addresses the physical architecture and operation of processors, here multi-core processors, and is thus unlike "the complexity of the technology, the materiality of any given element to practicing the asserted claims(s), and the nature of the allegedly infringing device" as the Court found in *Vervain*. *See Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-CV-00487-ADA, 2022 WL 23469, at *2 (W.D. Tex. Jan. 3, 2022) (quoting *BotM8 LLC v. Sony Corporation of America,* 4 F.4th 1342 (Fed. Cir. 2021)).

Lastly, Apple's citation to Redstone's IPR arguments confuses the standards and misconstrues Redstone's prior argument. In the MediaTek IPR, MediaTek largely ignored the PLL limitation. *See* Dkt. 23-4 at 22 ("For these reasons we agree with Patent owner that the Petition fails to sufficiently demonstrate that Knoth and Allarey teach 'a first and second PLL with respective first and second clock signals as inputs where the first clock signal is independent from the second clock signal,' as required by claims 1 and 21"). In response, Redstone argued "[n]either the Petition nor Dr. Baker's declaration explain why it would be obvious or inherent or would be a PHOSITA's reading that multiple PLLs, oscillators, or sets of timing pulses could or would be used." Dkt. 23-6 at 14[2]. Redstone did not argue, as would be relevant, that it is an implausible inference that multiple clock domains would be supplied by multiple PLLs based on common

---

[2] While Redstone also noted the express teaching of another reference, Naffziger, had only a single clock signal provided to a single power control unit, which MediaTek identified as the PLL, associated with multiple cores, that is inapposite. There was also no showing that this disclosed arrangement could support different clock domains or that a change to support different clock domains would be obvious. Ex. C at 17-18.

industry practice, indeed MediaTek did not reference industry practice. Instead, Redstone pointed out MediaTek's failure to show its proposed modifications to the art would be obvious. This has no bearing on what inferences are plausible in a complaint.

Redstone has demonstrated that it is plausible to infer from Apple's use of independent clock domains, that Apple utilizes multiple PLLs supplied with independent clock signals as inputs. Moreover, there is no basis to hold Redstone to a heightened standard, particularly in light of the relevant information being non-public. Apple's motion should be denied.

## IV.    PLAINTIFF SHOULD HAVE LEAVE TO AMEND ANY REMAINING ALLEGATIONS

In the unlikely event the Court grants the motion, the Court should give leave to amend the pleadings to cure any deficiency. Indeed, Defendant does not argue that any amendments would be impossible and futile.  As the Federal Rules provide: "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).


Dated: August 11, 2025                                  Respectfully submitted,

                                                        */s/ Joshua Scheufler*
                                                        Reza Mirzaie
                                                        CA State Bar No. 246953
                                                        Marc A. Fenster
                                                        CA State Bar No. 181067
                                                        Neil A. Rubin
                                                        CA State Bar No. 250761
                                                        Christian W. Conkle
                                                        CA State Bar No. 306374
                                                        Jonathan Ma
                                                        CA State Bar No. 312773
                                                        Joshua Scheufler
                                                        TX State Bar No. 24123406
                                                        RUSS AUGUST & KABAT
                                                        12424 Wilshire Boulevard, 12th Floor
                                                        Los Angeles, CA 90025
                                                        Telephone: 310-826-7474
                                                        Email: rmirzaie@raklaw.com

Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
 Email: ptong@raklaw.com

*Attorneys for Plaintiff Redstone Logics LLC*

## CERTIFICATE OF SERVICE

I certify that on August 11, 2025, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Joshua Scheufler*
Joshua Scheufler