IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>    Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>    Defendant. | No. 7:25-cv-00183-ADA |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

# **TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1
II. ARGUMENT ......................................................................................................................... 1
    A. Redstone's Reliance on Wikipedia Does Not Cure the FAC's Deficiencies .......... 1
    B. The Wikipedia Article Does Not Render Satisfaction of the "PLL" Limitation Plausible ................................................................................................................. 2
    C. The Wikipedia Article Confirms that the Accused SoCs Do Not Practice the "Independent" Limitation ....................................................................................... 4
    D. The Prosecution History and Technological Complexity Underscore the Need for More Detail about the "PLL" and "Independent" Limitations, Not Less ........................... 5
    E. Redstone Concedes that It Is Not Seeking Pre-Suit Damages ............................... 7
    F. Leave to File a Second Amended Complaint Should Be Denied. ......................... 8
III. CONCLUSION ..................................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*ALD Soc. LLC v. Verizon Commc'ns, Inc.*,
   No. 22-cv-1011-FB, 2023 WL 11915724 (W.D. Tex. Sept. 30, 2023) ...................................... 8

*Bot M8 LLC v. Sony Corp. of Am.*,
   4 F.4th 1342 (Fed. Cir. 2021) .................................................................................................... 5

*Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*,
   748 F.3d 631 (5th Cir. 2014) ..................................................................................................... 1

*Clark v. Thompson*,
   850 F. App'x 203 (5th Cir. 2021) ...................................................................................... 2, 5, 7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000) ..................................................................................................... 2

*CTD Networks, LLC v. Google, LLC*,
   688 F. Supp. 3d 490 (W.D. Tex. 2023) ...................................................................................... 8

*Davis v. United States*,
   961 F.2d 53 (5th Cir. 1991) ....................................................................................................... 9

*De La Vega v. Microsoft Corp.*,
   No. 6:19-CV-00612-ADA, 2020 WL 3528411 (W.D. Tex. Feb. 11, 2020) ............................... 2

*Goldstein v. MCI WorldCom*,
   340 F.3d 238 (5th Cir. 2003) ..................................................................................................... 8

*Lionra Technologies Ltd. v. Apple Inc.*,
   No. 6:22-cv-351, 2023 WL 11915728 (W.D. Tex. May 10, 2023) ....................................... 6, 7

*Menard v. CSX Transp., Inc.*,
   698 F.3d 40 (1st Cir. 2012) .................................................................................................... 2, 4

*Novitaz, Inc. v. inMarket Media, LLC*,
   No. 16-cv-06795, 2017 WL 2311407 (N.D. Cal. May 26, 2017) .............................................. 1

*Power Analytics Corp. v. Operation Tech., Inc.*,
   820 F. App'x 1005 (Fed. Cir. 2020) ...................................................................................... 2, 4

*Shamoon v. City of San Antonio*,
   No. 18-cv-718-XR, 2025 WL 1356399 (W.D. Tex. Apr. 30, 2025) .......................................... 6

*Stripling v. Jordan Prod. Co., LLC*,
　　234 F.3d 863 (5th Cir. 2000) ...................................................................................................9

*USC IP Partnership, L.P. v. Facebook, Inc.*,
　　No. 6:20-cv-555, 2021 WL 3134260 (W.D. Tex. July 23, 2021) .............................................3

*VDPP, LLC v. Gen. Motors Co.*,
　　No. 1:23-cv-956-RP, 2024 WL 4958307 (W.D. Tex. July 22, 2024) ......................................8

*Vervain, LLC v. Micron Tech., Inc.*,
　　No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .....................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) ...................................................................................................................1

Fed. R. Civ. P. 15 .........................................................................................................................8, 9

Local Rule CV-7(b) ........................................................................................................................8

I.        **INTRODUCTION**

In its Opposition, Redstone effectively concedes that its FAC lacks sufficient detail to state a plausible claim of infringement for multiple limitations, thus confirming that dismissal is proper.

