# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC,                          §
                                              §
            Plaintiff,                        §
                                              §
v.                                            §
                                              §        Case No. 7:25-CV-00183-ADA
APPLE INC.,                                   §
                                              §
            Defendant.                        §
                                              §
                                              §

## PROTECTIVE ORDER

WHEREAS, Plaintiff Redstone Logics LLC and Defendant Apple Inc., hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.    Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information, or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information, or material ("Protected Material").  Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document,

information, or material as follows: "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE."  The word(s) "CONFIDENTIAL,"
"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall be placed
clearly on each page of the Protected Material (except deposition and hearing transcripts)
for which such protection is sought.  For deposition and hearing transcripts, the word(s)
"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES
ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE
CODE" shall be placed on the cover page of the transcript (if not already present on the
cover page of the transcript when received from the court reporter) by each attorney
receiving a copy of the transcript after that attorney receives notice of the designation of
some or all of that transcript as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –
OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY – SOURCE CODE."

2.    Any document produced before issuance of this Order, including pursuant to the Court's
Order Governing Proceedings - Patent Case, with the designation "Confidential" or the like
shall receive the same treatment as if designated "CONFIDENTIAL" under this order and
any such documents produced with the designation "Confidential – Outside Attorneys'
Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL
– OUTSIDE ATTORNEYS' EYES ONLY" under this Order, unless and until such
document is re-designated to have a different classification under this Order.

3.    With respect to documents, information, or material designated "CONFIDENTIAL,"

"HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests, and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4.    A designation of Protected Material (*i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information, or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any Party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s) as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY – SOURCE CODE," individually and collectively.

is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information, or material derived from or based thereon.

5.      "CONFIDENTIAL" documents, information, and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a)     Outside counsel of record in this Action for the Parties.

(b)     Employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action.

(c)     In-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action.

(d)     Up to and including three (3) designated representatives of each of the Parties, as well as their immediate paralegals and staff, to the extent reasonably necessary for the litigation of this Action, and who have completed the Undertaking attached as Appendix A hereto, except that any Party may in good faith request the other Party's consent to designate one or more additional representatives, the other Party shall not unreasonably withhold such consent, and the requesting Party may seek leave of Court to designate such additional representative(s) if the requesting Party believes the other Party has unreasonably withheld such consent.

(e)     Outside consultants or experts retained for the purpose of this litigation, including their administrative and clerical staff whose duties and responsibilities reasonably require access to such materials, provided that: (1) such consultants or experts are not presently employed by or a current officer or director of the Parties or of an affiliate of a Party hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Appendix A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert, including a list of other cases in which the individual has provided a report or testified (at trial or deposition) and a list of companies that the individual has been employed by or provided consulting services pertaining to the field of the invention of the patent(s)-in-suit or the products accused of infringement within the last four years and a brief description of the subject matter of the consultancy or employment,[2] at least ten (10) days

_____

[2] If the expert or consultant believes any of this information is subject to a confidentiality obligation to a Third Party, then the expert or consultant should provide information not subject to the

before access to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of receipt of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order.

(f)     Independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action.

(g)     The Court and its personnel.

(h)     Mock jurors who have completed the Undertaking attached as Appendix A hereto. A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(i)     Any mediator who is assigned to this matter, and their staff, who have completed the Undertaking attached as Appendix A hereto.

6.     A Party shall designate documents, information, or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information, or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information, or material.

7.     Documents, information, or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED

---

confidentiality obligation, and the Party seeking to disclose to the consultant or expert must be available to meet and confer with the designating Party regarding any such engagement.

MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries, or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries, or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To ensure compliance with applicable United States Export Administration Regulations, Protected Material may not be exported outside the United States or released to any person who does not meet the definition of U.S. Person or who is not otherwise authorized under the regulations (even if within the United States). To the extent that a producing Party believes that any additional document may be subject to export control, and the document is not already marked with an indication to that effect, the producing Party will mark the document "MAY BE SUBJECT TO EXPORT CONTROL" in order to aid compliance with applicable United States Export Administration Regulations.

9. To the extent a producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY." For Protected Material designated "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a–b), (e–g), and (i); provided, however, that the designating Party shall accommodate reasonable requests to provide summary information to in-house counsel

designated pursuant to paragraph 5(c) who exercise no competitive decision-making authority, as defined by *U.S. Steel v. United States*, 730 F.2d 1465, 1468 n.3 (Fed. Cir. 1984), on behalf of the client and reasonably require access to such information.

