# Exhibit 3

Trials@uspto.gov                                                    Paper 7
571-272-7822                                           Entered: April 22, 2025

UNITED STATES PATENT AND TRADEMARK OFFICE

_____

BEFORE THE PATENT TRIAL AND APPEAL BOARD

_____

MEDIATEK, INC. and MEDIATEK USA, INC.,
Petitioner,

v.

REDSTONE LOGICS LLC,
Patent Owner.

_____

IPR2025-00085
Patent 8,549,339 B2

_____

Before JEFFREY W. ABRAHAM, STEPHEN E. BELISLE, and
ANDREW L. NALVEN, *Administrative Patent Judges*.

NALVEN, *Administrative Patent Judge*.

DECISION
Denying Institution of *Inter Partes* Review
*35 U.S.C. § 314*

IPR2025-00085
Patent 8,549,339 B2

Petitioner, relying on the declaration testimony of Dr. Baker, asserts that the PLLs are independent of each other. *Id.* (citing Ex. 1003 ¶ 136).

### b. *Patent Owner's Arguments*

Patent Owner argues that the Petition fails to demonstrates how Knoth and Allarey disclose "a first and second PLL with respective first and second clock signals as inputs where the first clock signal is independent from the second clock signal." Prelim. Resp. 5.

First, Patent Owner argues that the Petition fails to sufficiently show that Knoth discloses a first PLL receiving a first input clock signal and a second PLL receiving a second input clock signal. Specifically, Patent Owner argues that the Petition's identification of PLL 202a and PLL 202n of Knoth as the claimed first and second PLL fails because Knoth discloses only a single PLL 202. Prelim. Resp. 6. Patent Owner argues that PLL 202a and PLL 202n are not disclosed in Knoth, but are instead creations of Petitioner's expert Dr. Baker. *Id.* at 6, 8 (citing Ex. 1005 ¶ 41). Rather than multiple PLLs, Patent Owner argues that Knoth discloses a single PLL 202 coupled to a plurality of clock ratio controllers 106a-n. *Id.* at 8 (citing Ex. 1005 ¶¶ 22, 41). Patent Owner further argues that although Allarey discloses two PLLs, Petitioner does not sufficiently explain how or why Allarey's PLLs could be implemented in Knoth. Prelim. Resp. 9.

Second, Patent Owner argues that the Petition fails to sufficiently show that either Knoth or Allarey teaches or suggests the first input clock signal being independent from the second input clock signal. Prelim. Resp. 11–13. In particular, Patent Owner argues that Knoth teaches only a single PLL 202 with a single oscillator 219 providing a single input clock signal. *Id.* at 11 (citing Ex. 1005 ¶ 42). Further, Patent Owner argues that "[n]either

18

IPR2025-00085
Patent 8,549,339 B2

the Petition nor Dr. Baker's declaration explain why it would be obvious or inherent or would be a [PHOSITA]'s reading that multiple PLLs, oscillators, or sets of timing pulses could or would be used." *Id.* at 14.  With regard to Allarey, Patent Owner further argues that although Allarey discloses two PLLs, Petitioner has not shown that Allarey discloses any clock signals as inputs to its PLLs and thus further fails to show independent clock inputs for each PLL. *Id.* at 13 (citing Ex. 1006, 2:52–54; Ex. 1003 ¶ 121).

### c. *Analysis*

For the following reasons, we agree with Patent Owner that Petitioner fails to sufficiently show that Knoth and Allarey teaches or suggests a first and second PLL with respective first and second clock signals as inputs where the first clock signal is independent from the second clock signal, as claim 1 and 21 requires.  Prelim. Resp. 5.

