# PUBLIC VERSION

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

No. 7:25-cv-00183-ADA

**DEFENDANT APPLE INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT**

██████████

# PUBLIC VERSION
## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................ 1

II.   BACKGROUND ................................................................................................. 1

III.  LEGAL STANDARD .......................................................................................... 3

IV.   ARGUMENT ...................................................................................................... 4

    A.    Redstone Fails to Sufficiently Plead Direct Infringement. .................................... 4

        1.    Redstone must provide detailed allegations for the "PLL" and "independent" limitations because they were material to patentability .................................................................................. 4

        2.    Redstone again fails to allege in any detail how the accused SoCs satisfy the "PLL" and "independent" limitations ...................................... 5

    B.    Redstone Fails to Sufficiently Plead Compliance with Section 287(a). ................ 8

V.    CONCLUSION .................................................................................................... 9

██████████

# PUBLIC VERSION

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*,
876 F.3d 1350 (Fed. Cir. 2017)................................................................................4, 8, 9

*Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*,
950 F.3d 850 (Fed. Cir. 2020)..........................................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).........................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..................................................................................................3, 5, 6

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) .........................................................................................3

*Clark v. Thompson*,
850 F. App'x 203 (5th Cir. 2021) ....................................................................................6

*CTD Networks, LLC v. Google, LLC*,
688 F. Supp. 3d 490 (W.D. Tex. 2023)............................................................................3

*DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*,
No. 19-2109-LPS-CJB, 2020 WL 2220031 (D. Del. May 7, 2020) .................................6

*Express Mobile, Inc. v. Liquid Web, LLC*,
No. 1:18-cv-01177-RGA, 2019 WL 1596999 (D. Del. Apr. 15, 2019)..........................8, 9

*Grecia Est. Holdings LLC v. Meta Platforms, Inc.*,
605 F. Supp. 3d 905 (W.D. Tex. 2022)............................................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
869 F.3d 1372 (Fed. Cir. 2017)........................................................................................3

*Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*,
No. 3:23-CV-00791-N, 2023 WL 7184042 (N.D. Tex. Nov. 1, 2023) ..............................4

*Power Analytics Corp. v. Operation Tech., Inc.*,
820 F. App'x 1005 (Fed. Cir. 2020) ................................................................................6

*Secured Mail Sols. LLC v. Universal Wilde, Inc.*,
873 F.3d 905 (Fed. Cir. 2017)..........................................................................................5

████████

**PUBLIC VERSION**

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Cases**

*Shamoon v. City of San Antonio*,
  No. SA-18-CV-00718-XR, 2025 WL 1356399 (W.D. Tex. Apr. 30, 2025) ...........................5

*Team Worldwide Corp. v. Acad., Ltd*,
  No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302 (E.D. Tex. May 10, 2021),
  *adopted sub nom. Team Worldwide Corp. v. Acad., Ltd.*,
  No. 2:19-cv-00092-JRG-RSP, 2021 WL 1985688 (E.D. Tex. May 18, 2021) ........................9

*United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*,
  626 F. App'x 528 (5th Cir. 2015) ........................................................................6

*United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*,
  125 F.3d 899 (5th Cir. 1997) .............................................................................6

*Vervain, LLC v. Micron Tech., Inc.*,
  No. 6:21-cv-00487-ADA, 2022 WL 23469 (W.D. Tex. Jan. 3, 2022) .........................3, 4, 5, 7

**Statutes**

35 U.S.C. § 287(a) ..............................................................................1, 4, 8, 9

**Other Authorities**

Fed. R. Civ. P. 12............................................................................................5

Fed. R. Civ. P. 12(b)(6)....................................................................................8

# PUBLIC VERSION

## I.    INTRODUCTION

Apple renews its motion to dismiss Redstone's Second Amended Complaint ("SAC")—entirely unchanged from the First Amended Complaint ("FAC") save one paragraph—for failure to adequately plead direct infringement or compliance with the patent marking statute. Although Redstone accuses certain Apple M Series and A Series systems on a chip ("SoCs") of infringement, it does not explain how the SoCs practice two key claim limitations. First, it offers no explanation for the "PLL" limitation, which requires that first and second sets of processor cores respectively receive output clock signals from first and second phase lock loops ("PLLs"). Second, it provides no detail on the "independent' limitation, which requires that the two PLLs have "independent" input clock signals. In addition, while the SAC adds a single paragraph allegedly related to marking, Redstone still fails to carry its burden. Redstone's inadequate marking allegations under 35 U.S.C. § 287(a) thus still require dismissal of its claims for past damages.

