**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

REDSTONE LOGICS LLC,

        Plaintiff,

    v.

APPLE INC.,

        Defendant.

Case No. 7:25-cv-00183-ADA

**<u>DEFENDANT APPLE INC.'S OPPOSED MOTION TO STAY</u>**

**TABLE OF CONTENTS**

**Page**

I.   INTRODUCTION ................................................................................................... 1

II.  BACKGROUND .................................................................................................... 2

III. LEGAL STANDARD ............................................................................................ 3

IV.  ARGUMENT ......................................................................................................... 4

    A.   A Stay Will Not Unduly Prejudice Redstone, But Proceeding Would Prejudice Apple. ............................................................................................................... 4

    B.   The Reexamination Could Moot This Case by Cancelling All Asserted Claims. ... 6

    C.   The Stage of This Case Favors a Stay. ................................................................. 7

V.   CONCLUSION ...................................................................................................... 8

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
   No. A-13-CA-1025-SS, 2015 WL 3773014 (W.D. Tex. June 16, 2015) ..............................4, 5

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*,
   No. 1:22-CV-852-RP, 2024 WL 5169808 (W.D. Tex. Apr. 11, 2024) ................................2, 4

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................................3

*LELO, Inc. v. Standard Innovation (US) Corp.*,
   No. 13-CV-01393-JD, 2014 WL 2879851 (N.D. Cal. June 24, 2014) ......................................6

*Polaris Powerled Techs., LLC v. Dell Techs. Inc.*,
   No. 1:22-CV-0973-RP, 2023 WL 5282381 (W.D. Tex. Aug. 15, 2023) ..........................4, 5, 6

*Quartz Auto Techs. LLC v. Lyft, Inc.*,
   No. 1:20-CV-00719-ADA, Dkt. 125 (W.D. Tex. June 24, 2022) .........................................4, 6

*Redstone Logics, LLC v. Advanced Micro Devices, Inc.*,
   No. 7:25-cv-00182-DC-DTG ..................................................................................................2

*Soverain Software LLC v. Amazon, Inc.*,
   356 F. Supp. 2d 660 (E.D. Tex. 2005) ....................................................................................3

*TC Tech. LLC v. T-Mobile USA, Inc.*,
   No. 6-20-CV-00899-ADA, 2021 WL 8083373 (W.D. Tex. Dec. 7, 2021) ......................4, 5, 6

*UNM Rainforest Innovations v. D-Link Corp.*,
   No. 6:20-CV-00143-ADA, 2023 WL 2706748 (W.D. Tex. Mar. 29, 2023) ............................3

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ..............................................................................................6

*Wedgeworth v. Fibreboard Corp.*,
   706 F.2d 541 (5th Cir. 1983) ..................................................................................................3

**Statutes**

35 U.S.C. § 303 ..............................................................................................................................1

35 U.S.C. § 305 ..............................................................................................................................3

## I.  INTRODUCTION

Defendant Apple Inc. ("Apple") respectfully requests that the Court stay this case pending the *ex parte* reexamination of the only patent in this case—U.S. Patent No. 8,549,339 ("the '339 patent").  That reexamination covers every claim Redstone Logics LLC ("Redstone") asserts.  (*Compare* Ex.[1] 1 at 18, *with* Ex. 2.)  The reexamination may therefore resolve this case.

A stay is particularly appropriate in this case for several reasons:

*First*, the reexamination is not speculative.  The request has already been granted and the United States Patent & Trademark Office ("PTO") is reexamining all asserted claims of the asserted patent.  By ordering reexamination, the PTO determined that the request presented a substantial new question of patentability.  *See* 35 U.S.C. § 303.  In fact, the PTO granted reexamination on *six* separate substantial new questions.  (Ex. 1.)  If the PTO cancels the asserted claims, there will be no case to try.  At a minimum, the reexamination will materially simplify the case by determining whether the asserted claims survive, whether they must be amended, and whether their scope is affected by the prosecution record.

*Second*, there would be little, if any, prejudice to Redstone resulting from a stay.  Redstone does not compete with Apple or sell any products practicing the '339 patent.  (Ex. 6 at 10-11.)  Further, Redstone seeks monetary relief.  (ECF No. 1 at 5.)  If any asserted claim survives reexamination, Redstone can still seek damages.

