# EXHIBIT 6

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC

*Plaintiff,*

v.

APPLE INC.,

*Defendant.*

Case No. 7:25-cv-00183-ADA

**JURY TRIAL DEMANDED**

## PLAINTIFF' OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES (NOS. 1-16)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Redstone, LLC ( "Plaintiff" or "Redstone") respond to Defendant Apple Inc. ("Defendant" or "Apple") First Set of Interrogatories (the "Interrogatories") as follows:

Redstone's responses are based on information known and available to it at the time of these responses. Redstone's investigation in this matter is ongoing. Further, because all information and documents that are possibly within the scope of the Interrogatories may have yet to be located and/or identified, the development of Redstone's contentions with respect to its claims and defenses is ongoing. Redstone reserves the right to assert additional objections to the Interrogatories and to modify and supplement its responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

Redstone's responses to these Interrogatories are not to be construed as admissions that any of the requested information exists or that any contention or assumption contained in the Interrogatories, whether implicit or explicit, is correct.

By making any responses, Redstone does not concede that the information given is

1

**RESPONSE TO INTERROGATORY NO. 5:**

Incorporating the General Objections, Redstone additionally objects to this Interrogatory to the extent it calls for irrelevant information. Redstone further objects to this Interrogatory as overbroad and unduly burdensome. Redstone further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Redstone further objects to this Interrogatory to the extent that it seeks information in Defendant's possession, custody or control, or that is equally accessible to Defendant from public sources or from third parties. Redstone further objects to this Interrogatory to the extent that it seeks information that is outside of Redstone's possession, custody, and control. Redstone further objects to this Request to the extent it seeks material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Redstone responds as follows:

Redstone is aware of no non-privileged "use, test, disclosure, demonstration, display, sale, and offer for sale of the claimed invention that occurred prior to the filing date of the application for the Asserted Patent."

Discovery in this case is ongoing, and Redstone reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 6**

Identify and describe all Practicing Products and Methods Practiced.

**RESPONSE TO INTERROGATORY NO. 6:**

Incorporating the General Objections, Redstone additionally objects to this Interrogatory to the extent it calls for irrelevant information. Redstone further objects to this Interrogatory as overbroad and unduly burdensome, in particular the phrase "all Practicing Product and Methods

Practiced" is vague, overbroad, and calls for Redstone to analyze and review an unbounded set of products and methods. Redstone further objects to this Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, the attorney work product doctrine, the common interest doctrine, the mediation privilege, or any other privilege, protection, or restriction on discovery. Redstone further objects to this Interrogatory to the extent that it seeks information in Defendant's possession, custody or control, or that is equally accessible to Defendant from public sources or from third parties. Redstone further objects to this Interrogatory to the extent that it seeks information that is outside of Redstone's possession, custody, and control. Redstone further objects to this Request to the extent it seeks material that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Redstone further objects to this Request to the extent that it is barred from disclosure pursuant to an obligation to a third party, such as but not limited to information subject to a court order or confidentiality agreement with a third party.

Subject to and without waiving the foregoing objections, Redstone responds as follows:

Pursuant to Rule 33(d), additional information responsive to this Interrogatory may also be derived from RED_APPLE_00006817 to -7066; RED_APPLE_00014236 to -308.

Discovery in this case is ongoing, and Redstone reserves the right to amend or supplement this response as discovery in this case proceeds.

**INTERROGATORY NO. 7**

Describe and identify all interests in or rights to the Asserted Patent, the invention(s) described therein, any Related Patent, any Related Application, or in this litigation held by or offered to any Person or Entity, including Identifying all Persons or Entities who have ever owned or been offered ownership (full or partial) in the patents, applications, or invention(s) described therein, been assigned or been offered assignment of some or all of the rights under the patents or applications, and/or been granted or offered a license or sublicense to the patents or applications, describing each such Person's or Entity's interests in or rights to the patents, applications, the invention(s) described therein, or this litigation, including the relevant dates

11

any evidence produced by Defendant, including testimony and/or declarations of one or more fact or expert witnesses.

Discovery in this case is ongoing, and Redstone reserves the right to amend or supplement this response as discovery in this case proceeds.


Dated: February 26, 2026                    Respectfully submitted,

*/s/ Reza Mirzaie*
Reza Mirzaie, CA SBN 246953
Email: rmirzaie@raklaw.com
Marc A. Fenster, CA SBN 181067
Email: mfenster@raklaw.com
Neil A. Rubin, CA SBN 250761
Email: nrubin@raklaw.com
Christian W. Conkle, CA SBN 306374
Email: cconkle@raklaw.com
Jonathan Ma, CA SBN 312773
Email: jma@raklaw.com
Joshua Scheufler, TX SBN 24123406
Email: jscheufler@raklaw.com
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474

Qi (Peter) Tong, TX SBN 24119042
 Email: ptong@raklaw.com
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474

*Attorneys for Plaintiff Redstone Logics LLC*

24

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 26, 2026 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail.

*/s/ Reza Mirzaie*
Reza Mirzaie