# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## MIDLAND/ODESSA DIVISION

REDSTONE LOGICS LLC

       *Plaintiff,*

    v.

APPLE INC.,

       *Defendant.*

Case No. 7:25-cv-00183-ADA

**JURY TRIAL DEMANDED**

## PLAINTIFF'S OPPOSITION TO APPLE INC.'S OPPOSED MOTION TO STAY

**TABLE OF CONTENTS**

I.    Introduction ................................................................................................................ 1

II.   Legal Standard ........................................................................................................... 1

III.  Argument .................................................................................................................... 1

    A.    Apple Misconstrues Prejudice ........................................................................... 1

    B.    A Stay Is Unlikely To Impact the Scope of Trial .............................................. 3

    C.    Apple's Delay Has Placed This Case At An Advanced Stage ............................ 5

IV.  Conclusion ................................................................................................................. 6

## TABLE OF AUTHORITIES

**Cases**

*Apple Inc. v. Redstone Logics LLC*,
   IPR2025-01532, Paper 10 (PTAB Jan. 27, 2026)...................................................................... 4, 6

*Impinj, Inc. v. NXP USA, Inc.*,
   No. 6:21-CV-00530-ADA, 2023 WL 7476358 (W.D. Tex. May 18, 2023) ......................... 3, 6

*MediaTek, Inc. et al v Redstone Logics LLC*,
   IPR2025-00085, Paper 7 (PTAB Apr. 22, 2025)...................................................................... 4

*NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*,
   IPR2025-00485, Paper 11 (PTAB Jul. 10, 2025) ................................................................... 4, 6

*Redstone Logics LLC v. Advanced Micro Devices, Inc.*,
   7:25-cv-00182, Dkt 40 (W.D. Tex. May 8, 2026) ..................................................................... 4

*Redstone Logics LLC v. MediaTek Inc. et al*,
   Case No. 7:24-cv-00029 (W.D. Tex. Jan. 26, 2024) ................................................................. 2

*Redstone Logics LLC v. NXP Semiconductors NV et al*,
   Case No. 7:24-cv-00028 (W.D. Tex. Jan. 26, 2024) ................................................................. 2

*Redstone Logics LLC v. Qualcomm Inc. et al*,
   Case No. 7:24-cv-00231 (W.D. Tex. Sep. 20, 2024)................................................................. 2

*Redstone Logics LLC v. Samsung Electronics Col, Ltd et al*,
   Case No. 2:23-cv-00485 (E.D. Tex. Oct. 17, 2023) ................................................................. 2

*Videoshare, LLC v. Meta Platforms Inc.*,
   No. 6-21-CV-00254-ADA, 2022 WL 3142622 (W.D. Tex. Aug. 5, 2022) .............................. 5

*Walker Digital, LLC v. Google, Inc.*,
   No. CV 11-318-LPS, 2014 WL 2880474 (D. Del. June 24, 2014)........................................... 2

*WSOU Invs. LLC v. ZTE Corp.*,
   No. 6:20-CV-00487-ADA, 2022 WL 479131 (W.D. Tex. Feb. 16, 2022)................................ 2

## I.    __INTRODUCTION__

As explained below, a stay pending an EPR fundamentally offers no simplification but would materially prejudice Redstone. As Apple has both materially delayed filing this motion and had no part in bringing the EPR challenge that was itself brought late, the Court should deny the motion

First, the result of a reexamination is entirely speculative and any results will be handled by normal case narrowing. Unlike institution of an IPR where the board or director finds a substantial likelihood of invalidity, by ordering a reexamination, the Patent Office has only found there is a *question* of patentability, a dramatically lower standard. Indeed, the examiner has not issued an office action indicating if the *question*, even preliminarily, suggests invalidity. In any case, and again unlike an IPR, Redstone will know what direction the examiner is leaning as the EPR progresses and can simply narrow this action in response.

Second, Redstone's prejudice is real and cannot simply be recovered with a monetary award. Redstone has a right to enforce its patent rights that Apple is actively devaluing by infringing without paying. In contrast, Apple will not be prejudiced by simply litigating this case, particularly when normal case narrowing will moot anything that occurs in the EPR.

Last, this case has significantly progressed. The parties have completed claim construction and trial is scheduled between five months and a year before the expected, but not assured, date of the EPR's completion. Moreover, Apple has long delayed its own motion to exacerbate the prejudice to Redstone by any stay.

## II.    __ARGUMENT__

### A.    __Apple Misconstrues Prejudice__

A stay now will materially and unduly prejudice Redstone. While it is true, Redstone seeks only monetary damages as its recourse, that is not a basis to find Redstone will not be prejudiced.

