**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| REDSTONE LOGICS LLC,<br><br>       Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>       Defendant. | Case No. 7:25-cv-00183-ADA |

**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF OPPOSED MOTION TO STAY**

**TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ............................................................................................... 1

II.   ARGUMENT ..................................................................................................... 1

    A.    Redstone Has Not Shown Undue Prejudice ............................................. 1

    B.    Redstone's Simplification Arguments Support a Stay ............................. 3

    C.    The Case Remains at a Stage Where a Stay Will Preserve Resources. ................. 5

III.  CONCLUSION .................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Crossroads Sys., Inc. v. Dot Hill Sys. Corp.*,
    2015 WL 3773014 (W.D. Tex. June 16, 2015) ...........................................................................4

*Eastman Kodak Co. v. Goodyear Tire & Rubber Co*.,
    114 F.3d 1547 (Fed. Cir. 1997)...............................................................................................2

*Impinj, Inc. v. NXP USA, Inc.*,
    2023 WL 7476358 (W.D. Tex. May 18, 2023) ......................................................................4, 5

*Katana Silicon Techs. LLC v. GlobalFoundries, Inc*,
    2024 WL 5169808 (W.D. Tex. Apr. 11, 2024)......................................................................3, 5

*MediaTek, Inc., et al. v. Redstone Logics LLC*,
    IPR2025-00085, Paper 7 (PTAB Apr. 22, 2025).....................................................................4

*Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*,
    2023 WL 5282381 (W.D. Tex. Aug. 15, 2023).............................................................1, 2, 3, 4

*Quartz Auto Techs. LLC v. Lyft, Inc.*,
    Dkt. 125 (W.D. Tex. June 24, 2022).........................................................................................3

*Videoshare, LLC v. Meta Platforms Inc*.,
    2022 WL 3142622 (W.D. Tex. Aug. 5, 2022)......................................................................4, 5

*Walker Digital, LLC v. Google, Inc*.,
    2014 WL 2880474 (D. Del. June 24, 2014)...............................................................................2

## I.  INTRODUCTION

Redstone's opposition confirms that a stay is warranted.  ***First***, a stay will not unduly prejudice Redstone.  Redstone concedes it seeks only monetary relief and does not sell a practicing product.  Moreover, its licensing value theory is unsupported, and its ability to sue six entities on the same patent belies its limited resources claim.  ***Second***, a stay will simplify the issues for this Court to resolve.  Redstone concedes the ordered *ex parte* reexamination (EPR) of every asserted claim from the only asserted patent could simplify its infringement case.  ECF No. 49 at 3. Redstone proposes to tailor its litigation strategy based on the events of PTO proceedings in which it is actively engaged—yet it asks Apple and this Court to continue spending resources in the interim.  And no amount of "narrowing" helps if the PTO cancels all asserted claims.  ***Third***, even under Redstone's backwards-looking framing, a stay is warranted.  There have been no depositions, no source code reviewed, expert discovery has not begun, and claim construction was stipulated to without briefing or a hearing.  And Redstone's allegation that Apple delayed (it did not) is specious given that little has occurred between the EPR order and Apple's stay motion.

## II.  ARGUMENT

### A.  Redstone Has Not Shown Undue Prejudice.

Redstone's prejudice argument rests largely on the delay inherent in any stay.  That is not undue prejudice, particularly where the plaintiff does not compete with the defendant, does not sell a practicing product, and "seeks only monetary damages as its recourse."  ECF No. 49 at 1; *Polaris PowerLED Techs., LLC v. Dell Techs. Inc.*, 2023 WL 5282381, at *4 (W.D. Tex. Aug. 15, 2023) ("patentee's status as a 'non-practicing entity . . . favors a stay.'").

Redstone's licensing-value argument does not change that result.  Redstone claims Apple's alleged infringement may make others less likely to take a license.  ECF No. 49 at 2.  But Redstone offers no specific evidence to support a theory that could be asserted in nearly every patent case

