**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION**

REDSTONE LOGICS LLC

       *Plaintiff,*

       v.

APPLE INC.,

       *Defendant.*

Case No. 7:25-cv-00183-ADA

**JURY TRIAL DEMANDED**

**PLAINTIFF'S OPPOSITION TO APPLE INC.'S OPPOSED MOTION FOR
RECONSIDERATION OF DENIAL OF MOTION TO STAY**

Apple's motion concedes nothing has changed from when the Court last considered Apple's request for a stay. Any simplification remains extremely distant and unlikely with trial set 6 months to a year before the likely conclusion of the EPR, which only has a mere 15% chance to cancel all claims. *See* Dkt. 45-4 at 2. Likewise, Apple still refuses to offer any stipulation that might simplify invalidity. *See* Dkt. 54. These issues of simplification are the most important consideration in a request for a stay and differ from Qualcomm. *See Impinj, Inc. v. NXP USA, Inc.*, No. 6:21-CV-00530-ADA, 2023 WL 7476358, at *4 (W.D. Tex. May 18, 2023).

Apple's analysis of the Qualcomm matter misses key differences between its own case and the Qualcomm case. Here, Redstone and Apple have a single case set to be decided at trial in February 2027, well before the EPR is set to conclude. In contrast, Redstone has two cases against Qualcomm that will not conclude until much later. Redstone has asserted the '339 Patent against Qualcomm twice, in Case Nos. 7:24-cv-231 and 7:26-cv-221. The latter Qualcomm case was filed just before the Court's order to stay and never had trial scheduled. The former Qualcomm case,

1

filed two years prior, had advanced to the end of fact discovery but without trial being scheduled. As such, unlike the Redstone's case against Apple which will reach trial well before the conclusion of the EPR barring an extraordinary delay of some six months, both of Redstone's cases against Qualcomm remain years from a final trial.

As this Court has already explained, when "the USPTO will not complete the reexamination until after trial has occurred, [] the reexamination decision will not arrive in time to simplify any issues for trial." *See Videoshare, LLC v. Meta Platforms Inc.*, No. 6-21-CV-00254-ADA, 2022 WL 3142622, at *2 (W.D. Tex. Aug. 5, 2022). Trial in the Apple dispute will be reached well before the completion of the reexamination. There can be no simplification. This is in stark contrast to the Qualcomm dispute where at least one trial would have occurred after the reexamination concluded if not both. Redstone asks that the Court maintain its order denying Apple's Motion to Stay. Nothing has changed, the EPR still offers no basis for simplification in this case. A stay would only act to delay and prejudice Redstone.

Dated: July 7, 2026

Respectfully submitted,

/s/ *Joshua Scheufler*
Reza Mirzaie
CA State Bar No. 246953
Marc A. Fenster
CA State Bar No. 181067
Neil A. Rubin
CA State Bar No. 250761
Christian W. Conkle
CA State Bar No. 306374
Jonathan Ma
CA State Bar No. 312773
Joshua Scheufler
TX State Bar No. 24123406
RUSS AUGUST & KABAT

2

12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
Telephone: 310-826-7474
Email: rmirzaie@raklaw.com
Email: mfenster@raklaw.com
Email: nrubin@raklaw.com
Email: cconkle@raklaw.com
Email: jma@raklaw.com
Email : jscheufler@raklaw.com

Qi (Peter) Tong
TX Bar No. 24119042
RUSS AUGUST & KABAT
8080 N. Central Expy., Suite 1503
Dallas, TX 75206
Telephone: 310-826-7474
 Email: ptong@raklaw.com

*Attorneys for Plaintiff Redstone Logics LLC*

**CERTIFICATE OF SERVICE**

I certify that on July 7, 2026, a true and correct copy of the foregoing document was electronically filed with the Court and served on all parties of record via the Court's CM/ECF system.

 */s/ Joshua Scheufler*
Joshua Scheufler