**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | | |
|---|---|---|
| **REDSTONE LOGICS LLC,** *Plaintiff,* | § § § | |
| **v.** | § | **NO. MO:25-CV-00183** |
| **APPLE INC.,** *Defendant.* | § § § | |

# ORDER

On this day, the Court considered the above-styled and numbered cause. In light of the Court's subsequent orders staying the related Redstone action against Qualcomm, Case No. 7:24-cv-00231 (Doc. 6), and this case (Doc. 59), the Court finds that administrative closure of this case is appropriate.

Accordingly, for administrative purposes only, the Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case.[1] This administrative closure is not a dismissal or final adjudication and does not affect the stayed status of this action.

All provisions of the Court's prior stay order remain in full force and effect, including to file a joint status report every six-months and within seven (7) day of the completion of the reexamination of the '339 Patent in Case No. 7:24-CV-00231, and to move for entry of an amended scheduling order within fourteen (14) days of the completion of the reexamination.

It is so **ORDERED**.

**SIGNED** this 27th day of August, 2026.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

[1] *See Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2014) ("District courts frequently make use of this device to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stay (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay. . . .")