In view of the deficiencies in its FAC, Redstone's Opposition resorts to citing a Wikipedia article to try to supplement its conclusory allegations for the phase lock loop ("PLL") and "independent" limitations. (ECF No. 26 ("Opp.") at 1, 4.) But Redstone's reliance on materials outside of the FAC is both improper and ineffective. Redstone identifies no factual basis for its speculative "information and belief" allegation that the accused SoCs satisfy the "PLL" and "independent" limitations. And Redstone's Wikipedia article, which describes a multi-processor system using pre-processor PLLs and a single input clock, underscores that it is unreasonable to assume those limitations are met.

Although acknowledging that it must show that "all claim limitations of at least one claim of the claimed invention are practiced by the accused products," Redstone fails to do so for at least the "PLL" and "independent" limitations. (Opp. at 3 (citing *Novitaz, Inc. v. inMarket Media, LLC*, No. 16-cv-06795, 2017 WL 2311407, at *3 (N.D. Cal. May 26, 2017)).) Redstone's FAC therefore must be dismissed. Having squandered multiple opportunities to present more detailed allegations as to these limitations (*e.g.*, in response to Apple's correspondence, first motion to dismiss, and latest motion), Redstone should not be permitted leave to amend.

II.       **ARGUMENT**

    A.    **Redstone's Reliance on Wikipedia Does Not Cure the FAC's Deficiencies**

Redstone cannot remedy that conclusory allegation by relying on the Wikipedia article for "phase-locked loop." (Opp. at 1, 4 (citing Ex. A).) On a Rule 12(b)(6) motion, "a district court generally 'must limit itself to the contents of the pleadings, including attachments thereto.'" *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014) (quoting

1

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). A plaintiff "cannot cure deficiencies in [its] Amended Complaint through new allegations in [its] response to Defendant['s] motion to dismiss." *De La Vega v. Microsoft Corp.*, No. 6:19-CV-00612-ADA, 2020 WL 3528411, at *4 (W.D. Tex. Feb. 11, 2020). As Redstone cannot properly use a Wikipedia article to belatedly bolster its deficient FAC allegations, and Redstone's Opposition turns on that article, dismissal is warranted.

### B. The Wikipedia Article Does Not Render Satisfaction of the "PLL" Limitation Plausible

The phase lock loop ("PLL") limitation requires that each processor core of the first set of processor cores receive the clock signal output from a first PLL; and that each processor core of the second set of processor cores receive the clock signal output from a second PLL. ('339 patent at 7:54-64.) Redstone openly admits it does not know "the precise mechanism used to provide a clock signal." (ECF No. 22-2 ("Claim Chart") at 7.) Redstone alleges that the accused SoCs satisfy this limitation only on "information and belief" (*id.* at 4, 7), but that is insufficient.

Specifically, "[i]nformation and belief" allegations do not allow for "pure speculation." *Menard v. CSX Transp., Inc.*, 698 F.3d 40, 44 (1st Cir. 2012). Redstone does not dispute that a plaintiff may allege facts "on information and belief" only if it has "exercise[d] reasonable due diligence and provide[d] some factual basis for [its] allegations that would raise a reasonable expectation that discovery will reveal evidence" that defendants engaged in unlawful conduct. (Mot. at 5 (quoting *Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021)).) Nor does Redstone deny that it must offer some "explanation or detail as to what 'information and belief' supports" its allegations. (*Id.* at 6 (quoting *Power Analytics Corp. v. Operation Tech., Inc.*, 820 F. App'x 1005, 1020 (Fed. Cir. 2020)).) *See also Menard*, 698 F.3d at 44 (requiring plaintiff to set forth support for information-and-belief allegations).

2

The Wikipedia article provides no explanation or detail that leads to a reasonable expectation that one PLL serves each processor core of a given set. Redstone mischaracterizes the Wikipedia article as showing that "it is typical that each clock domain" in a multi-processor system "is provided by a separate PLL." (Opp. at 4 (citing Ex. A at 5).) It reasons, then, that because the accused SoCs processor cores allegedly operate in separate domains, it is "entirely reasonable to infer that Apple uses follows [sic] the typical practice and provides a separate PLL." (*Id*.) But the cited portion of the Wikipedia article does not refer to different clock domains, much less processors being in different clock domains, as Redstone suggests. Redstone reaches the wrong conclusion because it starts with the wrong premise.