10.    To the extent a producing Party believes that certain Protected Material includes computer source code (that is, computer code, scripts, assembly, binaries, object code, source code listings (e.g., file names and path structure), and object code listings. Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, and Computer Aided Design (CAD) files that describe the hardware design of any component) and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE, the following additional restrictions apply:

    (a)    Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet except at the producing Party's election). The stand-alone computer(s) will be less than three years old, run MacOS Big Sur or later operating system, and be equipped with at least a 25" monitor, a full-size keyboard, and mouse. The stand-alone computer(s) may be connected to (i) a printer, or (ii) a device capable of temporarily storing electronic copies solely for the limited purposes permitted pursuant to paragraphs 10(l and m) below. No recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room. Additionally, except as provided in paragraph 10(l) below, the stand-alone computer(s) will be located at the Palo Alto Office of Morrison & Foerster LLP for any production by Apple or, by mutual agreement, an office of the producing Party's outside counsel or its vendors. Any review of source code on the stand-alone computer by the receiving Party must occur prior to the close of expert discovery unless otherwise agreed among the parties or ordered by the Court;

(b)    The producing Party will notify the receiving Party once Source Code is available for initial review.  Prior to the first inspection of any requested Source Code, the Receiving Party shall provide twenty-one (21) days notice of the Source Code that it wishes to inspect.  The Receiving Party shall provide seven (7) days notice prior to any additional inspections.  The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m.  However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours.  The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel or its vendors shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action.

(c)    The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s).

(d)    The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above.

(e)    The producing Party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are presently used in the ordinary course of the producing Party's business. The receiving Party may request that commercially available licensed software tools for viewing and searching Source Code be installed on the secured standalone computer for purposes of the review. The receiving Party must provide the producing Party with the CD, DVD, or website link(s) containing the software tool(s) to be installed on the standalone computer(s). Not later than fourteen (14) days after the receiving Party provides to the producing Party the CD, DVD, or website link(s), as well as an appropriate license to such software tool(s), the producing Party shall install or make the requested software tool(s) available for use on the standalone computer, provided that the requested software tool is compatible with the operating system and other software necessary to make the Source Code available for inspection installed on the standalone computer, does not prevent or impede the receiving Party's access to the Source Code produced for inspection, and does not side-step any of the security features enabled on the standalone computer. The receiving Party shall not use any compilers in connection with the producing Party's Source Code Material. To the extent that such tools record local working files or other records reflecting the work performed by the receiving Party, such files and records shall not be reviewed by the producing Party.

(f)    Access to Source Code Material shall be limited to outside counsel and up to three

(3) outside consultants or experts[3] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party or competitor identified by the Producing Party with reasonable specificity) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. All outside consultants or experts who review a producing Party's Source Code shall be identified in writing to the producing Party at least 10 days in advance of the first time that person reviews Source Code. The receiving Party's outside counsel and/or consultants or experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes, excepting variable, object, method, class, file names, line numbers, function names, or quotations from "code comments" and may not take such notes electronically on the Source Code Computer itself. The producing Party will provide a note-taking laptop located in the review room for use by the receiving Party's outside counsel and/or consultants or experts. The note-taking laptop will be a "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet) and will be subject to the same limitations as the Source Code Computer. The note-taking laptop must be equipped with Microsoft Word and Microsoft OneNote, or (after reasonable notice to the reviewing Party) equivalent software. The producing Party must provide for any reviewer to print notes onto pre-marked paper after a review session. All notes, whether electronic or otherwise, will remain protected as work product and shall not be reviewed by producing Party. The note-taking laptop computer will not track, keep any file histories of, or otherwise record notes generated by the Reviewing Party, including through any keyloggers, tracking software, or recording software. A receiving Party may include excerpts of Source Code Material in an exhibit to a pleading, expert report, or deposition transcript (collectively, "Source Code Exhibits"), provided that the Source Code Exhibits are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures, and orders.

(g) To the extent portions of Source Code Material are quoted in a Source Code Exhibit, either (1) the entire Source Code Exhibit will be stamped and treated pursuant to paragraph 10 for access and disclosure as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated pursuant to paragraph 10 for access and disclosure as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE.