Having considered the evidence and arguments presented, we determine that Petitioner has not sufficiently shown that Knoth or Allarey disclose two independent clock signals.  First, we are not persuaded that Petitioner has shown sufficiently that Knoth includes a PLL in each clock ratio controller.  Instead, we agree with Patent Owner that Knoth discloses clock ratio controllers 106a-n coupled to a single PLL 202 where PLL 202 receives a single clock input from oscillator 119.  Prelim. Resp. 6–8 (citing Ex. 1005 ¶¶ 22, 41, Fig. 2A).  Figure 2A, reproduced above, clearly delineates clock ratio controller 106 within a dotted line separate from PLL 202 and oscillator 119.  Further, as noted by Patent Owner, Knoth explicitly describes a plurality of clock ratio controllers and processor cores designated as a-n, but only describes a single PLL 202 and oscillator 119.  *Id.* at 8, 11 (citing Ex. 1005 ¶¶ 22, 41–42).  Because Petitioner has not shown that

19

IPR2025-00085
Patent 8,549,339 B2

Knoth discloses two PLLs, Petitioner fails to show a first and second PLL with respective first and second clock signals as inputs where the first clock signal is independent from the second clock signal.

Petitioner's reliance on Knoth's PLL control signals 226a and 226n fails for the same reasons.  However, we further note that this reliance is further misplaced because control signal 226 is not a clock signals.  Prelim. Resp. 12.  Moreover, as with Petitioner's contentions regarding PLL 202, although Petitioner asserts Knoth discloses control signals 226a-n, Petitioner has not directed us to any disclosure in Knoth that describes a control signal other than a single PLL control signal 226.  Pet. 29 (citing Ex. 1005 ¶ 55; Ex. 1003 ¶ 133).

Petitioner's position further relies on the declaration testimony of Dr. Baker who states a POSITA "would read Knoth to include independent first and second PLLs within clock ratio controllers 106a and 106n, respectively, receiving the first and second clock signals (the timing pulses generated by oscillators 219a and 219n) that are independent from each other."  Pet. 28–29 (quoting Ex. 1003 ¶ 132, citing *id.* ¶¶ 111, 131).  We do not credit Dr. Baker's testimony on this point because it lacks sufficient explanation and is inconsistent with the disclosure of Knoth as detailed above.  37 C.F.R. § 42.65(a) ("Expert testimony that does not disclose the underlying facts or data on which the opinion is based is entitled to little or no weight"); *Xerox Corp. v. Bytemark, Inc.*, IPR2022-00624, Paper 9 at 15 (PTAB Aug. 24, 2022) (precedential).  Dr. Baker's testimony appears premised on the assertion that each clock ratio controller 106a-n operate independently from each other.  Ex. 1003 ¶ 130.  However, Dr. Baker does not explain why

20

IPR2025-00085
Patent 8,549,339 B2

independently operating clock ratio controllers teach or suggest that each clock ratio controller would receive an independent input clock signal.

We are further not persuaded by Petitioner's reliance on Allarey as disclosing a first clock input signal independent from a second clock input signal. Pet. 29 (citing Ex. 1006, 2:41–58; Ex. 1003 ¶¶ 135–136). Petitioner asserts that Allarey discloses sites 0 and 1 where each site includes an independent PLL and "[t]herefore, the first PLL clock signal generation circuit is independent from the second PLL clock signal generation circuit." *Id.* We are not persuaded by Petitioner's contention because Petitioner has not directed to us any disclosure in Allarey describing two independent input clock signals. *See* Pet. 26–27, 29. At best, Petitioner references Allarey's generation of a clock signal rather than an input clock signal thereto by stating that "[e]ach PLL is capable of generating a clock signal." Pet. 27 (citing Ex. 1006, 2:41–58).

Petitioner further relies on Dr. Baker who testifies that

> The PLL clock signal generation circuits are independent of each other since "each PLL can change the frequency of the clock signal through a relocking process." [Ex. 1006, 2:41–58]. When the PLL frequency is changed, the PLL clock signal generation circuit is also modified. Therefore, the first PLL clock signal generation circuit is independent from the second PLL clock signal generation circuit.

Ex. 1003 ¶ 136. Here again, we do not credit Dr. Baker's testimony because it does not provide sufficient explanation. In particular, Dr. Baker does not sufficiently explain why "the first PLL clock signal generation circuit [being] independent from the second PLL clock signal generation circuit" would teach or suggest that any input clock signals to the PLLs would be independent as claimed. Prelim. Resp. 14–15.