## II.    BACKGROUND

On April 18, 2025, Redstone sued Apple for allegedly directly and indirectly infringing U.S. Patent No. 8,549,339 (the "'339 patent"). (ECF No. 1.) Its Complaint included one chart that purported to map claim 1 to the Apple M1 Series SoC. (ECF No. 1-2.) On June 27, 2025, Redstone filed a joint notice to dismiss its pre-suit indirect infringement claims. (ECF No. 16.) Apple subsequently moved to dismiss for failure to adequately plead infringement because the direct infringement allegations were conclusory and contradictory, among other things. (ECF No. 17 at 4-12.) Redstone also failed to plead compliance with the patent marking statute, 35 U.S.C. § 287(a). (*Id.* at 11-12.) On July 14, 2025, Redstone mooted Apple's first motion to dismiss by filing the FAC which dropped allegations of indirect infringement. (*Compare* ECF No. 1, *with* ECF No. 22.) As with the Complaint, the FAC failed to plead compliance with the patent marking statute. (ECF No. 22.) On July 28, 2025, Apple filed a motion to dismiss Redstone's FAC. (ECF

## PUBLIC VERSION

No. 23.) On April 30, 2026, Redstone filed the SAC, mooting Apple's motion to dismiss Redstone's FAC. (ECF No. 39.) The SAC is nearly identical to the FAC, correcting a single typographical spacing error and adding a paragraph related to marking. (*Compare* ECF No. 22, *with* ECF No. 39.)

The SAC, like the FAC, (1) accused certain Apple A Series SoCs of infringement, (2) narrowed the infringement theories in the Complaint to direct infringement, and (3) revised the claim chart from the Complaint. (ECF No. 39 ("SAC"); ECF No. 38-2 ("Claim Chart"); ECF No. 22 ("FAC"); ECF No. 22-2 ("FAC Claim Chart").) Additionally, while the SAC adds a paragraph on marking, its allegations are conclusory so it still fails to sufficiently plead compliance with the patent marking statute.

Redstone's Claim Chart, again, unchanged from the FAC, is limited to claim 1, which is directed to a "multi-core processor" with "first" and "second" sets of processor cores. Redstone maps those first and second sets to the accused SoCs' performance cores ("p-cores") and efficiency cores ("e-cores"), respectively. (Claim Chart at 4, 7.)

Claim 1 recites a phase lock loop ("PLL") limitation, which requires that the first and second sets of cores respectively receive output clock signals from first and second phase lock loops ("PLLs"). (ECF No. 38-1 ("'339 patent") at 7:54-64.) Redstone does not identify any PLLs in the accused SoCs. Instead, it admits that it does not know how the accused SoCs provide clock signals to the cores, allegedly because the exact mechanism involves Apple's "proprietary information." (Claim Chart at 4, 7.) Redstone therefore alleges that the accused SoCs have first and second PLLs only "on information and belief." (*Id.*) This does not provide Apple adequate notice of how the accused SoCs purportedly meet this limitation.

2

# PUBLIC VERSION

Claim 1 further recites an "independent" limitation, which requires that the first and second PLLs have "independent" first and second clock signals as inputs. ('339 patent at 7:65-67.) Because Redstone is unable to identify a first or second PLL, it also fails to allege that those PLLs have "independent" clock signals as inputs. (*See* Claim Chart at 7.)

## III.   LEGAL STANDARD

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is not plausible unless the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

A well-pled patent complaint must contain "factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). It must "place the alleged infringer on notice of what activity . . . is being accused of infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal citations and quotations marks omitted).

"To state a viable direct infringement claim, a plaintiff must plead facts that plausibly suggest that the accused product meets each limitation of the asserted claim or claims." *CTD Networks, LLC v. Google, LLC*, 688 F. Supp. 3d 490, 498 (W.D. Tex. 2023). The degree of detail required to render a direct infringement claim plausible depends on the "materiality" of a given claim element. *See Vervain, LLC v. Micron Tech., Inc.*, No. 6:21-cv-00487-ADA, 2022 WL 23469, at *5 (W.D. Tex. Jan. 3, 2022) (quoting *Bot M8*, 4 F.4th at 1353).