By contrast, proceeding now would impose real and avoidable prejudice to Apple.  Allowing this case to move forward while the PTO reexamines the asserted claims would require the parties to litigate claims that may be cancelled, amended, or narrowed.  That risks unnecessary discovery, duplicative proceedings, and a substantial waste of judicial and party

---

[1] Citations to "Ex." refer to exhibits attached to the Declaration of Shaelyn K. Dawson ("Dawson Decl.")

resources. *See, e.g.*, *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *1-2 (W.D. Tex. Apr. 11, 2024) ("the Court finds that proceeding on Plaintiff's claims while the EPR is pending risks a serious waste of resources" even when the stay would occur after significant progress in the case, including close of fact discovery).

*Third*, this case remains at a stage where a stay would preserve resources rather than waste them. There is an outstanding motion to dismiss. (ECF No. 43.) Discovery is still in progress, and no depositions have been scheduled, much less taken. Although trial is currently set for February 2027, that date is nearly a year away and remains subject to further order of the Court in light of Judge Albright's announced retirement. But the most burdensome phases of the case are approaching: absent a stay, the parties will soon proceed with at least nine depositions, additional document productions, source code review, and expert reports.

The parties have met and conferred and Redstone has declined to stipulate to a stay pending reexamination. (Dawson Decl. ¶ 2.) Apple submits that the practical course is to place all case deadlines on hold while the PTO reexamines all asserted claims. A stay will not deprive Redstone of any remedy, will prevent needless waste of the parties' and the Court's resources, and may moot this case entirely.

## II.    BACKGROUND

Redstone filed this action asserting only the '339 patent against Apple. (ECF No. 1 at 3-4.) This case was filed in April 2025, 12 years after the '339 patent issued and nine years after the first Apple product allegedly using the accused functionality was released. (ECF No. 1-1; Ex. 5.) On December 9, 2025, Advanced Micro Devices ("AMD")[2] filed a request for *ex parte* reexamination of the '339 patent. (Ex. 4.) The request challenges every claim Redstone asserts

---

[2] AMD and Redstone have since resolved their litigation through settlement. *See Redstone Logics, LLC v. Advanced Micro Devices, Inc.*, No. 7:25-cv-00182-DC-DTG (ECF Nos. 37 and 40).

against Apple in this litigation. (*Compare* Ex. 4 at 1*, with* Ex. 2.) On March 6, 2026, the PTO granted the request and ordered reexamination of all asserted claims. (Ex. 1.)

*Ex parte* reexamination proceedings are conducted with "special dispatch." 35 U.S.C. § 305. The PTO's latest published statistics report a median pendency of 18.9 months from filing date to certificate issue date. (Ex. 3 at 2.) In this case, the median pendency would result in a certificate issuance around July 2027. Though the certificate may post-date trial on the current schedule, any adjustment could place certificate issuance before trial. And the PTO will issue substantive Office actions addressing the patentability of the asserted claims ahead of certificate issuance—and likely ahead of trial—including whether claims should be confirmed, cancelled, or amended. The PTO's statistics also show that only 22.9% of third-party requested certificates issue with all claims confirmed. (*Id.*)

## III.   LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fifth Circuit likewise recognizes that a district court has "broad discretion" to stay proceedings as part of its inherent authority to control its docket. *Wedgeworth v. Fibreboard Corp.*, 706 F.2d 541, 545 (5th Cir. 1983).

In patent cases, courts commonly consider three familiar factors in deciding whether to order a stay: "(1) whether a stay will unduly prejudice or present a clear tactical disadvantage to the nonmoving party; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether discovery is complete and a trial date has been set." *Soverain Software LLC v. Amazon, Inc.*, 356 F. Supp. 2d 660, 662 (E.D. Tex. 2005); *see also UNM Rainforest Innovations v. D-Link Corp.*, No. 6:20-CV-00143-ADA, 2023 WL 2706748, at *2 (W.D. Tex. Mar. 29,

2023).