Indeed, Redstone's position will not be the same after a delay or such a delay cannot be cured by a monetary award in this action. First, as recognized by now-Federal-Circuit-Judge Stark, the longer Apple is allowed to fragrantly infringe the patent-in-suit, the lower the value of the patent-in-suit. *Walker Digital, LLC v. Google, Inc.*, No. CV 11-318-LPS, 2014 WL 2880474, at *1 (D. Del. June 24, 2014). Other infringers seeing Apple practice without payment will be less inclined to take a license and that damage cannot be cured by a monetary award when such an award is limited to a reasonable royalty. Second, Redstone has a right to timely enforcement of its patent rights whether it practices or not. *WSOU Invs. LLC v. ZTE Corp.*, No. 6:20-CV-00487-ADA, 2022 WL 479131, at *2 (W.D. Tex. Feb. 16, 2022).

These prejudices are exacerbated by the fact that, unlike an IPR, there is no date certain when an EPR will be concluded. Such an indefinite stay would force Redstone to hold limited resources at the ready to restart litigation at a moment's notice and not pursue other endeavors thereby doubling Redstone's prejudice. While Apple may have such extensive resources that this is not a material concern, that is not the case for the materially smaller Redstone.

Likewise, Redstone has not delayed. Redstone obtained the '339 Patent at the end of 2022. Ex. 1. Thereafter, Redstone has actively sought to vindicate its rights. *See Redstone Logics LLC v. Samsung Electronics Col, Ltd et al*, Case No. 2:23-cv-00485 (E.D. Tex. Oct. 17, 2023); *Redstone Logics LLC v. MediaTek Inc. et al*, Case No. 7:24-cv-00029 (W.D. Tex. Jan. 26, 2024); *Redstone Logics LLC v. NXP Semiconductors NV et al*, Case No. 7:24-cv-00028 (W.D. Tex. Jan. 26, 2024); *Redstone Logics LLC v. Qualcomm Inc. et al*, Case No. 7:24-cv-00231 (W.D. Tex. Sep. 20, 2024). Redstone should not be faulted for not having brought suit against Apple sooner, unlike Apple, Redstone's resources are limited and it cannot support unlimited litigation and must instead

2

approach litigation piecemeal. As such, while Redstone's limited resources have delayed its case against Apple, that is no basis to contend further delay will not prejudice Redstone.

By contrast, Apple is not entitled to claim prejudice. A prejudice here is an injury or harm not merely failing to gain a boon to which Apple never had a claim. Apple's claim of prejudice is having to litigate this action. That is not prejudice, that is standard litigation.

Because Redstone's prejudice here will be serious and indefinite and Apple has no claim to prejudice if a stay is not granted, this factor weighs against a stay.

**B.    A Stay Is Unlikely To Impact the Scope of Trial**

"[W]hether a stay would likely result in a simplification of issues before the court" is the most important factor (*Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at \*4 (W.D. Tex. May 18, 2023)) but Apple's argument on this factor misrepresents how this case will proceed. First, unlike with an IPR, there will be no estoppel here narrowing the invalidity case. The only possible simplification is to Redstone's infringement case, but this simplification will occur regardless of the stay and thus there is no simplification to be gained by staying this action. Second, the history of the '339 Patent demonstrates it is particularly unlikely any claim will be canceled. And last, any conclusion of the EPR will arrive well after trail and thus not arrive in time to simplify any issues for trial.

It is a simple fact that the parties are not going to litigate every single claim of the '339 Patent and Redstone will be well positioned to avoid claims likely to be changed or canceled. Indeed, the parties have already agreed to narrow the number of asserted claims in this action, first meeting and conferring on July 13 and then again on October 30. Dkt. 25. Redstone's choice in narrowing its claims will be informed by the progression of the *ex parte* reexamination. The examiner will enter office actions informing Redstone and the public of its position as to what claims are or are not valid. Indeed, Apple concedes this when it contends the certificate issuance

3

is not the only relevant milestone. *See* Dkt. 45 at 7. Redstone will aim to avoid claims it might need to change or that will be canceled. In the meantime, there is nearly no difference in the effort the parties and the Court will expend in addressing Redstone's patent claims. The effort required to litigation even one patent claim is largely equivalent to that of litigating multiple claims from that same patent. The claims, by their nature, have a similar scope and common subject matter.