brought by a licensing entity.  It does not overcome the principle that monetary delay, without more, is not undue prejudice.  Redstone's own litigation history further undercuts any claim of undue prejudice.  Redstone admits that it sued Samsung on the same '339 patent in October 2023, approximately *18 months* before suing Apple.  ECF No. 49 at 2.  If Apple's alleged infringement was causing the kind of immediate, non-compensable licensing harm Redstone now asserts, Redstone could have sued Apple then.  Redstone also cannot avoid its delay by pointing out that it acquired the '339 patent in 2022.  *See Eastman Kodak Co. v. Goodyear Tire & Rubber Co*., 114 F.3d 1547, 1559 (Fed. Cir. 1997) (finding predecessor delay attributable to successor patentee). Indeed, in *Polaris*, a court in this district rejected the same licensing argument also relying on *Walker Digital*, finding no undue prejudice where the plaintiff was a non-practicing entity and damages remained available.  2023 WL 5282381, at *3-4.  Another reason that distinguishes this case from *Walker Digital, LLC v. Google, Inc*. is that discovery was complete and all dispositive and Daubert motions were fully briefed.  2014 WL 2880474, at *1-2 (D. Del. June 24, 2014). Here, those events will not occur until the end of the year 2026.

Redstone's limited resources argument is likewise unsupported.  For an investment entity that claims it cannot "support unlimited litigation," Redstone has been remarkably active: it has brought six different actions against Samsung, MediaTek, NXP, Qualcomm, AMD, and Apple on the '339 Patent—all in under three years.  ECF No. 49 at 2-4.  Redstone does not explain how a stay would prevent it from "pursu[ing] other endeavors" and identifies no opportunity this case would foreclose.  A stay would *conserve* the parties' and Court's resources, not waste them.  The parties anticipate at least nine depositions over the next three months, plus further document productions, source-code review, and expert work.  Those efforts all depend on the scope and existence of valid claims, but those efforts are indisputably increased when the claims are cancelled

2

or amended.  *See, e.g.*, *Polaris*, 2023 WL 5282381, at \*5 (granting stay pending EPR).

**B.      Redstone's Simplification Arguments Support a Stay.**

Redstone's simplification arguments are inconsistent.  Redstone says the EPR will not simplify this case, but also says it can use PTO actions to decide which claims to keep litigating.  ECF No. 49 at 3-4.  If PTO developments will inform Redstone's claim narrowing, then the EPR will simplify this case.  The question is whether that simplification should occur before or after the parties expend resources litigating claims that may later disappear or change.

Redstone does not dispute that the EPR covers every asserted claim of the only asserted patent or that if the PTO cancels those claims, there will be no case to try.  Nor does Redstone dispute that if it amends claims, infringement, invalidity, damages, and intervening rights issues may change.  And even if claims survive, the developing prosecution record may affect claim scope. "The standard is simplification . . . not complete elimination." *Quartz Auto Techs. LLC v. Lyft, Inc.*, Dkt. 125, at \*3 (W.D. Tex. June 24, 2022) (cleaned up).  Redstone improperly reduces simplification to a single outcome:  cancellation of every claim.  ECF No. 49 at 4.  Courts in this District have rejected that approach in the EPR context.  In *Katana Silicon Techs. LLC v. GlobalFoundries, Inc.*, for example, the Court granted a stay pending EPR and rejected the argument that the movant had to show the PTO would likely invalidate all asserted claims.  2024 WL 5169808, at \*3 (W.D. Tex. Apr. 11, 2024).  Claim amendments and prosecution statements are not merely "normal case narrowing."  They may affect the scope of all asserted claims, including claims Redstone continues to pursue and may require the parties to revisit infringement, invalidity, and damages positions developed before the PTO record is complete.  Proceeding now risks substantial wasted effort even if Redstone later narrows the number of asserted claims.

Redstone's claim that the EPR is "particularly weak" also fails.  Two of the three IPRs Redstone cites never reached the merits (ECF No. 49 at 4) and the third involved different grounds

and art combinations not at issue in the EPR.  *See MediaTek, Inc., et al. v. Redstone Logics LLC*, IPR2025-00085, Paper 7 at 9, 31 (PTAB Apr. 22, 2025).  If the EPR was particularly weak, the PTO would never have granted it, but instead the PTO found six substantial new questions of patentability covering every asserted claim of Redstone's patent.  And, Redstone's claim that AMD's settlement indicates that the EPR is weak is unsupported—Redstone cites no evidence that AMD ever "recognized" any weakness in its EPR petition.  ECF No. 49 at 4 n.1.  In any event, Redstone asks this Court to prejudge the EPR, but the stay inquiry does not require the Court to do so, especially when Redstone cites scant evidence for this unsupported argument.  *See Crossroads Sys., Inc. v. Dot Hill Sys. Corp.,* 2015 WL 3773014, at *3 (W.D. Tex. June 16, 2015), (refusing to "read[] the tea leaves" regarding likelihood of reexamination success).  Nor does the absence of IPR-style estoppel defeat simplification.  *Polaris*, 2023 WL 5282381, at *3 ("the more important impact on simplicity [than estoppel] is the number of claims the district court must consider, and not the number of arguments").  Here, with all asserted claims challenged, the EPR bears directly on the scope of litigation.