In addition, Redstone does not explain why it is not more reasonable to infer from the Wikipedia article that each core would have its own PLL, not one PLL serving multiple cores like the claims require. If the typical practice is for each processor to have its own PLL, as Redstone asserts (Opp. at 1 (citing Ex. A at 5)), the reasonable inference would be that each accused processor core has its own PLL—not that one PLL serves multiple processor cores. It is, therefore, more reasonable to infer from Wikipedia that Apple does not infringe.

Citing *USC IP Partnership, L.P. v. Facebook, Inc.*, No. 6:20-cv-555, 2021 WL 3134260, at *2 (W.D. Tex. July 23, 2021), Redstone contends that its "on information and belief" allegations are acceptable because the accused products' operation is "not ascertainable without discovery." (Opp. at 4-5.) Redstone overlooks that *USC* did not involve "on information and belief" allegations at all. Instead, the complaint in *USC* raised a reasonable inference that the accused product included the disputed "intent engine" because it adequately alleged how the product practiced each claimed functionality corresponding to that engine. *USC*, 2021 WL 3134260, at *2.

3

Here, by contrast, Redstone has not adequately alleged how the accused SoCs practice all of the PLLs' claimed functionality: (1) receiving an input clock signal independent from that of the other PLL; and (2) producing an output clock signal for each core of its assigned set of processor cores. Redstone has not done so because it does not know the mechanism used to provide clock signals to the accused cores and states no basis for its related conclusory allegations.

C.   **The Wikipedia Article Confirms that the Accused SoCs Do Not Practice the "Independent" Limitation**

The "independent" limitation requires that the first and second PLLs have respective first and second clock signals as inputs and that those first and second clock signals be "independent." ('339 patent at 7:66-67 ("[A]nd the first clock signal is independent from the second clock signal . . . .").) Again, Redstone admits it does not know "the precise mechanism used to provide a clock signal." (Claim Chart at 7.) Thus, Redstone's FAC alleges that the "independent" limitation is satisfied only on "information and belief." But, Redstone's Opposition, like the FAC itself, fails to articulate the basis for its belief that the accused SoCs satisfy the "independent" limitation. Redstone posits only that it would be "entirely plausible for [the] PLLs to provide different clock domains, [such that] they are provided with different, independent clock signals as input." (Opp. at 4.) That sort of conclusory allegation is insufficient. *See Power Analytics,* 820 F. App'x at 1010; *Menard,* 698 F.3d at 44.

Redstone has not plausibly pleaded that the accused SoCs practice this limitation. To the contrary, Redstone's Wikipedia article confirms it would be unreasonable to assume this. As the Wikipedia article explains, "the clocks supplied to [] processors [in multi-processor systems] come from clock generator PLLs." (Opp. at 1 (citing Ex. A at 5).) Those PLLs "multiply a lower-frequency reference clock (usually 50 or 100 MHz) up to the operating frequency of the processor." *Id.* Critically, the Wikipedia article does ***not*** say that each processor (in Redstone's reading, each

4

set of cores) in a "typical" multi-processor system has its own PLL that had its own, independent reference clock signal. Instead, that article refers to a "lower-frequency reference clock" (singular) that supplies the clock signal to all the PLLs. (Opp., Ex. A at 5; *see also id.* at 9 (describing how PLLs use a reference clock from a "single stable, accurate, quartz-crystal-controlled reference oscillator" to produce "a large number of frequencies").)

As the Wikipedia article refers to PLLs receiving one clock, Redstone cannot rely on it to show that the PLLs' input clock signals are "independent." Dismissal therefore is warranted for this reason as well. *Cf. Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1354 (Fed. Cir. 2021) ("[T]he FAC contains too much rather than too little, to the point that [plaintiff] has essentially pleaded itself out of court.").

### D. The Prosecution History and Technological Complexity Underscore the Need for More Detail about the "PLL" and "Independent" Limitations, Not Less

Redstone's need to justify its information-and-belief allegation is particularly acute in view of its representations before the USPTO. Redstone does not deny that, during prosecution, it distinguished a prior art SoC with two sets of cores running at different frequencies as allegedly lacking two PLLs with independent input clock signals. (*See* Mot. at 6.) Nor does Redstone deny that it disputed the obviousness of modifying that prior art SoC to employ independent input clock signals. (*See id.* at 6-7). Finally, Redstone does not deny that the USPTO allowed the asserted claims only after Redstone amended them to add the "PLL" and "independent" limitations. (*Compare* Mot. at 3-4, *with* Opp. at 5.)