(h) Except as set forth in paragraphs 10(l and m) below, no electronic copies of Source

---

[3] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert, provided that such personnel helping in the analysis of Source Code Material shall be disclosed pursuant to paragraph 5(e).

Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents that, pursuant to the Court's rules, procedures, and order, must be filed or served electronically.

(i)    No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. The Receiving Party may print limited portions of the Source Code only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's expert report). Any printed portion that consists of more than thirty five (35) pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy. The Receiving Party may print out no more than 500 pages total.  The receiving Party shall not print Source Code Material in order to review blocks of Source Code Material elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code Material electronically on the computer(s) provided by the producing Party, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and that printing is permitted only when necessary to prepare court filings or pleadings or other papers (including a testifying expert's report or discovery responses), or for deposition and cross-examination purposes. Within fourteen (14) days, the producing Party shall either (i) provide one copy set of pages requested by the receiving Party on watermarked or colored paper bearing Bates numbers and the legend "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" or (ii) inform the receiving Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and conferring, the Parties cannot resolve the objection, the receiving Party shall be entitled to seek a Court resolution of the objection.

(j)    The receiving Party's outside counsel of record may make no more than three (3) additional paper copies of any portions of the Source Code received from a producing Party pursuant to Paragraph 10 (i) and (l), not including copies attached to court filings or used at depositions, and shall maintain a log of all paper copies of the Source Code. The log shall include the names of the reviewers and/or recipients of paper copies and locations of where the paper copies are stored. Upon three (3) days' advance notice to the receiving Party by the producing Party, the receiving Party shall provide a copy of this log to the producing Party.

(k)    Should such printouts or photocopies be permissibly transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and shall continue to be treated as such.

(l)    If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert.

The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition). Except as provided in this paragraph, the receiving Party shall not convert any of the information contained in the paper copies into any electronic format. Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead). The receiving Party may create an electronic image of a selected portion of Source Code for contentions, expert reports, documents filed electronically with the Court or used during trial. Additionally, the receiving Party may create an electronic image of a selected portion of the Source Code only when the electronic file containing such image has been encrypted using commercially reasonable encryption software including password protection. The communication and/or disclosure of electronic files containing any portion of Source Code shall at all times be limited to individuals who are authorized to see Source Code under the provisions of this Protective Order. Additionally, all electronic and paper copies must be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE." Any paper copies used during a deposition shall be retrieved by the producing Party at the end of each day and must not be given to or left with a court reporter or any other unauthorized individual.

(m)    A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(f) above to another person authorized under paragraph 10(f) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express, or other similarly reliable courier.  Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet (except at the producing party's election).

(n)    A producing Party may, at its election, prohibit a receiving Party's source code reviewer(s) from bringing electronic devices (other than medical devices) into the room containing the stand-alone computer. If the producing Party so elects, the producing Party must provide a separate, secure, and substantially private workspace convenient to the review room for use by the receiving Party's reviewer(s) to store and use electronic devices.

(o)    For depositions, at least five (5) days before the date of the deposition, the Receiving Party may request that the Producing Party make its Source Code printouts available to the witness for use in the deposition.  In the case of an in-person deposition, the Receiving Party may also request that the Producing Party provide an additional printed copy for the use of the Receiving Party's attorney during the deposition; the Receiving Party may also, at its election, use

previously provided printouts. If the Producing Party wishes to use any other portions of Source Code at the deposition, it must provide printed copies of those portions to each Receiving Party entitled to participate in the deposition, and in the case of a remote deposition must provide printed copies of those portions at least five (5) days before the deposition. Copies of Source Code that are used in the course of a deposition shall be identified by Bates number on the record but shall not be marked as exhibits and shall not be provided to the Court Reporter or attached to deposition transcripts. All paper copies of Source Code brought to the deposition shall remain with the Producing Counsel's outside counsel for secure destruction in a timely manner following the deposition. Should the Receiving Party intend to refer to printed portions of the Producing Party's Source Code at a deposition, at least 5 business days prior to the scheduled deposition date, the Receiving Party shall identify the production numbers of the Source Code printouts that the Receiving Party requests to be made available to the witness so that the Producing Party may make appropriate arrangements.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's technical Protected Material that is designated HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit during the pendency of this Action and for one year after its conclusion, including any appeals.  To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit.  Nothing in this Order shall prevent a person with access to HIGHLY SENSITIVE MATERIAL from participating in a PTO proceeding, *e.g.*, IPR

or PGR, except for that person shall not participate—directly or indirectly—in the amendment of any claim(s).

12. Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information, or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is produced, inadvertently, unintentionally, or otherwise, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this Action or any other proceeding. Any Party that inadvertently or unintentionally produces documents, information, or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information, or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information, or other material. The recipient(s) shall gather and return all copies of such documents, information, or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information, and material to protect against disclosure to any unauthorized persons or entities.

14. If at any time Protected Material is subpoenaed by any court, arbitral, administrative, or

legislative body, the Party to whom the subpoena or other request is directed shall immediately give prompt written notice thereof to every Party who has produced such Discovery Material and to its counsel and shall provide each such Party with an opportunity to move for a protective order regarding the production of Protected Materials implicated by the subpoena.

15.     Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party; (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information; (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL; (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director, or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL.     DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16.     Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any

portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY."

17.     Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on DESIGNATED MATERIAL, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to re-designation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden

shall be on the designating Party to show why its classification is proper.  Such application shall be treated procedurally as a motion to compel pursuant to Federal Rule of Civil Procedure 37, subject to the Rule's provisions relating to sanctions.  In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met.  Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20.    Each outside consultant or expert or Party Representative to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that they are subject to the terms and conditions of this Order, and shall sign an acknowledgment that they have received a copy of, have read, and have agreed to be bound by this Order.  A copy of the acknowledgment form is attached as Appendix A.

21.    Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.  Reports and materials exempt from discovery under the foregoing sentence shall be treated as attorney work product for the purposes of this case and Protective Order.

22.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," and/or "HIGHLY CONFIDENTIAL – ATTORNEYS'

EYES ONLY – SOURCE CODE" any documents, information, or other material, in whole or in part, produced by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information, or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information, or other material so produced or given shall be treated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY" in accordance with this Order.

24. Within ninety (90) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties), shall at the producing Party's election either be returned to the producing Party or be destroyed with the exception of copies stored on backup or other disaster recovery systems or media. Notwithstanding these provisions, outside counsel may retain one set of pleadings, correspondence and attorney and consultant work product (but not document productions) for archival purposes. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request.

25. The failure to designate documents, information, or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information, or material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26.     Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing Party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances.  Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27.     Production of DESIGNATED MATERIAL by any Party shall not be deemed a publication of the documents, information, or material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information, or other material or its contents.

28.     Nothing in this Order shall be construed to effect an abrogation, waiver, or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.  This Order shall not constitute a waiver of the right of any Party to claim in this action or otherwise that any Protected Material, or any portion thereof, is privileged or otherwise non-discoverable, or is not admissible in evidence in this action or any other proceeding.

29.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action; and (b) to apply for additional protection of DESIGNATED MATERIAL.

30.     The production or disclosure of documents, information, or other material by any Party or

Third-Party in connection with this Action is subject to the provisions of Federal Rule of Evidence 502(d), which provides that any production or disclosure of any information (whether inadvertent or otherwise) that is subject to any applicable privilege or protection shall not be deemed a waiver of any privilege or protection in connection with the litigation pending before this court, and shall not serve as a waiver in any other federal or state proceeding. The production or disclosure of materials or information in connection with the proceeding, whether by a Party or Third-Party, shall not be deemed a publication so as to void or make voidable whatever claim a party may have as to the proprietary and confidential nature of the documents, information or other material or its contents. This provision constitutes an Order under Federal Rules of Evidence 502(d), and should be interpreted to provide the broadest protections available under that Rule.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

REDSTONE LOGICS LLC,                      §
                                          §
              Plaintiff,                   §
                                          §
v.                                        §        Case No. 7:25-CV-00183-ADA
                                          §
APPLE INC.,                               §
                                          §
              Defendant.                   §
                                          §
                                          §

**APPENDIX A
UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING
PROTECTIVE ORDER**

I, _____, declare that:

1.    My address is _____.

      My current employer is _____.

      My current occupation is _____.

2.    I have received a copy of the Protective Order in this action.  I have carefully read and

      understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order.  I will hold in confidence,

      will not disclose to anyone not qualified under the Protective Order, and will use only for

      purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY

      CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY

      CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that is disclosed

      to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the Party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature _____

Date _____