IPR2025-00085
Patent 8,549,339 B2

For these reasons we agree with Patent Owner that the Petition fails to sufficiently demonstrate that Knoth and Allarey teach "a first and second PLL with respective first and second clock signals as inputs where the first clock signal is independent from the second clock signal," as required by claims 1 and 21. Accordingly, we determine that the Petition fails to show that there is a reasonable likelihood that it would prevail in establishing unpatentability of claims 1 and 21 in view of Knoth and Allarey.

### 4.  Summary

For the foregoing reasons, Petitioner has not shown a reasonable likelihood of prevailing with respect to independent claims 1 or 21 for the asserted ground based on Knoth and Allarey.  Petitioner's additional contentions regarding dependent claims 5, 8–10, and 14 do not cure these deficiencies regarding claim 1 and fail for the same reasons.

### E.  Ground 2: Alleged Obviousness over Knoth, Allarey, and Flautner

Petitioner asserts that claims 2–4 of the '339 patent would have been obvious over Knoth, Allarey, and Flautner.  Pet. 52–58.  Having reviewed the Petition, we find that Petitioner's reliance on Flautner does not cure the above-noted deficiencies with respect to independent claim 1.  Accordingly, Petitioner does not show that there is a reasonable likelihood that it would prevail in establishing unpatentability of claims 2–4 as obvious in view of Knoth, Allarey, and Flautner.

### F.  Ground 3: Alleged Obviousness over Knoth, Allarey, Wolfe, and Kumar

Petitioner asserts that claim 6 of the '339 patent would have been obvious over Knoth, Allarey, Wolfe, and Kumar.  Pet. 58–64.  Having reviewed the Petition, we find that Petitioner's reliance on Wolfe and Kumar does not cure the above-noted deficiencies with respect to independent claim

22

IPR2025-00085
Patent 8,549,339 B2

### J. Ground 7: Alleged Obviousness over Naffziger, Allarey, Wolfe, and Kumar

Petitioner asserts that claim 6 of the '339 patent would have been obvious over Naffziger, Allarey, Wolfe, and Kumar. Pet. 92–95. Having reviewed the Petition, we find that Petitioner's reliance on Wolfe and Kumar does not cure the above-noted deficiencies with respect to independent claims 1 and 21. Accordingly, Petitioner does not show that there is a reasonable likelihood that it would prevail in establishing unpatentability of claim 6 as obvious in view of Naffziger, Allarey, Wolfe, and Kumar.

### K. Ground 8: Alleged Obviousness over Naffziger, Allarey, and Wolfe

Petitioner asserts that claim 11 of the '339 patent would have been obvious over Naffziger, Allarey, and Wolfe. Pet. 95. Having reviewed the Petition, we find that Petitioner's reliance on Wolfe does not cure the above-noted deficiencies with respect to independent claims 1 and 21. Accordingly, Petitioner does not show that there is a reasonable likelihood that it would prevail in establishing unpatentability of claim 11 as obvious in view of Naffziger, Allarey, and Wolfe.

## IV. CONCLUSION

For the foregoing reasons, we determine that Petitioner has not demonstrated on the record a reasonable likelihood that it will prevail in showing at least one of the challenged claims of the '339 patent is unpatentable.

## V. ORDER

For the reasons given, it is

ORDERED that the Petition is *denied* as to all challenged claims, and no trial is instituted.

31

IPR2025-00085
Patent 8,549,339 B2

For PETITIONER:

Robert C.F. Pérez
Michael Liu
PILLSBURY WINTHROP SHAW PITTMAN LLP
robert.perez@pillsburylaw.com
michael.liu@pillsburylaw.com


For PATENT OWNER:

Reza Mirzaie
Neil A. Rubin
Qi (Peter) Tong
RUSS, AUGUST & KABAT
rmirzaie@raklaw.com
nrubin@raklaw.com
ptong@raklaw.com