# PUBLIC VERSION

At the motion to dismiss stage, "a claim for past damages requires pleading compliance with the marking statute —even when compliance is achieved, factually, by doing nothing at all." *Ortiz & Assocs. Consulting, LLC v. VIZIO, Inc.*, No. 3:23-CV-00791-N, 2023 WL 7184042, at *3 (N.D. Tex. Nov. 1, 2023) (citation omitted). The patentee bears the burden of pleading and proving he complied with § 287(a). *Id.* (citing *Arctic Cat Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350, 1366 (Fed. Cir. 2017)).

## IV.      ARGUMENT

### A.      Redstone Fails to Sufficiently Plead Direct Infringement.

Redstone's SAC does not allege how the accused SoCs satisfy key claim limitations— the "PLL" and "independent" limitations—and thus fails to state a plausible claim for direct infringement.  The Court should dismiss Redstone's direct infringement claims.

#### 1.      Redstone must provide detailed allegations for the "PLL" and "independent" limitations because they were material to patentability.

As this Court has held, "a higher level of detail in pleading infringement may . . . be demanded for elements clearly 'material' to novelty and non-obviousness." *Vervain*, 2022 WL 23469, at *5. Here, the '339 patent's prosecution history reflects that claim 1's "PLL" and "independent" limitations were material to allowance. ('339 patent at 7:54-67.)

During prosecution, the U.S. Patent & Trademark Office ("USPTO") withdrew its anticipation and obviousness rejections and allowed the patent to issue *only* after: (i) the applicant amended claim 1 to require two PLLs, each having an independent clock signal as input; and (ii) the applicant relied on the new "PLL" and "independent" limitations to distinguish prior art that

4

# PUBLIC VERSION

used a single clock signal. (Ex. 1[1] at 3, 9 (distinguishing Jacobowitz); Ex. 2 (same).)[2]) The USPTO thus determined these limitations were key to allowance. *See Vervain*, 2022 WL 23469, at *5 (identifying "material" limitations based on review of USPTO prosecution history).

Supporting these limitations' "key" nature, the USPTO denied MediaTek's request for *inter partes* review ("IPR") of the '339 patent based on Redstone's reliance on these limitations to distinguish the asserted prior art. (Ex. 3 at 19-21 (distinguishing Knoth); Ex. 4 at 5-15 (same).) *See Shamoon v. City of San Antonio*, No. SA-18-CV-00718-XR, 2025 WL 1356399, at *4 (W.D. Tex. Apr. 30, 2025) (identifying "key" limitations based on review of IPR record).

Redstone therefore is required to provide detailed allegations as to how the accused SoCs satisfy the "PLL" and "independent" limitations for its allegations to pass muster under Rule 12. As explained below, it failed to do so *three times*—in the original Complaint, again in the FAC, and again in the SAC—thus warranting dismissal. *See Vervain*, 2022 WL 23469, at *5 (citing *Twombly*, 550 U.S. at 567).

### 2. Redstone again fails to allege in any detail how the accused SoCs satisfy the "PLL" and "independent" limitations.

As with its original Complaint and FAC, Redstone alleges no detail on how the accused SoCs satisfy the "PLL" limitation requiring that the first and second sets of processor cores respectively receive output clock signals from a first and second PLL. Once again, Redstone does not identify any PLLs in the accused SoCs and now concedes that it does not know "the precise mechanism used to provide a clock signal" to the cores. (Claim Chart at 4, 7.) Given its inability

---

[1] Citations to "Ex." refer to exhibits attached to the Declaration of Shaelyn K. Dawson.

[2] Matters of public record like a patent's prosecution history are "subject to judicial notice and appropriate for [the] Court to consider at the pleading stage." *Grecia Est. Holdings LLC v. Meta Platforms, Inc.*, 605 F. Supp. 3d 905, 915 (W.D. Tex. 2022). "[A] court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit . . . .'" *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017).

5

## PUBLIC VERSION

to identify PLLs even after amendment, Redstone is also unable to allege how the accused SoCs satisfy the "independent" limitations requiring that the first and second PLLs have "independent" clock signals as input. (*Id.* at 7.) Redstone's claims are therefore speculative and must be dismissed. *See Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."); *DIFF Scale Operation Rsch., LLC v. MaxLinear, Inc.*, No. 19-2109-LPS-CJB, 2020 WL 2220031, at *2 (D. Del. May 7, 2020) (dismissing complaint for failure to state a claim where plaintiff failed to identify claimed PLL in accused product).