Applying that broad discretion, this Court and others in this circuit have granted stays under circumstances analogous to those present here—where an ordered reexamination covers all asserted claims of the asserted patent. *See, e.g.*, *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, No. 1:22-CV-852-RP, 2024 WL 5169808, at *3 (W.D. Tex. Apr. 11, 2024) (granting motion to stay pending *ex parte* reexamination following order granting EPR where no undue prejudice existed); *Quartz Auto Techs. LLC v. Lyft, Inc.*, No. 1:20-CV-00719-ADA, Dkt. 125, at *4 (W.D. Tex. June 24, 2022) (same); *TC Tech. LLC v. T-Mobile USA, Inc.*, No. 6-20-CV-00899-ADA, 2021 WL 8083373, at *4 (W.D. Tex. Dec. 7, 2021) (granting motion to stay pending *ex parte* reexamination following non-final Office action based on over three-quarters likelihood of asserted claim amendment or cancellation).

## IV.   ARGUMENT

### A.   A Stay Will Not Unduly Prejudice Redstone, But Proceeding Would Prejudice Apple.

A stay pending the ordered reexamination will not unduly prejudice Redstone. Delay alone is not undue prejudice, particularly where any alleged injury can be addressed through damages if the asserted claims survive reexamination. *Polaris Powerled Techs., LLC v. Dell Techs. Inc.*, No. 1:22-CV-0973-RP, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) ("A patentee's status as a 'non-practicing entity . . . favors a stay.'"); *Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*, No. A-13-CA-1025-SS, 2015 WL 3773014, at *2 (W.D. Tex. June 16, 2015) ("[M]ere delay in collecting [monetary] damages does not constitute undue prejudice.").

Apple and Redstone are not competitors. Redstone does not market or sell any products at all, let alone products practicing the '339 patent. (Ex. 6 at 10-11 (alleging only third-party products—and no Redstone products—practice the '339 patent).) Redstone also has not sought

preliminary injunctive relief.  Although Redstone's complaint includes a general prayer for "injunctive and/or equitable relief," that general request does not establish irreparable harm or make a stay prejudicial.  (ECF No. 1 at 5.)  If any asserted claim survives reexamination, Redstone can still seek damages.

Redstone's own delay further undercuts any claim of prejudice.  The '339 patent issued in 2013 (*see* ECF No. 1-1), and the first Apple product allegedly using the accused functionality was released in 2016.  (Ex. 5.)  Yet Redstone and its predecessors in interest delayed until 2025 to bring this case.  (ECF No. 1.)  That history is inconsistent with any claim that a stay pending reexamination would cause undue prejudice.

By contrast, proceeding now would impose real and avoidable prejudice on Apple. Without a stay, Apple would be forced to continue litigating discovery, invalidity, non-infringement, damages (including evidence of Redstone's marking), and pretrial issues based on claims whose validity and scope are under active reexamination.  Moreover, the parties anticipate on taking nine or more depositions over the next three months.  If the PTO cancels or changes the asserted claims, as happens 78.1% of the time, then the resources spent in this Court will have been wasted and Apple—and Redstone—may face the risk of duplicative or inconsistent proceedings involving the scope and validity of the claims.  That risk is especially acute because the prosecution history is actively developing during the reexamination.  Avoiding precisely that prejudice and risk of inconsistency is one reason courts stay patent cases pending resolution of reexamination requests.  *See Polaris*, 2023 WL 5282381, at *4; *TC Tech.*, 2021 WL 8083373, at *2-3; *Crossroads Sys.*, 2015 WL 3773014, at *3 (all focusing on conservation of parties' and the Court's resources).

5

**B.     The Reexamination Could Moot This Case by Cancelling All Asserted Claims.**

The second factor strongly favors a stay because the ordered reexamination covers every asserted claim.  This is not a case where the PTO is reviewing only some asserted claims or issues peripheral to the litigation.  The PTO is reexamining the same claims Redstone asks this Court to adjudicate.

If the PTO cancels the asserted claims, there will be no case to try.  That is the ultimate simplification.  Even if the PTO does not cancel every asserted claim, the reexamination may still substantially simplify the case.  *Quartz Auto*, Dkt. 125, at *3 (quoting *LELO, Inc. v. Standard Innovation (US) Corp.*, No. 13-CV-01393-JD, 2014 WL 2879851, at *3 (N.D. Cal. June 24, 2014)) ("The standard is simplification of the district court case, not complete elimination of it[.]").  The PTO may issue some rejections or create a prosecution record bearing on claim scope.  Redstone may also amend claims, which could affect infringement, invalidity, damages, and intervening-rights issues.