Only if all of the claims of the '339 Patent are canceled will Redstone not be able to simply assert only the claims expected to be confirmed. Historically, that has only occurred in about 15% of EPRs. Dkt. 45-4 at 2. But here, the EPR is particularly weak and unlikely to result in any cancelation or changing of any claim.[1]

Indeed, Redstone has already defeated three prior patent office challenges to its '339 Patent, including one from Apple. *See MediaTek, Inc. et al v Redstone Logics LLC*, IPR2025-00085, Paper 7 (PTAB Apr. 22, 2025); *NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485, Paper 11 (PTAB Jul. 10, 2025); *Apple Inc. v. Redstone Logics LLC*, IPR2025-01532, Paper 10 (PTAB Jan. 27, 2026). More strikingly, the EPR cites only a single reference not included in these failed IPRs. *See* Dkt. 45-8. While two of these IPRs were denied on discretionary factors, those factors include weakness of the petition. The Patent Office has thus spoken, the grounds underlying the EPR are weak and unlikely to result in cancellation of any, much less all claims.

Last, under the current schedule, trial will conclude between 6 months and a year before the EPR concludes. The median pendency for an EPR places the certificate issuing in August of 2027 with the average pendency placing it at January 2028. *See* Dkt. 45-4 at 2. Trial is currently scheduled for February 2027, Dkt. 25, and while some change in the schedule can be expected

---

[1] Indeed, the original party to file the EPR recognized this and took a license settling Redstone's action against AMD. *Redstone Logics LLC v. Advanced Micro Devices, Inc.*, 7:25-cv-00182, Dkt 40 (W.D. Tex. May 8, 2026).

4

with Judge Albright's retirement, Apple offers no basis for this to shift trial by more than 6 months. When "the USPTO will not complete the reexamination until after trial has occurred, [] the reexamination decision will not arrive in time to simplify any issues for trial." *Videoshare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022).

Because any simplification is unlikely, untimely, and will be achieved regardless of a stay, this factor weighs strongly against staying this case.

### C.     Apple's Delay Has Placed This Case At An Advanced Stage

This case was not just filed, the parties have briefed multiple motions to dismiss and addressed claim construction. The parties have exchanged discovery and are actively involved in fact discovery. Trial is set for a short ten months from now. According to the parties' agreed schedule more than half of this case has elapsed. *See* Dkt. 25. That is a significant investment that the Court should not simply discard.

Moreover, Apple has been lackadaisical not diligent in this matter. First, Apple points to a red herring to measure its diligence. Redstone's Patent Owner Statement does not "show[] the reexamination presents a real likelihood of simplifying this case." Dkt. 45 at 7. The Patent Owner Statement instead details why the EPR request is baseless and no claim should be found invalid. Apple points to it because that date is closer to when Apple actually filed its motion, rather than when the EPR was instituted, on March 6. Dkt. 45-2. Indeed, Apple knew it should have raised its motion, if at all, closer to the March 6 date, as Apple initially requested Redstone join a joint motion to stay in light of the EPR in March. Ex. 2. Apple has no excuse for delaying its request to stay by two months.

But this only considers Apple's delay in filing its motion. Apple had nothing to do with the EPR itself. Instead, Apple filed an IPR that was a near copy of NXP and Qualcomm's prior IPR

which was predictably denied on the same grounds as NXP and Qualcomm's IPR. *Compare NXP USA, Inc. f/k/a NXP Semiconductors USA, Inc. et al. v. Redstone Logics LLC*, IPR2025-00485, Paper 1 (PTAB Jan. 22, 2025) with *Apple Inc. v. Redstone Logics LLC*, IPR2025-01532, Paper 2 (PTAB Sep. 16, 2025) (asserting the same primary and secondary reference). An entirely separate defendant, AMD, filed the EPR and did so after its own significant delay. While Apple took five months to copy and file its IPR, AMD took and additional three months to file its largely repetitive EPR. Dkt. 45-5. There is no excuse for such delays. If the defendants had been more diligent, the parties and the Court would not have reached the halfway mark of this action.

Apple's counter arguments misconstrue this factor and flip it on its head. Apple is correct there is still significant work to be done on this case, but this factor is backwards looking; "the question is whether the court has expended significant resources already, not whether the most burdensome part of the case has occurred, which will inevitably result in further expenditures." *Impinj, Inc. v. NXP USA, Inc.,* No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *3 (W.D. Tex. May 18, 2023) (internal citations omitted). The parties have accomplished much in this action, this weighs against a stay.

## III.    CONCLUSION

In light of Apple's many months of delay, placing its request for a stay more than halfway through the case and that a stay will grant no greater simplification than simple rational litigation on the part of Redstone will, Apple's motion to stay should be denied.


Dated: May 28, 2026                                Respectfully submitted,

                                                        */s/ Joshua Scheufler*
                                                        Reza Mirzaie
                                                        CA State Bar No. 246953

6

Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
Email: ptong@raklaw.com

*Attorneys for Plaintiff Redstone Logics LLC*

7

**CERTIFICATE OF SERVICE**

I certify that on May 28, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

*/s/ Joshua Scheufler*
Joshua Scheufler