Redstone's timing argument also focuses too narrowly on final certificate issuance. Redstone itself says PTO actions will inform its claim narrowing.  ECF No. 49 at 3-4.  Those substantive PTO developments will simplify this case by addressing what asserted claims remain valid (if any), whether Redstone amends them and how, and what the correct claim scope is given the active prosecution history.  Redstone's cited cases do not require a different result.  *Impinj, Inc. v. NXP USA, Inc.* involved competitors, closed fact discovery, ongoing expert discovery, trial four months away, and involved asserted patents that would not be subject to the stay.  2023 WL 7476358, at *3-5 (W.D. Tex. May 18, 2023).  *Videoshare, LLC v. Meta Platforms Inc.* depended on a concrete trial date, which included a longer gap between trial and resolution of the EPR than

4

here.  2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022).  This case is different.

C.     **The Case Remains at a Stage Where a Stay Will Preserve Resources.**

Even under Redstone's "backwards-looking" framing, the Court and parties have not expended significant resources such that a stay would be inefficient.  The Court has not decided any substantive motion, resolved any discovery dispute, or decided claim construction.  Apple and Redstone did not brief claim construction or argue a *Markman* hearing.  ECF No. 30.  Nor have the parties completed the costly work ahead: no depositions have been taken, Redstone has not reviewed Apple's source code, expert discovery has not begun, and dispositive-motion practice, pretrial preparation, and trial all remain ahead.  The investment to date is modest and dwarfed by the work still to be done.  *See Katana*, 2024 WL 5169808, at *1-3 (granting stay pending EPR because proceeding risked "a serious waste of resources" even after fact discovery had closed).  That does not reflect the same case investment present in *Impinj*.  2023 WL 7476358, at *3-5.

Apple also acted diligently.  Redstone's own exhibit shows Apple raised a stay with Redstone on March 27, 2026, shortly after the PTO ordered reexamination, and filed its stay motion less than eight weeks later.  ECF No. 49-3.  That Apple's motion was filed less than a month after reviewing the Patent Owner Statement (dated May 5, 2026), and confirming that reexamination is likely to simplify this case, does not exemplify delay, only diligence.  Critically, that timing was reasonable and caused no prejudice to Redstone: Redstone identifies no costs it incurred during those two months, and no depositions, source-code review, expert discovery, or motion practice (other than Apple's motion to dismiss) occurred in that time.

III.    **CONCLUSION**

Apple respectfully requests the Court grant its motion and stay this case.

5

Dated: June 4, 2026

Respectfully submitted,

By: */s/ Shaelyn K. Dawson*

Brian C. Nash (TX Bar No. 24051103)
MORRISON & FOERSTER LLP
300 Colorado Street, Suite 1800
Austin, TX 78701
Tel.: (512) 617-0654
bnash@mofo.com

Richard S.J. Hung (admitted *pro hac vice*)
Shaelyn K. Dawson (admitted *pro hac vice*)
Karina N. Pundeff (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel.: (415) 268-7000
rhung@mofo.com
shaelyndawson@mofo.com
kpundeff@mofo.com

Ryan J. Malloy (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
707 Wilshire Boulevard, Suite 6000
Los Angeles, CA 90017
Tel.: (213) 892-5200
rmalloy@mofo.com

Scott F. Llewellyn (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
370 Seventeenth Street
4200 Republic Plaza
Denver, CO 80202
Tel.: (303) 592-1500
sllewellyn@mofo.com

Sara Doudar (admitted *pro hac vice*)
MORRISON & FOERSTER LLP
12531 High Bluff Drive, Suite 200
San Diego, CA 92130
Tel.: (858) 720-5100
sdoudar@mofo.com

***Counsel for Defendant Apple Inc.***

6

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing

document has been served on all counsel of record via the Court's ECF system on June 4, 2026.


        */s/ Shaelyn K. Dawson*
        Shaelyn K. Dawson