Having taken these positions before the USPTO, Redstone cannot now credibly argue that the accused SoCs must have two PLLs with two independent input clock signals—merely because they have two sets of cores running at different frequencies. But that is precisely what it now advocates. (Claim Chart at 7 ("[T]he first clock signal is independent form the second clock signal.

5

For example, the e-cores and p-cores operate within different frequency ranges, requiring independent clock signals.").)

Equally incredible is Redstone's contention that it need not provide detailed contentions for the "PLL" and "independent" limitations because the patent applicant distinguished the prior art on other bases during prosecution. (Opp. at 5.) Redstone does not deny the heavy emphasis that the applicant placed on both limitations before the USPTO. For example, the applicant dedicated its last interview with the Examiner to discussing the independence of the "clock signals input to the PLLs." (Mot., Ex. 2.) Nor does Redstone dispute that, in opposing MediaTek's IPR, Redstone focused exclusively on the "PLL" and "independent" limitations. (*See id.*, Exs. 3, 4.)

Regardless, Redstone cites no authority to support lowering the pleading requirements for some material limitations merely because others also are material. To the contrary, the case law supports dismissing infringement claims where the plaintiff cannot marshal factual support to support them. *See, e.g.*, *Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (dismissing infringement claim where plaintiff relied on limitation to distinguish prior art during prosecution, but failed to provide factual support for alleged infringement of that limitation ); *Shamoon v. City of San Antonio*, No. 18-cv-718-XR, 2025 WL 1356399, at *5 (W.D. Tex. Apr. 30, 2025) (dismissing infringement claim where plaintiff relied on limitation to distinguish prior art in IPR proceedings, but failed to provide factual support for alleged infringement of that limitation).

Citing *Lionra Technologies Ltd. v. Apple Inc.*, No. 6:22-cv-351, 2023 WL 11915728, at *2 (W.D. Tex. May 10, 2023), Redstone also contends that it need not provide detail for the "PLL" and "independent" limitations because the accused technology here allegedly is not "complex." (Opp. at 6.) But Redstone ignores that the direct infringement allegations in *Lionra* were

6

well-pleaded because the plaintiff identified a "plethora" of evidence to support them. The plaintiff's evidence there included reference to teardown of accused iPhone products, citation to wireless standards, and reliance on undisputed industry facts. *Lionra*, 2023 WL 11915728, at *4.

Here, by contrast, Redstone points to no comparable documentation in either its FAC or Opposition. For example, although commercially available teardowns analyze components of an accused SoC (including PLLs), Redstone cites to none of them. *See, e.g.*, TechInsights, *Apple A10 Circuit Analysis on Selected Blocks*, https://www.techinsights.com/ko/node/28167 (last accessed Aug. 13, 2025). Unlike the plaintiff in *Lionra,* Redstone has not shown that it has "exercise[d] reasonable due diligence" or "provide[d] some factual basis" for its information-and-belief allegations. *Clark*, 850 F. App'x at 209. Dismissal therefore is warranted.

### E. Redstone Concedes that It Is Not Seeking Pre-Suit Damages

Redstone does not deny that it has not pleaded compliance with the patent marking statute. Instead, Redstone contends that it cannot do so absent further discovery, as it is not the "original assignee" of the asserted patent. (Opp. at 1 n.1.)

Redstone ignores that it has had ample opportunity to muster support for this issue. After obtaining the patent from the original assignee, Empire Technology Development LLC, in approximately December 2002, Redstone has since asserted it in **seven** distinct actions. Redstone does not explain why, in the intervening three years, it has not obtained the necessary information about marking from Empire. Nor does it explain why it has not pursued this information in the multiple other cases in which discovery is or was ongoing. *See* Scheduling Orders in Redstone's actions against *Qualcomm Inc.*, No. 7:24-cv-231, ECF No. 24 (W.D. Tex. Jan. 27, 2025) (discovery has been open since June 10, 2025); *MediaTek Inc.*, No. 7:24-cv-29, ECF No. 24 (W.D. Tex. Aug. 27, 2024) (discovery open for three months from February 20, 2025, to June 2, 2025

dismissal); and *NXP Semiconductors NV*, No. 7:24-cv-28, ECF No. 36 (W.D. Tex. Oct. 8, 2024) (discovery open for three months from February 20, 2025, to May 23, 2025 dismissal).