Redstone cannot excuse its failure to affirmatively plead infringement by emphasizing the proprietary nature of Apple's SoCs. (Claim Chart at 7.) Redstone alleges "on information and belief" that frequencies are provided to the first and second sets of cores "by a [first/second] PLL having a [first/second] clock signal as input." (*Id.* at 4, 7.) It suggests it must use "information and belief" allegations because the mechanism used to provide clock signals in the accused SoCs is proprietary information. (*Id.*) Although a plaintiff may plead facts on "information and belief" that are uniquely in another's possession, it may only do so if it has "exercise[d] reasonable due diligence and provide[s] some factual basis for [its] allegations that would raise a reasonable expectation that discovery will reveal evidence" that defendants engaged in unlawful conduct. *Clark v. Thompson*, 850 F. App'x 203, 209 (5th Cir. 2021) (internal quotation marks omitted); *United States ex rel. Guth v. Roedel Parsons Koch Blache Balhoff & McCollister*, 626 F. App'x 528, 533 n.7 (5th Cir. 2015) ("[E]ven where allegations are based on information and belief, the complaint must set forth a factual basis for such belief." (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997))). That is, there must be some "explanation or detail as to what 'information and belief' supports" the plaintiff's allegations. *Power Analytics Corp. v. Operation Tech., Inc.*, 820 F. App'x 1005, 1020 (Fed. Cir. 2020).

**PUBLIC VERSION**

Here, Redstone has not exercised reasonable diligence in attempting to identify the mechanism the accused SoCs use to provide a clock signal by, for example, performing a teardown of even one accused product. More critically, Redstone offers no explanation or detail justifying its allegations on "information and belief" that: (a) the accused SoCs have first and second PLLs; and (b) those PLLs respectively have independent first and second clock signals as inputs. Redstone alleges that "the e-cores and p-cores operate within different frequency ranges, requiring independent clock signals and supply voltages." (Claim Chart at 7.) But Redstone does not explain why it may reasonably assume that Apple's SoCs use two separate PLLs having independent clock signals as inputs, based merely on operation of e-cores and p-cores "within different frequency ranges." (*Id.*)

Indeed, Redstone's prior arguments on this issue contradict such an assumption. During IPR proceedings, Redstone acknowledged that the Knoth prior art reference disclosed a processor with different cores operating at different frequencies. (Ex. 4 at 10 (recognizing that Knoth discloses providing individual frequency management signals that initiate frequency adjustments individually for each core).) But Redstone argued that Knoth's use of multiple PLLs or independent first and second clock signals was neither obvious nor inherent. (*Id.* at 14 (comparing Knoth to Naffziger).) Instead, Redstone reasoned that Knoth more likely used a single clock signal. (*Id.* at 14.)

By Redstone's own logic, the fact that Apple's SoCs have cores operating at different frequencies does *not* necessarily require that the SoCs use multiple PLLs with independent clock signals as inputs, as claimed. Redstone has not explained why Apple's SoCs necessarily operate more like the claimed invention than an "obvious alternative"—using a single clock signal, as in the prior art Knoth reference Redstone distinguished on this very ground. *Vervain*, 2022 WL

7

# PUBLIC VERSION

23469, at *5-6 (dismissing complaint for failure to allege plausible infringement theory). Redstone has effectively conceded it does not know whether the "PLL" and "independent" limitations are satisfied and must investigate further to provide *some* explanation for why it believes Apple infringes or why infringement necessarily follows from the alleged facts. Absent that, the Court should dismiss the SAC.

### B.    Redstone Fails to Sufficiently Plead Compliance with Section 287(a).

Redstone's SAC still does not allege facts sufficient to show its compliance with Section 287(a) and thus fails to state a plausible claim for pre-suit damages. To recover pre-suit damages under § 287, Redstone was obligated to (1) mark any patented articles, or (2) provide notice of the alleged infringement. At the Rule 12(b)(6) stage, Redstone bears the burden of pleading compliance with the marking statute. *See Arctic Cat Inc.*, 876 F.3d at 1367 ("There is no dispute that the patentee bears the burden of pleading and proving he complied with § 287(a)."). This is true regardless of whether Redstone has products to mark. *See Express Mobile, Inc. v. Liquid Web, LLC*, No. 1:18-cv-01177-RGA, 2019 WL 1596999, at *2 (D. Del. Apr. 15, 2019) ("A claim for past damages requires pleading compliance with the marking statute—even when compliance is achieved, factually, by doing nothing at all.").