The PTO's published statistics make it clear that there is a significant chance of simplification.  As discussed above, in more than three quarters of completed third-party requested *ex parte* reexaminations, the certificate does *not* confirm all claims.  (Ex. 3 at 2.)  Where, as here, every asserted claim is under reexamination, that likelihood of claim cancellation or change strongly favors a stay.  *Polaris*, 2023 WL 5282381, at *3 (quoting *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1314 (Fed. Cir. 2014) (finding review of all claims of the only asserted patent "weighs heavily in favor of the stay")).  Redstone may argue that *ex parte* reexamination lacks the estoppel effect of *inter partes* review, under which an IPR petitioner may be estopped from later asserting in district court invalidity grounds that it raised or reasonably could have raised during the IPR.  But estoppel is not required for simplification.  *TC*

6

*Tech.*, 2021 WL 8083373, at *3 (applying the same rationale from a stay pending IPR to a stay pending EPR).  Cancellation or amendment of asserted claims would bind Redstone regardless of estoppel, and the PTO's analysis may also assist the Court and the parties on claim scope, validity, infringement, damages, and trial issues, to the extent any remain.

    **C.    The Stage of This Case Favors a Stay.**

    The stage of the case also favors a stay.  Discovery opened only in late January 2026.  No depositions have been taken.  Apple has made its source code available pursuant to the protective order but Redstone has not responded.  Outstanding document productions remain to be completed before depositions proceed.  Expert discovery has not begun and does not begin for months.  And trial is currently set for February 2027.  Apple has also recently moved to dismiss Redstone's second amended complaint, and that motion is not yet fully briefed.  (ECF No. 43.)

    Apple has also acted diligently in seeking a stay.  On May 5, 2026, the patent owner submitted a statement in the reexamination that showed that the reexamination presents a real likelihood of simplifying this case.  (Ex. 7.)  At base, this is a good time to stay this case because the parties and the Court have not yet invested the resources that might make a stay less efficient. Staying the case now would avoid the most burdensome and expensive phases of patent litigation, including technical discovery, depositions, expert reports, dispositive motions practice, pretrial filings, and trial preparation.  Staying the case now will therefore maximize the savings to the Court and the parties while the PTO reexamines every asserted claim of the only asserted patent.

    The current trial date does not undercut the benefits of a stay.  Although the median certificate-issuance date may fall after the current February 2027 trial date, certificate issuance is not the only relevant milestone.  Substantive PTO activity may occur before then, and may itself simplify the case by addressing whether the asserted claims survive, whether Redstone amends

7

them, and whether the prosecution record affects their scope.  Further, the current trial date remains months away and subject to further order of the Court regarding case management.  It should not outweigh the practical reality that this case remains in early stages of discovery while the PTO presently reexamines every asserted claim.

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court stay this action pending the ordered reexamination concerning the '339 patent.  A stay will not unduly prejudice Redstone, will conserve judicial and party resources, and is likely to eliminate or substantially simplify this case.

Dated: May 21, 2026

Respectfully submitted,

By: */s/ Shaelyn K. Dawson*

Brian C. Nash (TX Bar No. 24051103)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel.: (512) 617-0654
bnash@mofo.com

Richard S.J. Hung (admitted *pro hac vice*)
Shaelyn K. Dawson (admitted *pro hac vice*)
Karina N. Pundeff (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
rhung@mofo.com
shaelyndawson@mofo.com
kpundeff@mofo.com

Ryan J. Malloy (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Tel.: (213) 892-5200
rmalloy@mofo.com

Scott F. Llewellyn (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
370 Seventeenth Street
4200 Republic Plaza
Denver, CO 80202
Tel.: (303) 592-1500
sllewellyn@mofo.com

Sara Doudar (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Tel.: (858) 720-5100
sdoudar@mofo.com

**Counsel for Defendant Apple Inc.**

9

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 21, 2026.

/s/ Shaelyn K. Dawson
Shaelyn K. Dawson

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 14, 2026, counsel for Defendant informed counsel for Plaintiff that it intended to move for a stay pending reexamination, and asked if Plaintiff agreed or would agree to stipulate to a stay. Counsel for Plaintiff indicated they would not agree. The parties subsequently engaged in a meet and confer, in which counsel for Defendant informed counsel for Plaintiff of their proposed motion, and counsel for Plaintiff indicated that it would oppose.

/s/ Shaelyn K. Dawson
Shaelyn K. Dawson

10