Regardless, by acknowledging that it is not seeking pre-suit damages (Opp. at 1 n.1), Redstone confirms the appropriateness of granting Apple's motion on this issue.

### F.   Leave to File a Second Amended Complaint Should Be Denied.

Redstone should not be granted leave to amend its Complaint yet again for multiple reasons.

First, it already ignored multiple opportunities to present more detailed allegations. Shortly after Redstone filed its original Complaint, Apple asked that Redstone amend it to correct various deficiencies. (Mot., Ex. 5.) When Redstone declined, Apple then moved to dismiss. Only **then** did Redstone seek to amend its Complaint pursuant to Rule 15(a)(1)—but still without providing the requisite detail for the "PLL" and "independent" limitations. Redstone does not explain why it should be given yet another opportunity to do so now. *See Goldstein v. MCI WorldCom*, 340 F.3d 238, 254-55 (5th Cir. 2003) (affirming denial of leave where plaintiff wasted multiple opportunities to correct its pleading deficiencies or propose corrections).

Second, Redstone's request contravenes Local Rule CV-7(b). That rule requires a party to file "an executed copy of the proposed pleading, motion, or other submission" with any motion for leave to amend. Despite requesting leave, Redstone provided no proposed amendments for the Court's consideration. The Court may deny its request for that reason alone. *See CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 504 (W.D. Tex. 2023) (denying leave to amend where patent owner did not offer proposed amendments or "any explanation as to how its amendment would cure any deficiencies"); *VDPP, LLC v. Gen. Motors Co.*, No. 1:23-cv-956-RP, 2024 WL 4958307, at *3 (W.D. Tex. July 22, 2024) (same); *ALD Soc. LLC v. Verizon Commc'ns, Inc.*, No. 22-cv-1011-FB, 2023 WL 11915724, at *8 (W.D. Tex. Sept. 30, 2023) (same).

8

Third, and relatedly, leave to amend under Rule 15 "is by no means automatic." *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991). A court may deny amendments that would be futile. *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000). Redstone, however, offers no explanation for how its anticipated amendments would cure the deficiencies noted above.

## III. CONCLUSION

Redstone's "information and belief" allegations for the "PLL" and "independent" claim requirements are deficient, and its reliance on a Wikipedia article does not help and actually harms its position. Redstone also concedes that it is not pursuing pre-suit damages, rendering dismissal of that claim appropriate. As Redstone has missed multiple opportunities to cure its deficient pleadings, Apple urges the Court to dismiss Redstone's FAC without leave to amend.

Dated: August 18, 2025                                  Respectfully submitted,

By: */s/ Shaelyn Dawson*
    Brian C. Nash (TX Bar No. 24051103)
    Regan J. Rundio (TX Bar No. 24122087)
    Catherine J. Canby (TX Bar No. 21436774 )
    MORRISON & FOERSTER LLP
    300 Colorado Street, Suite 1800
    Austin, TX 78701
    Tel.: (512) 617-0654
    bnash@mofo.com
    rrundio@mofo.com
    ccanby@mofo.com

    Richard S.J. Hung (admitted *pro hac vice*)
    Shaelyn Dawson (admitted *pro hac vice*)
    Karina N. Pundeff (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    425 Market Street
    San Francisco, CA 94105
    Tel.: (415) 268-7000
    rhung@mofo.com
    shaelyndawson@mofo.com
    kpundeff@mofo.com

    Scott F. Llewellyn (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    4200 Republic Plaza
    370 Seventeenth Street
    Denver, CO 80202
    Tel.: (303) 592-2204
    sllewellyn@mofo.com

    Ryan Malloy (admitted *pro hac vice*)
    MORRISON & FOERSTER LLP
    707 Wilshire Boulevard
    Los Angeles, CA 90017
    Tel.: (213) 892-5200
    rmalloy@mofo.com

    ***Counsel for Defendant Apple Inc.***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on August 18, 2025.

                                          */s/ Shaelyn Dawson*
                                          Shaelyn Dawson