Apple notified Redstone of this pleading deficiency (among others) nearly a year ago— on June 17, 2025—and provided Redstone the opportunity to amend. (Ex. 5.) Redstone did not amend its pleading to address marking until it filed the SAC on April 30, 2026. (ECF No. 39.) The SAC makes conclusory allegations regarding satisfaction of its obligations under the marking statute, but Redstone has not pleaded any specific facts supporting its compliance with Section 287(a), instead merely alleging that it "has complied with all applicable provisions of Section 287(a) and is entitled to pre-suit damages." (ECF No. 39 ¶ 12.) This is particularly insufficient where Redstone admits the existence of a ▮▮▮▮ requiring marking,

# PUBLIC VERSION

undercutting its conclusory allegations regarding satisfaction of the marking requirements. *See Express Mobile,* 2019 WL 1596999, at *2 (dismissing past damages claim for failure to plead compliance with marking statute).

Moreover, Redstone's allegation that it is at least entitled to damages before the 2024 ███████████████████████ is unavailing, given the admitted marking failure thereafter. "Section 287 provides that 'in the event of failure so to mark, *no* damages shall be recovered by the patentee in *any* action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter.'" *Team Worldwide Corp. v. Acad., Ltd,* No. 2:19-cv-00092-JRG-RSP, 2021 WL 1854302, at *1 (E.D. Tex. May 10, 2021), *adopted sub nom. Team Worldwide Corp. v. Acad., Ltd.*, No. 2:19-cv-00092-JRG-RSP, 2021 WL 1985688 (E.D. Tex. May 18, 2021) ("preclude[ing] <u>all</u> pre-suit damages prior to the date of actual notice" under *Arctic Cat*) (emphasis in original); *Arctic Cat Inc. v. Bombardier Recreational Prods., Inc.*, 950 F.3d 850, 865 (Fed. Cir. 2020). Redstone's failure to comply with the marking statute after it entered into the ████████████████████ precludes it from all pre-suit damages, regardless of whether there may have been a time when no marking obligation existed.

## V.    CONCLUSION

Because Redstone fails to allege that the accused SoCs satisfy key claim limitations and that Redstone is entitled to pre-suit damages, Apple urges the Court to dismiss the SAC in its entirety.

**PUBLIC VERSION**

Dated: May 14, 2026                                    Respectfully submitted,


By: */s/ Shaelyn K. Dawson*
      Brian C. Nash (TX Bar No. 24051103)
      MORRISON & FOERSTER LLP
      300 Colorado Street, Suite 1800
      Austin, TX 78701
      Tel.: (512) 617-0654
      bnash@mofo.com

      Richard S.J. Hung (admitted *pro hac vice*)
      Shaelyn K. Dawson (admitted *pro hac vice*)
      Karina N. Pundeff (admitted *pro hac vice*)
      MORRISON & FOERSTER LLP
      425 Market Street
      San Francisco, CA 94105
      Tel.: (415) 268-7000
      rhung@mofo.com
      shaelyndawson@mofo.com
      kpundeff@mofo.com

      Scott F. Llewellyn (admitted *pro hac vice*)
      MORRISON & FOERSTER LLP
      4200 Republic Plaza
      370 Seventeenth Street
      Denver, CO 80202
      Tel.: (303) 592-2204
      sllewellyn@mofo.com

      Ryan Malloy (admitted *pro hac vice*)
      MORRISON & FOERSTER LLP
      707 Wilshire Boulevard
      Los Angeles, CA 90017
      Tel.: (213) 892-5200
      rmalloy@mofo.com

      Sara Doudar (admitted *pro hac vice*)
      MORRISON & FOERSTER LLP
      12531 High Bluff Drive, Suite 200
      San Diego, CA 92130
      Tel.: (858) 720-5100
      sdoudar@mofo.com

      ***Counsel for Defendant Apple Inc.***

10

# PUBLIC VERSION
## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via email on May 14, 2026.

*/s/ Shaelyn K. Dawson*
Shaelyn K. Dawson
